1  WALLACE C. DOOLITTLE (SBN 158116)
   BRADLEY D. BAYAN (SBN 218751)
2  **LAW OFFICES OF WALLACE C. DOOLITTLE**
   1260 B Street, Suite 220
3  Hayward, California  94541

4  TELEPHONE: (510) 888-0600
   FACSIMILE:  (510) 888-0606
5  EMAIL:        doolittlew@doolittlelaw.com

6  Attorneys for Defendants JEFFREY SCHREIBER and SUZANNE E. SCHREIBER

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  SIMMONDS & NARITA LLP, a limited          Case No. CV 08 2209 SI
    liability partnership,
12                                            NOTICE OF MOTION AND MOTION TO
                        Plaintiff,            DISMISS FOR IMPROPER VENUE
13                                            UNDER F.R.C.P. 12(b)(3); OR IN THE
    v.                                        ALTERNATIVE TO TRANSFER FOR
14                                            IMPROPER VENUE (28 U.S.C. §1406 (a))
    JEFFREY SCHREIBER; SUZANNE E.
15  SCHREIBER; and DOES 1 through 50,
    inclusive
16

17                      Defendants,

18

19

20          TO  PLAINTIFF  SIMMONDS  &  NARITA  LLP  AND  THEIR  ATTORNEYS  OF

21  RECORD:

22          PLEASE TAKE NOTICE THAT ON July 18, 2008, at 9:00 a.m. or as soon thereafter as

23  the matter may be heard in Courtroom 10 of the United States District Court located at 450

24  Golden Gate Avenue, San Francisco, CA 94102, defendants JEFFREY SCHREIBER and

25  SUZANNE E. SCHREIBER will and hereby do move for a court order, pursuant to Federal Rule

26  of Civil Procedure 12(b)(3), or in the alternative for a court order pursuant to 28 U.S.C.

27  §1406(a).

28

The relief sought by the court will be for an order dismissing this action on the ground that the venue in this action is improper under 15 U.S.C. §1492i(2), the venue statute of the Fair Debt Collection Practices Act; or in the alternative, for an order transferring this action to the United States District Court District of Massachusetts pursuant to 28 USC §1406(a). This motion is based on this Notice of Motion and Memorandum of Points and Authorities in Support of this Motion, the Declaration of Jeffrey Schreiber filed and served herewith, the Declaration of Suzanne E. Schreiber filed and served herewith, and upon the papers, records and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION

## INTRODUCTION:

Defendant Jeffrey Schreiber is a resident of the State of Indiana. Defendant Suzanne E. Schreiber is a resident of the State of Massachusetts. On or about August 25, 2004, both defendants were served with a civil lawsuit in the State of California. The lawsuit sought relief against defendants Jeffrey Schreiber and Suzanne E. Schreiber and against other defendants. On May 1, 2007, both defendants executed an Engagement Agreement to hire the California law firm of Simmonds & Narita, LLP, to defend them in the above referenced lawsuit.

The contractual relationship between plaintiff Simmonds & Narita and defendants Jeffrey and Suzanne E. Schreiber began upon the execution of plaintiff's Engagement Agreement by both defendants on or about May 1, 2008. Defendant Jeffrey Schreiber executed the Engagement Agreement in Grant County Indiana. Defendant Suzanne E. Schreiber executed the Engagement Agreement in Andover, Massachusetts. After both defendants executed the Engagement Agreement the agreement was mailed back to the plaintiff in this present action. Counsel for plaintiff, Glassberg, Pollack & Associates, now brings the above captioned action to collect an alleged debt for legal services rendered.

Plaintiff's complaint is governed by the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") Statutory authority causing the FDCPA to have controlling

applicability is clear and undisputable. Defendants are "consumers" as defined by the FDCPA under 15 U.S.C. §1692a(3). The money damages alleged and prayed for in plaintiff's complaint constitute a personal "debt" as defined by the FDCPA under 15 U.S.C. §1692a(5). Plaintiff's attorney of record in this lawsuit, Glassberg, Pollack & Associates, is a "debt collector" as defined by the FDCPA under 15 U.S.C. §1692a(6).  As such, the provisions of the FDCPA apply to all collection efforts relative to the debt allegedly owed by the defendant.

The jurisdictional language of the FDCPA, under 15 U.S.C. § 1692i et seq., requires that any legal action taken in effort to collect a debt be brought in either the state where the defendant resides at the commencement of the action, or the state where the contract sued upon was signed. Consequently, this lawsuit should have been filed in the State of Indiana or the State of Massachusetts, but under no circumstances should this lawsuit have been filed in the State of California. Thus, as a matter of law, this lawsuit must be dismissed for improper venue or in the alternative transferred for improper venue or for convenience of the parties.

**LEGAL ARGUMENT**

**I.      All Collection Efforts Relative to Alleged Debt Of
         Jeffrey Schreiber and Suzanne E. Schreiber Are Governed By The
         Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.)**

**A.      Defendants Are "Consumers"
         Under 15 U.S.C. § 1692a(3)**

15 U.S.C § 1692a(3) defines the term "consumer" accordingly:

The term "consumer" means any natural person obligated or allegedly obligated to pay a debt.

The facts of the complaint allege that Defendant Jeffrey Schreiber and Defendant Suzanne E. Schreiber are individuals. See paragraphs 3 and 4 of plaintiff's complaint. (Exhibit 1) Defendants are "consumers" under the FDCPA because, as individuals, defendants qualify as "natural persons" for purposes of the FDCPA. There is substantial case law confirming the fact that individuals are "natural persons" for purposes of 15 U.S.C. § 1692a(3). *Kelly Creighton and Corey Davis v. Emporia Credit Service, Inc.* (1997) 981 F.Supp. 411, is a case about a private individual who became obligated to pay a debt in connection with medical services that were provided to this individual to treat a kidney infection of which this individual was suffering. The

court in *Creighton* held that the individual debtor was a "consumer." Therefore it follows that this private individual was a "natural person" for purposes of the definition of a "consumer" under 15 U.S.C. § 1692a(3).

*Bridget A. Piper v. Porntoff Law Associates* (2003) 262 F.Supp.2d 520, also supports the conclusion that private individuals are considered "natural persons" for purposes of the FDCPA. In *Piper* the plaintiff, a private person, was a homeowner and sued the defendant, an agent of a city, under the FDCPA in connection with illegal collection practices of the defendant regarding a delinquent water bill that the plaintiff homeowner was alleged to have owed. Again, the court in *Piper* held that the plaintiff was a "consumer" under the terms FDCPA. Therefore the plaintiff was also a "natural person" for purposes of 15 U.S.C. § 1692a(3).

Case law is clear, private individuals who owe personal debts do qualify as natural persons and are "consumers" for purposes of 15 U.S.C. § 1692a(3). Therefore, defendants Jeffrey Schreiber and Suzanne E. Schreiber are "consumers" under 15 U.S.C. §1692a(3) and for purposes of enforcement of the protections of the FDCPA.

### B. The Complaint Alleges Defendants Owed a "Debt" Under 15 U.S.C. § 1692a(5)

15 U.S.C. § 1692a(5) defines the term "debt" accordingly:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or **services which are the subject of the transaction are primarily for personal**, family, or household purposes, whether or not such a judgment has been reduced to judgment.

The FDCPA characterizes debts in terms of end uses and pertains to debts incurred "primarily for personal, family, or household purposes." [*Bloom v. I.C. System, Inc.* (1992) 972 F.2d 1067] *Bloom* is a case about money that was borrowed by the plaintiff, from a friend, for the purpose of investing in a business venture. The borrowed money was used for exactly that same purpose. When the plaintiff filed suit against a credit reporting agency, alleging violations of the FDCPA, the court held that the FDCPA was not applicable. The court's rationale was that the FDCPA applies only to consumer "debts" and not business loans. The holding in *Bloom* is that "debts" for purposes of 15 U.S.C. § 1692a(5) pertain to obligations of consumers to pay

money arising out of transactions in which the money, property, or **services which are the subject of the transaction are primarily for personal,** household or family purposes.

The facts of this present lawsuit allege that within the last two years, in San Francisco, California, defendants became indebted to plaintiff in the sum of $88,552.99 for professional legal services furnished and supplied by plaintiff to defendants. See paragraph 5 of plaintiff's complaint. (Exhibit 1)

The purpose of the professional legal services that the plaintiff in this present lawsuit provided was to defend defendants Jeffrey Schreiber and Suzanne E. Schreiber, both individuals. Defendants were subject to the potential of personal liability as a result of the underlying lawsuit. It is on this basis that professional legal services that were rendered by plaintiff Simmonds & Narita LLP. The professional services rendered by the plaintiff Simmonds & Narita LLP was for the personal purpose of defending defendants Jeffrey Schreiber and Suzanne E. Schreiber.  This fact is confirmed by the Engagement Agreement that is attached to plaintiff's complaint. The Engagement Agreement confirms the fact that defendants were sued in an individual capacity.

The money damages prayed for in this complaint constitute a "debt" under 15 U.S.C. § 1692a(5) because they arise out of professional services rendered for the personal benefit of defendants Jeffrey Schreiber and Suzanne E. Schreiber. Therefore the protections of the FDCPA apply to this lawsuit.

### C.    Glassberg & Pollack & Associates Are "Debt Collectors" Under 15 U.S.C § 1692a(6)

15 U.S.C. §1692a(6) defines "debt collector" accordingly:

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in **any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.**………

The FDCPA is applicable to lawyers that regularly try to obtain payment of consumer debts through legal proceedings because such lawyers come within the definition of "debt collector." This definition includes those who "regularly" collect or attempt to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another. [*Heintz v. Jenkins*

(1995) 514 U.S. 291, 115 S. Ct. 1489] For a court to find that an attorney or law firm "regularly collects" debts for purposes of the FDCPA all that needs to be shown is that the attorney or law firm collects debts for its clients, or some of its clients. [*Schroyer v. Frankel* (1999) 197 F.3d 1170] Furthermore, the word "regular" is not synonymous with the word substantial. Debt collection services may be rendered "regularly" even though these services may only amount to a small fraction of the firm's total activity. [*Stojanovski v. Strobl & Manoogian, P.C.* (1992) 783 F.Supp. 319]

Determination of whether a lawyer or law firm "regularly" engages in debt collection activity within the meaning of the FDCPA must be made on a case by case basis. *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carrol & Bertolotti* (2003), 374 F.3d 56, is a case where it was determined that a law firm was a "debt collector" under 15 U.S.C. § 1692a(6) after case specific factors were evaluated. Some major factors in *Goldstein* were that the law firm marketed itself as a debt collector and also maintained ongoing relationships with various creditor agencies.

In this present case plaintiff's counsel, Glassberg, Pollack & Associates is clearly a "debt collector" under the definition of 15 U.S.C. § 1692a(6) and as such is subject to the regulations contained in the FDCPA. Glassberg, Pollack & Associates status as a "debt collector" is evident by review of the Firm Overview located on their website. The Firm Overview confirms that this law firm primarily provides assistance to creditors and represents secured and unsecured creditors in a broad range of matters, including contested litigation in state and federal courts. (See Exhibit 2) The Firm Overview does not tout Glassberg, Pollack and Associates as having any other areas of specialty other than creditor's rights law. Furthermore, the attorney for Glassberg, Pollack & Associates that signed the complaint on behalf of the plaintiff, Robert L. Pollack, Esq., holds himself out as a specialist in creditors' rights law. (See Exhibit 3)

By review of the website of Glassberg, Pollack & Associates it is self evident that this law firm clearly holds itself out as being engaged "primarily" in the collection of debts and can only be described as being "regularly engaged" in the debt collection business under the terms of the FDCPA and according to *Schroyer, Stojanovski* and *Goldstein.*

Plaintiff's counsel Goldberg, Pollack & Associates falls squarely within the definition of a "debt collector" under the terms of 15 U.S.C. § 1692a(6) and therefore Goldberg, Pollack & Associates is subject to the FDCPA.

Because defendants Jeffrey Schreiber and Suzanne E. Schreiber are "consumers" as defined under 15 U.S.C. § 1692a(3), who are alleged to be responsible for a personal "debt" as defined under 15 U.S.C § 1692a(4), and because Goldberg, Pollack & Associates are "debt collectors" as defined under 15 U.S.C. § 1692a(6), the FDCPA governs all collection practices of Goldberg, Pollack & Associates in connection with the plaintiff's attempt to obtain the money damages that are prayed for in this complaint.

**II.    All Claims Against Defendants Jeffrey Schreiber
And Suzanne E. Schreiber Must Be Dismissed For
Improper Venue As This Action Was Brought In
Violation of 15 U.S.C. § 1692i(2)**

28 U.S.C. §1406(a) States In Part:
The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss,.....

Many statutes are worded to reflect congressional intent to limit venue to particular districts. [*Johnson v. Payless Drug Stores Northwest, Inc.* (9th Cir. 1991) 950 F.2d 586] Under 28 U.S.C. §1406(a) if a plaintiff commences the action in the wrong district or division, the federal court can, upon timely and proper motion dismiss the action for improper venue.

15 U.S.C. §1692i, provides in pertinent part:

(a) Any debt collector who brings any legal action on a debt against any consumer shall
    (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which the real property is located; or
    **(2) in the case of an action not described in paragraph (1) bring such action only in the judicial district or similar legal entity**
        **(A) in which the consumer signed the contract sued upon; or**
        **(B) in which the consumer resides at the commencement of the action.**

15 U.S.C. §1692i(a) specifically limits the venue in which a debt collector can file a lawsuit in efforts to collect on a debt to the judicial district where the contract was signed or the

1  judicial district where the consumer resides at the commencement of an action filed in efforts to

2  collect said debt. [*Dale v. Johnson* 1997 U.S. Dist. LEXIS 20277; *Gurrero v. RJM Acquisitons*

3  *LLC* (9th Cir. 2007) 499 F.3d 926] These specific jurisdictional requirements have not been

4  waived by defendants Jeffrey Schreiber or Suzanne E. Schreiber.

5       Judicial District means, at a minimum, the State or County where the debtor lives or

6  where the contract was signed. [*Blackmore and Holloway v. Pekay* (1995) 895 F. Supp 972] In

7  *Blackmore* the plaintiff had defaulted on an automobile loan and defendant had obtained a

8  judgment and initiated garnishment proceedings. Unfortunately for the defendant, the underlying

9  lawsuit was not filed in the county where the debtor-plaintiff resided or where the debtor-

10  plaintiff had signed the contract. This was in direct violation of the FDCPA under 15 U.S.C. §

11  1692i(2) causing the debtor-plaintiff to prevail in his action against the defendant.

12       The underlying facts in *Blackmore* are identical to the present case. Glassberg, Pollack &

13  Associates, being "debt collectors" under the FDCPA were required to file the lawsuit in Grant

14  County Indiana, residence of Jeffrey Schreiber at the time of commencement of this action and

15  location where he signed the Engagement Agreement, or Essex County Massachusetts, residence

16  of Suzanne E. Schreiber at the commencement of this action and where she signed the

17  Engagement Agreement. Filing this present lawsuit by Glassberg, Pollack and Associates in the

18  County of San Francisco, State of California, was a violation of 15 U.S.C. §1692i(2). The venue

19  that this lawsuit was filed is improper.

20       Because venue is improper under 15 U.S.C. § 1692i(2) it follows that 28 U.S.C. §1406(a)

21  allows this court to dismiss this action. Defendants Jeffrey Schreiber and Suzanne E. Schreiber

22  respectfully request that the court dismiss this action based on 28 U.S.C. §1406(a) due to the fact

23  that plaintiff's debt collector counsel has filed this action in the wrong venue in violation of 15

24  U.S.C. § 1692i(2).

25  **III.   This Lawsuit Should Not Be Transferred
       Under 28 U.S.C. 1406(a)**

26

27  28 U.S.C. §1406(a):
       The district court of a district in which is filed a case laying venue in the wrong division
   or district shall dismiss, **or if it be in the interests of justice, transfer such a case to any**
28  **district or division in which it could have been brought.**

Ultimately a court's determination on whether it is appropriate to transfer an action rather then dismiss it involves determining what is in the "interests of justice." Factors in evaluation by the court what is in the interests of justice often times involve preserving judicial economy and evaluating the relative injustices imposed on plaintiff and defendant. [*Goldwar, Inc. v. Heiman* (1962) 369 U.S. 463 82 S. Ct. 913; *King v. Russell* (9th Cir. 1992) 963 F.2d 1301]  Many times the courts are inclined to transfer an action rather than dismiss it in order to preserve a statute of limitations. [*Minnette v. Time Warner* (2nd Cir. 1993) 997 F.2d 1023]

It is clear that there is no pressing statute of limitation issue under *Minnette.* Plaintiff's allegation of breach of contract is no older than 6 months old. The alleged non-payment for professional legal services by defendants is alleged to have arisen from non-payment of a November 2007 invoice. Therefore dismissing the case would not affect the plaintiff's ability to re-file in the proper venue.

Due to the fact that this case is not more than 60 days old from the time of filing this brief, it is clear that there has been an extremely small amount of judicial recourses expended at this point in time. At this point defendants have not even filed their answer to the complaint. Under *Goldwar* considerations of judicial economy do not warrant transfer and this case should still be dismissed.

For the above foregoing reasons the court must find that the "interests of justice" would not be furthered by transfer of this case. This case must be dismissed under 28 U.S.C. §1406(a) because, as "debt collectors," counsel for plaintiff's had a duty to comply with the regulations of the FDCPA and file this lawsuit in accordance with 15 U.S.C. §1692i(2).

## IV.    CONCLUSION

Defendant's Jeffrey Schreiber and Suzanne E. Schreiber are clearly consumers who are alleged to owe a debt under the FDCPA. Glassberg, Pollack an Associates are debt collectors who violated the FDCPA by not filing this lawsuit in Grant County Indiana, location where defendant Jeffrey Schreiber resided at the commencement of this action and where he signed the plaintiff's Engagement Agreement, or Essex County Massachusetts, location where defendant

Suzanne E. Schreiber resided at the commencement of this action and where she signed the Engagement Agreement. As a result of this lawsuit being filed in the wrong venue defendants Jeffrey Schreiber respectfully request that this court dismiss the action forthwith.


Dated May 13, 2008                     Respectfully Submitted
                                       THE LAW OFFICES OF WALACE C. DOOLITTLE


                                       _____/S/_____
                                       Wallace C. Doolittle, Esq.
                                       Attorney for Defendants Jeffrey Schreiber
                                       and Suzanne E. Schreiber

# EXHIBIT 1

1   ROBERT L. POLLAK, State Bar Number 083950
2   GLASSBERG, POLLAK & ASSOCIATES
    425 California Street, Suite 850
3   San Francisco, CA 94104-2193
    (415) 291-8320 phone
4   (415) 291-8111 fax
    gpa@glassberg-pollak.com
5   Attorneys for Plaintiff    CASE MANAGEMENT CONFERENCE SET

6                              AUG 1 5 2008 -9ᵃᵐAM
7
8                              DEPARTMENT 212
9              SUPERIOR COURT, STATE OF CALIFORNIA
10                    SAN FRANCISCO COUNTY
11                 UNLIMITED CIVIL JURISDICTION

12  SIMMONDS & NARITA LLP, a limited     )   CASE NO. CGC-08-473266
    liability partnership,               )
13                                       )
14            Plaintiff,                 )   COMPLAINT FOR MONEY
                                         )   DUE FOR ATTORNEYS' FEES
15     vs.                               )
                                         )   ($88,552.99)
16  JEFFREY SCHREIBER; SUZANNE E.        )
17  SCHREIBER; and DOES 1 through 50,    )
    inclusive,                           )
18                                       )
              Defendants.                )
19                                       )
20       Plaintiff alleges:
21
22                    FIRST CAUSE OF ACTION
23          (Money Due For Legal Services to all defendants)
24       1.    At the time the services hereinafter mentioned were performed,
    Plaintiff SIMMONDS & NARITA LLP was, and now is, a California limited
25  liability partnership, each member of which is an active member of the State
26  Bar of California duly licensed to practice law in the State of California.
27       2.    Defendant JEFFREY SCHREIBER is an individual.
28       3.    Defendant SUZANNE E. SCHREIBER is an individual.

              COMPLAINT FOR MONEY DUE FOR ATTORNEYS' FEES - 1

4.    Plaintiff is not aware of the true names and capacities whether individual, corporate or otherwise, of Defendants DOES 1 through 50, and therefore sues said defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when they have been ascertained.

5.    Within two years last at San Francisco, California, Defendants became indebted to Plaintiffs in the sum of $88,552.99 for professional legal services furnished and supplied by Plaintiff to Defendants.

6.    Said services were so furnished and supplied pursuant to a written agreement, a copy of which is attached as Exhibit "A".

7.    No part of the said sum of $88,552.99 has been paid, and there is now due, owing and unpaid the sum of $88,552.99 plus interest thereon at ten percent (10%) per annum from and after January 11, 2008.

8.    Prior to the commencement of this action, Plaintiff caused to be given to the Defendants written notice required under Sect. 6201 of the Business and Professions Code. A true copy of that notice is attached hereto, marked Exhibit "B" and made a part hereof.

*AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFF COMPLAINS OF DEFENDANTS, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

(Book Account)

9.    Plaintiff herein incorporates by reference each and every allegation contained in Paragraphs 1, 2, 3, 4, 5, 7 and 8 of the First Cause of Action as though fully set forth and pleaded herein.

10.    Within four (4) years last past, Defendants became indebted to Plaintiff in the sum of $88,552.99 on a book account for professional legal services furnished and supplied.

11. Plaintiff should be awarded reasonable attorneys' fees in the sum of $1,000.00 pursuant to the provisions of Civil Code Sect. 1717.5.

*AS AND FOR A THIRD SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFF COMPLAINS OF DEFENDANTS, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

(Account Stated)

12. Plaintiff refers to paragraphs 1, 2, 3, 4, 5, 7 and 8 of the first cause of action, and by said reference incorporates said paragraphs herein as if the same were more fully herein set forth.

13. Within four (4) years last past at San Francisco, California, an account was stated by and between Defendants and Plaintiff wherein and whereby Defendants became indebted to Plaintiff in the sum of $88,552.99.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For the sum of $88,552.99;

2. For interest on said amount at the rate of ten percent (10%) per annum from January 11, 2008;

3. For attorney's fees in the sum of $1,000.00;

4. For costs of suit incurred herein; and

5. For such other and further relief as this Court may deem just and proper.

DATED: March 11, 2008

GLASSBERG, POLLAK & ASSOCIATES

By:_____
ROBERT L. POLLAK
Attorneys for Plaintiff

# SIMMONDS & NARITA LLP

ATTORNEYS AT LAW
44 MONTGOMERY STREET, SUITE 3010
SAN FRANCISCO, CALIFORNIA 94104-4811
TELEPHONE (415) 283-1000
FAX (415) 352-2625
www.snllp.com

TOMIO B. NARITA
DIRECT DIAL (415) 283-1010
EMAIL tnarita@snllp.com

April 24, 2007

Suzanne E. Schreiber
c/o Castle Mountain Capital, LLC
1000 Elm Street
Manchester, NH 03101

Jeffrey Schreiber
c/o The Schreiber Law Firm, LLC
702 S. Adams Street
Marion, IN 46953

Re:    *Engagement Agreement*

Dear Suzanne and Jeff:

We are very pleased that you have decided to engage our firm as counsel to represent you in connection with the action that was filed against you in the Superior Court of the State of California, County of Alameda, *Robert M. Siemons v. First USA Bank, et al.*, Case No. VG04172153. This letter describes the scope of the representation and how we will be compensated for the legal services that we provide.

Although we will strive to serve you effectively, this firm cannot guarantee the result of any given legal dispute. Nor can we determine in advance the costs of our legal services with precision. We will seek to represent your interests professionally and efficiently throughout our engagement. I will have primary responsibility for your representation, and I will utilize other attorneys and professionals in the best exercise of my professional judgment. In the event that you have questions, concerns or criticisms about the services provided by the firm, please contact me at once.

Our fees reflect the substantial value of the work product that we provide and the significant experience, specialization and training of our professionals. I will review all

SIMMONDS & NARITA LLP

Suzanne E. Schreiber
Jeffrey Schreiber
April 24, 2007
Page 2

statements before they are issued to insure that the amount charged is appropriate. Our
bills are generally the product of the hours worked on your matter multiplied by the hourly
rates for the attorneys and other professionals who performed the services. We always
review our bills before they are sent to determine if any reductions are appropriate.

We will provide you with detailed monthly statements for professional services
that we perform. Our statements are due and payable upon receipt.

Our monthly statements reflect services rendered through the end of the preceding
month, and they include out-of-pocket expenses incurred to the extent invoices have been
received in the current period. These expenses may include telephone calls, photocopies,
court reporters' fees, postage, overnight courier charges, messengers' fees, expert witness
fees, travel costs, local transportation expenses, computer research charges, and filing,
certification and recording fees. In the event that we receive an invoice from any vendor
with respect to your matter which exceeds $1000, we reserve the right to ask you to pay the
invoice directly. Delays in payment could affect our ability to successfully represent you.

We expect full cooperation and candor from all of our clients. You agree to
communicate with us, to provide us with all information that we believe is necessary to
your representation, and to cooperate fully in your representation. Failure to cooperate
with us, or failure to pay our statements promptly upon receipt, may lead to discontinuance
of legal services. In the event that we need to withdraw from representation, we will give
you notice of our intention to do so, and will recommend that you engage other counsel.
We will cooperate in delivering all files to which you are entitled, coordinate with counsel
that you subsequently employ, and attempt to minimize the possibility that your interests
will be prejudiced.

We have prepared a schedule of hourly rates for the attorneys and other members of
the professional staff based on their years of experience, specialization, training and level
of professional attainment. There may be certain aspects of your representation which
require a higher level of expertise than others. We seek to assign and delegate
responsibilities for all aspects of your representation based on the degree of professional
experience and expertise required.

We agree to represent you at our present hourly rates. Currently, the rates for our
partners range from $350 to $390 per hour (my rate will be $350 per hour), the rates for our
associates range from $200 to $290 per hour, and the rates for our legal assistants range
from $100 to $130 per hour. Our rates may increase during this engagement to reflect
market conditions and the additional experience and expertise of our attorneys and staff.

EXHIBIT A2

SIMMONDS & NARITA LLP

Suzanne E. Schreiber
Jeffrey Schreiber
April 24, 2007
Page 3

I have advised each of you of the challenges that you face in this case, and that the cost of representing you in this matter may be significant. As I have stated to you, in my estimation, given the nature of the courthouse where the action is pending, the apparent personality of the plaintiff and his counsel, the present record of the case, the claims that have been asserted, and the facts of the case as I understand them, it will cost a minimum of $50,000 to defend you. In addition, I have advised you that if this matter proceeds to trial, I estimate the cost of defending the claims will be at least $150,000, and the cost could exceed this amount. Even if you incur these defense costs, there is still no guarantee that we will be able to successfully defend you against the claims asserted.

You have agreed to provide us with a $50,000 retainer ~~in two $25,000 installments~~ and to execute a substitution of attorney form before we commence work on the case. The retainer can be transmitted to us via certified check or via wire transfer, pursuant to instructions that I will provide you. We will ask you to maintain a total of $25,000 of this retainer on an "evergreen" basis. This means that after we draw against the first $25,000 of the retainer amount, we will send you statements on a monthly basis that we will ask you to pay in full. We will maintain the balance of the retainer ($25,000) in our client trust account on your behalf. By signing this engagement agreement, you acknowledge that you will be jointly and severally liable for payment of all of the fees and costs incurred by our firm in connection with the representation. We will do everything possible to keep your fees and costs to a minimum. At the end of our engagement, any remaining balance of the retainer will be returned to you.

We discussed the fact that I will communicate with both of you concerning the matter, but that I may need to turn to one of you to make decisions on matters of strategy affecting the case. You agreed that while I can and will consult with both of you concerning the representation, the "point" person for matters of legal strategy will be Jeffrey Schreiber, unless and until you instruct me otherwise in writing. We also discussed the fact that you have both been named as individual defendants in the action, and that our firm will be providing representation to both of you. At this time, it is our belief that there is no actual or potential conflict of interest between your interests, and that you both share the same common interest with respect to the claims asserted by the plaintiff. We are presently confident that we can represent both of you in this matter without any conflict of interest.

We do have a professional obligation to advise you, however, whenever we believe that there may be a potential conflict, or the appearance of a conflict, between your interests. In the unlikely event that such a potential or actual conflict should arise in the future, we will discuss the situation with both of you and then determine an appropriate and

SIMMONDS & NARITA LLP

Suzanne E. Schreiber
Jeffrey Schreiber
April 24, 2007
Page 4

acceptable course of action.

Having said this, we ask each of you to sign below and acknowledge that we have informed you of the matters identified above, and that you consent to our firm's dual representation of Suzanne Schreiber and Jeffrey Schreiber in the action. We are obliged to inform you that you may wish to seek independent legal advice with respect to this matter.

You have the right to terminate our representation at any time.

If the terms of this engagement letter meet with your approval, please sign this letter and return it to me. If you have any questions, please feel free to call me.

Very truly yours,

Tomio B. Narita

AGREED to this 1st day of May , 2007

By: _____
    Suzanne E. Schreiber

By: _____
    Jeffrey Schreiber

EXHIBIT A4

# Notice of Client's Right To Arbitration

Jeffrey Schreiber
Client's Name

c/o The Schreiber Law Firm
Client's Address

810 S. Baldwin Ave., Marion, IN 46953

Simmonds & Narita LLP
Attorney's Name

44 Montgomery Street, Suite 3010
Attorney's Address

San Francisco, CA 94104-4816

You have an outstanding balance for fees and/or costs for professional services in the amount of $88,552.99

charged to you in the matter of Robert Seimons v. First USA Bank, et al., Superior Court of

☐ I have filed a lawsuit against you in the:    California, County of Alameda, Case No. VG04172153

|  |  |
|---|---|
| Court |  |
|  | Case No. |
| Address |  |

☐ I have filed an arbitration proceeding against you with the:

|  |  |
|---|---|
| Agency |  |
|  | Case No. |
| Address |  |

☒ No lawsuit or arbitration proceeding has yet been filed but may be filed if we do not resolve this claim.

You have the right under Sections 6200-6206 of the California Business and Professions Code to request arbitration of these fees or costs by an independent, impartial arbitrator or panel of arbitrators through a bar association program created solely to resolve fee disputes between lawyers and clients.

You will LOSE YOUR RIGHT TO ARBITRATION UNDER THIS PROGRAM if:

1. YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN 30 DAYS FROM RECEIPT OF THIS NOTICE USING A FORM PROVIDED BY THE LOCAL BAR ASSOCIATION OR STATE BAR OF CALIFORNIA FEE ARBITRATION PROGRAM; OR

2. YOU RECEIVE THIS NOTICE AND THEN EITHER (1) ANSWER A COMPLAINT I HAVE FILED IN COURT; OR (2) FILE A RESPONSE TO ANY ARBITRATION PROCEEDING THAT I HAVE INITIATED FOR COLLECTION OF FEES, AND/OR COSTS, WITHOUT FIRST HAVING SERVED AND FILED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3. YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

I have the right to file a lawsuit against you if you give up your right to mandatory fee arbitration. If I have already filed a lawsuit or arbitration, you may have the lawsuit or arbitration postponed after you have filed an application for arbitration under this program.

I have determined that:

☐ There is a local program which may have jurisdiction to hear this matter. The address of the arbitration program you should contact is:

Bar Association of San Francisco
Name of Program

301 Battery Street, 3rd Floor
Address

San Francisco                                    CA          94111
City                                             State       Zip Code

(415) 982-1600
Telephone No

☐ There is no approved local program which has jurisdiction to hear this matter.

The State Bar of California will conduct fee arbitration (1) where there is no approved local program, (2) where there is a local program but it declines for any reason to hear your case, (3) where there is a local program and you wish non-binding arbitration of this dispute and the local program refuses to allow non-binding arbitration of your dispute, or (4) if you believe you cannot receive a fair hearing before the local bar named above. If you need assistance, please contact Mandatory Fee Arbitration, State Bar of California, 180 Howard Street, San Francisco, CA 94105-1639, (415) 538-2020.

March 5, 2008                    ROBERT L. POLLAK
Date                             Attorney ROBERT L. POLLAK

EXHIBIT B1                        (State Bar Approved Form Rev. April 1, 2007)

# Notice of Client's Right To Arbitration

Suzanne E. Schreiber
Client's Name
c/o Zwicker & Associates, P.C.
Client's Address
80 Minuteman Road, Andover, MA 01810-1031

Simmonds & Narita LLP
Attorney's Name
44 Montgomery Street, Suite 3010
Attorney's Address
San Francisco, CA 94104-4816

You have an outstanding balance for fees and/or costs for professional services in the amount of $88,552.99

charged to you in the matter of Robert Seimons v. First USA Bank, et al., Superior Court of

☐ I have filed a lawsuit against you in the: California, County of Alameda, Case No. VG04172153

| | |
|---|---|
| Court | |
| | Case No. |
| Address | |

☐ I have filed an arbitration proceeding against you with the:

| | |
|---|---|
| Agency | |
| | Case No. |
| Address | |

☒ No lawsuit or arbitration proceeding has yet been filed but may be filed if we do not resolve this claim.

You have the right under Sections 6200-6206 of the California Business and Professions Code to request arbitration of these fees or costs by an independent, impartial arbitrator or panel of arbitrators through a bar association program created solely to resolve fee disputes between lawyers and clients.

You will LOSE YOUR RIGHT TO ARBITRATION UNDER THIS PROGRAM if:

1. YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN 30 DAYS FROM RECEIPT OF THIS NOTICE USING A FORM PROVIDED BY THE LOCAL BAR ASSOCIATION OR STATE BAR OF CALIFORNIA FEE ARBITRATION PROGRAM; OR

2. YOU RECEIVE THIS NOTICE AND THEN EITHER (1) ANSWER A COMPLAINT I HAVE FILED IN COURT; OR (2) FILE A RESPONSE TO ANY ARBITRATION PROCEEDING THAT I HAVE INITIATED FOR COLLECTION OF FEES, AND/OR COSTS, WITHOUT FIRST HAVING SERVED AND FILED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3. YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

I have the right to file a lawsuit against you if you give up your right to mandatory fee arbitration. If I have already filed a lawsuit or arbitration, you may have the lawsuit or arbitration postponed after you have filed an application for arbitration under this program.

I have determined that:

☐ There is a local program which may have jurisdiction to hear this matter. The address of the arbitration program you should contact is:

Bar Association of San Francisco
Name of Program
301 Battery Street, 3rd Floor
Address
San Francisco
City                                          CA      94111
                                              State   Zip Code
(415) 982-1600
Telephone No.

☐ There is no approved local program which has jurisdiction to hear this matter.

The State Bar of California will conduct fee arbitration (1) where there is no approved local program, (2) where there is a local program but it declines for any reason to hear your case, (3) where there is a local program and you wish non-binding arbitration of this dispute and the local program refuses to allow non-binding arbitration of your dispute, or (4) if you believe you cannot receive a fair hearing before the local bar named above. If you need assistance, please contact Mandatory Fee Arbitration, State Bar of California, 180 Howard Street, San Francisco, CA 94105-1639, (415) 538-2020.

March 5, 2008                    ROBERT L. POLLAK
Date                             Attorney ROBERT L. POLLAK

EXHIBIT B 2                       (State Bar Approved Form Rev. April 1, 2007)

SIMMONDS & NARITA LLP, A LIMITED LIABILITY VS. JEFF

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:   AUG-15-2008

TIME:   9:00AM

PLACE:  Department 212
        400 McAllister Street
        San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JEFFREY SCHREIBER; SUZANNE E. SCHREIBER; and DOES 1 through 80,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SIMMONDS & NARITA LLP, a limited liability partnership

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court, State of California
County of San Francisco, Unlimited Civil Jurisdiction
400 McAllister St., Room 103
San Francisco, CA 94102

CASE NUMBER
*(Número del Caso):* CGC-08-473266

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT L. POLLAK Bar #: 083950
GLASSBERG, POLLAK & ASSOCIATES          415/291-8320          File #: 28A1384
425 California St., Suite 850
San Francisco, CA 94104-2193

### Gordon Park-Li

DATE:
*(Fecha)*     MAR 13 2008

Clerk, by
*(Secretario)* _____, Deputy
*(Adjunto)* ELIAS BUTT

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. [ X ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [  ] on behalf of *(specify):*

   under: [  ] CCP 416.10 (corporation)          [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)   [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership)  [  ] CCP 416.90 (authorized person)
          [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Code of Civil Procedure §§ 412.20, 465

TRUE ATTEST COPY
DEPUTY SHERIFF
903

# EXHIBIT 2

# GLASSBERG, POLLAK & ASSOCIATES

*425 California Street, Suite 850, San Francisco, California 94104-2193*
*Telephone: 415-291-8320 Fax: 415-291-8111*

*Firm Overview*

Glassberg, Pollak & Associates primarily provides assistance to creditors in collecting delinquent and/or disputed commercial accounts. We represent secured and unsecured creditors in a broad range of matters, including contested litigation in state and federal courts, enforcement of judgments, mechanic's liens, Miller Act cases, equipment leases, insurance premium disputes, and work-outs with debtors. The firm also represents creditors, trustees, and creditors' committees in bankruptcy cases, including adversary proceedings to enforce and defend claims. Glassberg, Pollak & Associates is composed of experienced attorneys who provide personal, professional and timely services to their clients.

⯈ Home

⯈ Firm Overview

⯈ Attorneys

⯈ Contact Us

⯈ Location

LexisNexis Martindale-Hubbell — This is Attorney Advertising. This web site is designed for general information only. The information presented at this site should not be construed to be formal legal advice nor the formation of a lawyer/client relationship.



LexisNexis·
Martindale-Hubbell·
**Peer Review Rated**
For Ethical Standards and Legal Ability

*An integral part of Martindale-Hubbell's service to the legal community is the Lawyer Rating system, which evaluates lawyers and law firms in the US and Canada based upon peer review.*

*Just 5% of all law firms in the country quality and are included, making Glassberg Pollak & Associates one of the most distinguished and respected in the country.*

The Martindale-Hubbell Peer Review Icon is a service mark of Reed Elsevier Properties Inc., used under permission from Reed Elsevier Properties Inc. in accord with the terms and conditions established by Martindale-Hubbell.

# EXHIBIT 3

# GLASSBERG, POLLAK & ASSOCIATES

*425 California Street, Suite 850, San Francisco, California 94104-2193*
*Telephone: 415-291-8320 Fax: 415-291-8111*

- ➤ Home
- ➤ Firm Overview
- ➤ Attorneys
- ➤ Contact Us
- ➤ Location

**Robert L. Pollak**
Partner
Email: rlpollak@glassberg-pollak.com

**Practice Areas:** Bankruptcy; Collections; Commercial; Litigation.

**Admitted:** 1978, California; 1988, U.S. Claims Court

**Law School:** Hastings College of the Law, University of California, J.D., 1978

**College:** University of California at Los Angeles, A.B., 1975

**Member:** Bar Association of San Francisco; State Bar of California; Commercial Law League of America.

**Biography:** Board Certified, Creditors' Rights Law, American Board of Certification. Note and Comment Editor, Hastings Constitutional Law Quarterly, 1977-1978. Extern to Supreme Court Justice Matthew O. Tobriner, 1977.

**Born:** San Francisco, California, September 5, 1953

**ISLN:** 904377109

---

 This is Attorney Advertising. This web site is designed for general information only. The information presented at this site should not be construed to be formal legal advice nor the formation of a lawyer/client relationship.

| LexisNexis®<br>Martindale-Hubbell®<br>**Peer Review Rated**<br>For Ethical Standards and Legal Ability | *An integral part of Martindale-Hubbell's service to the legal community is the Lawyer Rating system, which evaluates lawyers and law firms in the US and Canada based upon peer review.*<br><br>*Just 5% of all law firms in the country quality and are included, making Glassberg Pollak & Associates one of the most distinguished and respected in the country.* |
|---|---|

The Martindale-Hubbell Peer Review Icon is a service mark of Reed Elsevier Properties Inc., used under permission from Reed Elsevier Properties Inc. in accord with the terms and conditions established by Martindale-Hubbell.

1  WALLACE C. DOOLITTLE (SBN 158116)
   BRADLEY D. BAYAN (SBN 218751)
2  **LAW OFFICES OF WALLACE C. DOOLITTLE**
   1260 B Street, Suite 220
3  Hayward, California 94541

4  TELEPHONE: (510) 888-0600
   FACSIMILE: (510) 888-0606
5  EMAIL:     doolittlew@doolittlelaw.com

6  Attorneys for Defendants JEFFREY SCHREIBER and SUZANNE E. SCHREIBER

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11
   SIMMONDS & NARITA LLP, a limited          Case No. CV 08 2209 SI
12 liability partnership,

13                    Plaintiff,             DECLARATION OF
                                             JEFFREY SCHREIBER
14 v.                                        IN SUPPORT OF MOTION TO DISMISS
                                             FOR IMPROPER VENUE UNDER F.R.C.P.
15 JEFFREY SCHREIBER; SUZANNE E.             12(b)(3); OR IN THE ALTERNATIVE TO
   SCHREIBER; and DOES 1 through 50,         TRANSFER FOR IMPROPER VENUE (28
16 inclusive                                 U.S.C. §1406 (a))

17                    Defendants,
                                             Date:     July 18, 2008
18                                           Time:     9:00 a.m.
                                             Courtroom: 10
19

20

21

22

23     I Jeffrey Schreiber hereby declare as follows:

24     1.    I am a named defendant in this present lawsuit, over eighteen (18) years of age

25 and have personal knowledge of each matter stated herein.

26     2.    I am a private individual and have been sued by plaintiff in this matter in my

27 individual capacity.

28

3.    At the time of the commencement of this lawsuit I was a resident of Grant County, Indiana. At this present time I am still a resident of Grant County, Indiana.

4.    My co-defendant Suzanne E. Schreiber was a resident of Essex County, Massachusetts, at the time of commencement of this lawsuit. Suzanne E. Schreiber is still currently a resident of Essex County, Massachusetts.

4.    The Engagement Agreement, that is the subject of this lawsuit, was signed by me on or about May 1, 2007, in Grant County, Indiana.

5.    Because this present lawsuit was not filed in Essex County, Massachusetts, or Grant County, Indiana, the interests of justice would be served by dismissing this action due to the fact that by filing this lawsuit in the State of California, attorney of record for the plaintiff has violated 15 U.S.C §1492i(2), the venue statute for the Fair Debt Collection Practices Act.

6.    If this court is not inclined to dismiss this present action forthwith I would respectfully request that this court transfer this present action to the United States District Court for the District of Massachusetts. The District Court of Massachusetts is the appropriate venue for all matters brought in Essex County Massachusetts, and would be an appropriate venue under 15 U.S.C. §1492i(2).

7.    If the court were to decide to transfer this action pursuant to 28 U.S.C. § 1406(a), instead of dismiss this action under F.R.C.P. 12(b)(3), I would prefer that it were transferred to Essex County, Maryland, rather than Grant County, Indiana.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was signed at *Marion, Grant County, Indiana*

Executed on: 5-13-, 2008.

*Jeffrey C. Schreiber*
Jeffrey Schreiber

WALLACE C. DOOLITTLE (SBN 158116)
BRADLEY D. BAYAN (SBN 218751)
**LAW OFFICES OF WALLACE C. DOOLITTLE**
1260 B Street, Suite 220
Hayward, California  94541

TELEPHONE: (510) 888-0600
FACSIMILE:  (510) 888-0606
EMAIL:     doolittlew@doolittlelaw.com

Attorneys for Defendants JEFFREY SCHREIBER and SUZANNE E. SCHREIBER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMMONDS & NARITA LLP, a limited liability partnership,<br><br>                Plaintiff,<br><br>v.<br><br>JEFFREY SCHREIBER; SUZANNE E. SCHREIBER; and DOES 1 through 50, inclusive<br><br>                Defendants, | Case No. CV 08 2209 SI<br><br>DECLARATION OF SUZANNE E. SCHREIBER IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE UNDER F.R.C.P. 12(b)(3); OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE (28 U.S.C. §1406 (a))<br><br>Date:    July 18, 2008<br>Time:    9:00 a.m.<br>Courtroom: 10 |

I Suzanne E. Schreiber hereby declare as follows:

1.    I am a named defendant in this present lawsuit, over eighteen (18) years of age and have personal knowledge of each matter stated herein.

2.    I am a private individual and have been sued by plaintiff in this matter in my individual capacity.

**DECLARATION OF SUZANNE E. SCHREIBER**
**RE: DEFENDANTS MOTION TO DISMISS COMPLAINT**
**Case No.: CV 082209 SI**

3.    At the time of the commencement of this lawsuit against me by plaintiff I was a resident of Essex County, Massachusetts. At this present time I am still a resident of Essex County, Massachusetts.

4.    The Engagement Agreement, that is the subject of this lawsuit, was signed by me on May 1, 2007, in Essex County, Massachusetts.

5.    Because this present lawsuit was not filed in Essex County, Massachusetts, the interests of justice would be served by dismissing this action due to the fact that by filing this lawsuit in the State of California, attorney of record for the plaintiff has violated 15 U.S.C §1492i(2), the venue statute for the Fair Debt Collection Practices Act.

6.    If this court is not inclined to dismiss this present action forthwith I would respectfully request that this court transfer this present action to the United States District Court for the District of Massachusetts. The District Court of Massachusetts is the appropriate venue for all matters brought in Essex County Massachusetts, and would be the appropriate venue under 15 U.S.C. §1492i(2).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was signed at _____ Andover, MA .

Executed on: 5|12 , 2008.

Suzanne E. Schreiber

DECLARATION OF SUZANNE E. SCHREIBER
RE: DEFENDANTS MOTION TO DISMISS COMPLAINT
Case No.: CV 082209 SI

1 | WALLACE C. DOOLITTLE (SBN 158116)
BRADLEY D. BAYAN (SBN 218751)
2 | **LAW OFFICES OF WALLACE C. DOOLITTLE**
1260 B Street, Suite 220
3 | Hayward, California 94541

4 | TELEPHONE: (510) 888-0600
FACSIMILE: (510) 888-0606
5 | EMAIL:      doolittlew@doolittlelaw.com

6 | Attorneys for Defendants JEFFREY SCHREIBER and SUZANNE E. SCHREIBER

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | SIMMONDS & NARITA LLP, a limited    Case No. CV 08 2209 SI
12 | liability partnership,
                          Plaintiff,
13 |                                     CERTIFICATE OF SERVICE
     v.
14 |
     JEFFREY SCHREIBER; SUZANNE E.      Date:      July 18, 2008
15 | SCHREIBER; and DOES 1 through 50,    Time:      9:00 a.m.
16 | inclusive                          Courtroom: 10

17 |                    Defendants,

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
RE: DEFENDANTS MOTION TO DISMISS COMPLAINT/TRANSFER COMPLAINT
Case No.: CV 082209 SI

## CERTIFICATE OF SERVICE

1

2     I am employed in Alameda County, California, and am over the age of eighteen years and
not a party to the within entitled action. My business address is 1260 B Street, Suite 220,
3     Hayward, California 94541.

4
On May 14, 2008 served the following in regard to case number          CV 08 2209 SI
5                                            UNITED STATES DISTRICT COURT
                                             NORTHERN DISTRICT OF CALIFORNIA
6

7     **NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE
      UNDER F.R.C.P. 12(b)(3); OR IN THE ALTERNATIVE TO TRANSFER FOR**
8     **IMPROPER VENUE (28 U.S.C. § 1406(a))**

9     **DECLARATION OF JEFFREY SCHREIBER IN SUPPORT OF MOTION TO
      DISMISS FOR IMPROPER VENUE UNDER F.R.C.P. 12(b)(3); OR IN THE**
10    **ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE (28 U.S.C. § 1406(a))**

11
      **DECLARATION OF SUZANNE E. SCHREIBER IN SUPPORT OF MOTION TO
12    DISMISS FOR IMPROPER VENUE UNDER F.R.C.P. 12(b)(3); OR IN THE**
      **ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE (28 U.S.C. § 1406(a))**
13

14    **[PROPOSED] ORDER
      RE: MOTION TO DISMISS FOR IMPROPER VENUE UNDER F.R.C.P. 12(b)(3);**
15    **OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE (28 U.S.C.
      §1406(a))**
16

17    on the interested party(ies) in this action by placing true copies thereof enclosed in sealed
      envelopes and/or packages addressed as follows:
18

19    **Robert L. Pollak, Esq.
      Glassberg, Pollak & Associates**
20    **425 California Street, Suite 850**
      **San Francisco, CA 94104-2193**
21

22    **BY OVERNIGHT DELIVERY**: I served such envelope or package to be delivered on the same
      day to an authorized courier or driver authorized by the express service carrier to receive
23    documents in an envelope or package designated by the express service carrier.

24
      I declare under penalty of perjury under the laws of the State of California and the United
25    States of America that the forgoing is a true and correct statement and that this Proof of Service
      was executed on May 14, 2008.
26

27                         By: _____
                                Bradley D. Bayan
28

1  WALLACE C. DOOLITTLE (SBN 158116)
   BRADLEY D. BAYAN (SBN 218751)
2  **LAW OFFICES OF WALLACE C. DOOLITTLE**
   1260 B Street, Suite 220
3  Hayward, California 94541

4  TELEPHONE: (510) 888-0600
   FACSIMILE: (510) 888-0606
5  EMAIL:    doolittlew@doolittlelaw.com

6  Attorneys for Defendants JEFFREY SCHREIBER and SUZANNE E. SCHREIBER

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 SIMMONDS & NARITA LLP, a limited        Case No. CV 08 2209 SI
   liability partnership,
12                                         [PROPOSED] ORDER
                        Plaintiff,         RE: MOTION TO DISMISS FOR
13                                         IMPROPER VENUE UNDER F.R.C.P.
   v.                                      12(b)(3); OR IN THE ALTERNATIVE TO
14                                         TRANSFER FOR IMPROPER VENUE (28
   JEFFREY SCHREIBER; SUZANNE E.           U.S.C. §1406 (a))
15 SCHREIBER; and DOES 1 through 50,
   inclusive
16                                         Date:      July 18, 2008
                        Defendants,        Time:      9:00 a.m.
17                                         Courtroom: 10
18

19

20

21        The motion of defendants Jeffrey Schreiber and Suzanne Schreiber for Dismissal of this

22 lawsuit for Improper Venue under F.R.C.P. 12(b)(3), or in the alternative to Transfer for

23 Improper Venue under 28 U.S.C. §1406(a), came regularly for hearing before this court, Robert

24 L. Pollack, Esq., with the law firm of Goldberg, Pollack and Associates appearing for the

25 plaintiff, Bradley D. Bayan, Esq., appearing for defendants Jeffrey Schreiber and Suzanne E.

26 Schreiber. After consideration of the briefs and arguments of counsel, and all other matters

27

28

                                          ORDER OF THE COURT
                    RE: DEFENDANTS MOTION TO DISMISS COMPLAINT/TRANSFER COMPLAINT
                                         Case No.: CV 082209 SI

1  presented to the Court, IT IS HEREBY ORDERED that defendants' motion for dismissal under

2  F.R.C.P 12(b)(3) is GRANTED / DENIED.

3

4         IT IS HEREBY ORDERED that defendants' motion for transfer of venue under 28

5  U.S.C. § 1406(a) to the United States District Court District of Massachusetts is GRANTED /

6  DENIED / MOOT

7

8  Dated:                                            _____

9                                                    Honorable Susan Illston
                                                     United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    **ORDER OF THE COURT**
                  **RE: DEFENDANTS MOTION TO DISMISS COMPLAINT/TRANSFER COMPLAINT**
                                                    **Case No.: CV 082209 SI**