**SMITH LILLIS PITHA LLP**
DAMIEN P. LILLIS (SBN 191258)
dlillis@slplawfirm.com
400 Montgomery Street, Suite 501
San Francisco, California 94104
Telephone:    (415) 814-0405
Facsimile:    (415) 217-7011

Attorneys for Plaintiff
Simmonds & Narita LLP

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIMMONDS & NARITA LLP, a limited liability partnership,<br><br>          Plaintiff,<br><br>     v.<br><br>JEFFREY SCHREIBER; SUZANNE E. SCHREIBER; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. CV 08 2209 SI<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND/OR TRANSFER; DECLARATION OF DAMIEN P. LILLIS**<br><br><br>Date:     July 25, 2008<br>Time:     9:00 a.m.<br>Courtroom: 10, 19th Floor<br>Judge:    Honorable Susan Illston |

**REQUEST FOR JUDICIAL NOTICE**

Plaintiff Simmonds & Narita LLP ("Plaintiff") respectfully requests that this Court take judicial notice of the following documents and facts pursuant to Federal Rule of Evidence 201.

**PLAINTIFF REQUESTS JUDICIAL NOTICE OF THE FOLLOWING DOCUMENTS**

1.    The Complaint filed by Robert Siemons against Defendants Jeffrey Schreiber and Suzanne Schreiber, Schreiber & Associates, P.C., The Schreiber Law Firm LLC, Harris & Dial P.C., among others, on August 25, 2004, Case No. VG041721155, in the Alameda County Superior Court

*(left margin, vertical text)* **SMITH LILLIS PITHA LLP**   400 Montgomery Street, Suite 501 • San Francisco, CA 94104 • 415-814-0405 (t) 415-217-7011 (f)

(the "Alameda Litigation"), along with the "doe" amendments to the Complaint filed December 16, 2004 naming Jeffrey Schreiber and Suzanne Schreiber (and dba S&A Services of Marion, Ltd.), Schreiber & Associates, P.C., The Schreiber Law Firm LLC, and Harris & Dial P.C. in the place of certain "doe" defendants.  A true and correct copy of this Complaint and its doe amendments are attached as Exhibit A to the accompanying Declaration of Damien P. Lillis.

2.    The Declaration of Jeffrey Schreiber in Support of Motion for Summary Judgment or Summary Adjudication, filed in the Alameda Litigation on July 3, 2007.  A true and correct copy of this document is attached as Exhibit B to the accompanying Declaration of Damien P. Lillis.

3.    The Declaration of Suzanne Schreiber in Support of Motion for Summary Judgment or Summary Adjudication, filed in the Alameda Litigation on July 3, 2007.  A true and correct copy of this document is attached as Exhibit C to the accompanying Declaration of Damien P. Lillis.

4.    The Memorandum in Opposition to Motion for Summary Judgment filed by Robert Siemons in the Alameda Litigation on September 12, 2007.  A true and correct copy of this document is attached as Exhibit D to the accompanying Declaration of Damien P. Lillis.

5.    The Alameda County Superior Court's Order denying the Schreibers' motion for summary judgment/adjudication in the Alameda Litigation, filed on or about October 3, 2007.  A true and correct copy of this document is attached as Exhibit E to the accompanying Declaration of Damien P. Lillis.

6.    Notice of Removal, filed in this action on April 29, 2008.  A true and correct copy of this document is attached as Exhibit F to the accompanying Declaration of Damien P. Lillis.

7.    The Registrar of Actions/Docket from the Alameda Litigation.  A true and correct copy of the Registrar is attached as Exhibit G to the accompanying Declaration of Damien P. Lillis.

**JUDICIAL NOTICE IS APPROPRIATE**

Under Federal Rule of Evidence 201(d), "[a] court shall take judicial notice if requested by a party and supplied with the necessary information."  Under Federal Rule of Evidence 201(b), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

SMITH LILLIS PITHA LLP
400 Montgomery Street, Suite 501 • San Francisco, CA 94104 • 415-814-0405 (t) 415-217-7011 (f)

Courts may properly take judicial notice of pleadings and orders filed in other courts, particularly when such proceedings have a direct relationship to the case and matters at issue. *See*, *e.g.*, *MGIC Indem. Corp. v. Weisman*, 803 F. 2d 500, 504 (9th Cir. 1986) (holding that a court may take judicial notice of its own files and files of other cases); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F. 2d 244, 248 (9th Cir. 1992) (taking judicial notice of potentially dispositive state court judgment). Also, the judicial admissions of a party in pleadings filed in other actions are facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Plaintiff requests judicial notice of Defendants' judicial filings in the Alameda County Superior Court, under Federal Rules of Evidence 201(b) and (d), because such filings establish that Defendants have no basis to challenge venue in this action.

Dated: July 3, 2008                          SMITH LILLIS PITHA LLP

By: _____
DAMIEN P. LILLIS
Attorneys for Plaintiff Simmonds & Narita LLP

### DECLARATION OF DAMIEN P. LILLIS

I, Damien P. Lillis, declare:

1. I am an attorney duly admitted to practice before this District Court and others and all of the courts of the State of California. I am a partner of Smith Lillis Pitha LLP, attorneys for Plaintiff Simmonds & Narita LLP in this action. I have personal knowledge of the matters set forth in this Declaration, and if called to testify, I could and would competently testify to them.

2. Attached hereto as Exhibit A is a true and correct copy of the Complaint filed by Robert Siemons against Defendants Jeffrey Schreiber and Suzanne Schreiber, among others, on August 25, 2004 in Case No. VG041721155 in Alameda County Superior Court (the "Alameda Litigation"), along with several "doe" amendments to the Complaint filed December 16, 2004 naming Jeffrey Schreiber and Suzanne Schreiber (and dba S&A Services of Marion, Ltd.), Schreiber & Associates, P.C., The Schreiber Law Firm LLC, and Harris & Dial P.C. in the place of certain "doe" defendants. (All documents filed in

SMITH LILLIS PITHA LLP
400 Montgomery Street, Suite 501 • San Francisco, CA 94104 • 415-814-0405 (t) 415-217-7011 (f)

the Alameda Litigation action are available online at

http://apps.alameda.courts.ca.gov/domainweb/html/index.html.)

       3.    Attached hereto as Exhibit B is a true and correct copy of the Declaration of Jeffrey Schreiber in Support of Motion for Summary Judgment or Summary Adjudication, filed in the Alameda Litigation on July 3, 2007.

       4.    Attached hereto as Exhibit C is a true and correct copy of the Declaration of Suzanne Schreiber in Support of Motion for Summary Judgment or Summary Adjudication, filed in the Alameda Litigation on July 3, 2007.

       5.    Attached hereto as Exhibit D is a true and correct copy of the Memorandum in Opposition to Motion for Summary Judgment filed by Robert Siemons in the Alameda Litigation on September 12, 2007.

       6.    Attached hereto as Exhibit E is a true and correct copy of the Alameda County Superior Court's Order denying the Schreibers' motion for summary judgment/adjudication in the Alameda Litigation, filed on or about October 3, 2007.

       7.    Attached hereto as Exhibit F is a true and correct copy of the Notice of Removal filed by Defendants in this action on April 29, 2008.

       8.    Attached hereto as Exhibit G is a true and correct copy of the Registrar of Actions/Docket from the Alameda Litigation, also available on the court's web site noted above.

       9.    Attached hereto as Exhibit H are true and correct copies of pages printed/copied from the web site www.schreiblaw.com, which is (on information and belief) owned and operated by Defendant Jeffrey Schreiber.

       I declare under penalty of perjury that the foregoing is true and correct, executed this 3rd day of July, 2008 at San Francisco, California.

_____

                    Damien P. Lillis

SMITH LILLIS PITHA LLP

400 Montgomery Street, Suite 501 • San Francisco, CA  94104 • 415-814-0405 (t) 415-217-7011 (f)

# EXHIBIT A

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite A-7
Modesto CA 95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

**FILED BY FAX**
ALAMEDA COUNTY

August 25, 2004

CLERK OF
THE SUPERIOR COURT
By: Rosanne Case, Dep

**CASE NUMBER:**
**VG04172155**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| ROBERT MICHAEL SIEMONS, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| FIRST U.S.A. BANK, N.A., S & A SERVICES OF MARION, LTD, TRIAD, WILLIAM D. KWIATEK, JASON MAPLES, RANDALL NEIN, and DOES 1-100, inclusive, | |
| Defendants. | |

Plaintiff alleges:

1.    The defendant FIRST USA BANK, N.A. is a business, the exact form of which is unknown and at all times relevant to this lawsuit was doing business and committing the torts, hereinafter alleged, within the State of California.

2.    The defendant S & A SERVICES OF MARION, LTD, is a business, the exact form of which is unknown and at all times relevant to this lawsuit was doing business and committing the torts hereinafter alleged, within the State of California.

3.    The defendant TRIAD, is a business, the exact form of which is unknown and at all times relevant to this lawsuit was doing business and committing the torts hereinafter alleged, within the State of California.

/////

1    4.    The defendants RANDALL NEIN, JASON MAPLES and WILLIAM D. KWIATEK

2  are individuals whose state of residence is unknown to the plaintiff as of the present time, that at all

3  times relevant to this lawsuit were doing business and committing the torts hereinafter alleged,

4  within the State of California.

5    5.    At all times herein mentioned, plaintiff was and now is an officer and management

6  employee of a business known as Siemons Mailing Service, Inc., located in the City of Berkeley,

7  County of Alameda, State of California and a resident of Contra Costa County, California and at all

8  times relevant hereto, other than for the conduct complained of in this lawsuit, has enjoyed a good

9  reputation both generally and in his occupation.

10    6.    The plaintiff is ignorant of the true names and capacities of defendants sued herein

11  as DOES 1-100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff

12  will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is

13  informed and believes and thereon alleges that each of the fictitiously named defendants is

14  responsible in some manner for the occurrences herein alleged, and that the plaintiff's damages as

15  herein alleged were proximately caused by their conduct.

16    7.    The defendants FIRST USA BANK, N.A., S & A SERVICES OF MARION, LTD,

17  TRIAD, RANDALL NEIN, JASON MAPLES and WILLIAM D. KWIATEK and DOES

18  100, at all times herein mentioned were the agents and employees of their codefendants FIRST

19  USA BANK, N.A., S & A SERVICES OF MARION, LTD, TRIAD, RANDALL NEIN, JASON

20  MAPLES and WILLIAM D. KWIATEK and DOES 1-100 and in doing the things hereinafter

21  alleged were acting within the course and scope of such agency and the permission and consent of

22  their co-defendants.

23    8.    That on March 10, 2003, FIRST USA BANK, N.A. confirmed in writing that the

24  plaintiff did not owe any money to FIRST USA BANK, N.A..

25    9.    That none of the defendants have ever possessed or known of the existence of any

26  evidence to prove that the plaintiff has ever had an account with any of the defendants.

27    10.    That none of the defendants have ever possessed or known of the existence of any

28  evidence to prove that the plaintiff has ever received any money from any of the defendants.

1    11.    That none of the defendants have ever possessed or known of the existence of any
2    evidence to prove that the plaintiff has received any credit from any of the defendants.

3    12.    That none of the defendants have ever possessed or known of the existence of any
4    evidence to prove that the plaintiff has entered into any contract with any of the defendants.

5    13.    That within one year prior to the filing of this complaint, the defendants FIRST USA
6    BANK, N.A., S & A SERVICES OF MARION, LTD, TRIAD, RANDALL NEIN, JASON
7    MAPLES and WILLIAM D. KWIATEK and DOES 1-100 have sent and continue to send a report
8    ("report") of credit information regarding the plaintiff to Equifax Information Services, Experian
9    Corporation, TRW and Trans Union Credit bureaus.

10    14.    That the report sent by the defendants to the credit bureaus has been read by potential
11    lenders and creditors of the plaintiff, within the County of Alameda, State of California and
12    elsewhere.

13    15.    That the report sent by the defendants to the credit bureaus states that the plaintiff is
14    indebted to the defendants in an amount in excess of $26,000.00.

15    16.    That the report sent by said defendants to those credit reporting bureaus is false.

16    17.    That the report sent by said defendants was false in that it inaccurately reports that
17    the plaintiff is indebted to FIRST USA BANK N.A., when in truth the plaintiff has never applied
18    for nor received any credit from FIRST USA BANK, N.A., which was known by said defendants
19    prior to the time that it sent the report to Equifax and other credit reporting bureaus.

20    18.    That notwithstanding their knowledge that the information contained in the report
21    was false, the defendants and each of them have knowingly given and continue to provide untrue
22    credit information regarding the plaintiff to Equifax and the other credit reporting bureaus in
23    violation of California Civil Code Section 1747.70(a) and after receiving an inquiry from the
24    plaintiff, the defendants and each of them have refused to withdraw unfavorable information about
25    the plaintiff and refused to cease and desist from publishing unfavorable information about the
26    plaintiff, within the County of Alameda, State of California and elsewhere.

27    /////
28    /////

1      19.    That the defendants and each of them deliberately and intentionally refuse to correct
2 false information that they have knowingly published regarding the plaintiff, in particular that the
3 plaintiff is allegedly in debt to the FIRST USA BANK N.A. or its alleged assignee(s).

4      20.    That the defendant FIRST USA BANK, N.A. with knowledge of and after receiving
5 notice that the plaintiff was the victim of identify theft, sold the debt ("debt") allegedly incurred by
6 the plaintiff's identify theft, in violation California Civil Code Section 1785.16.2(c) to the defendant
7 TRIAD on July 6, 2001 and that with knowledge that the plaintiff did not owe any money to FIRST
8 USA BANK, N.A., the defendant TRIAD thereafter sold the debt to the defendant S & A
9 SERVICES OF MARION, LTD.

10     21.    That as a proximate result of the above-described report, the plaintiff has suffered
11 damage, within the County of Alameda, State of California and elsewhere, to his reputation, shame,
12 mortification and hurt feelings all to his general damage.

13     22.    As a further proximate result of the above-described report, the plaintiff has suffered
14 the following special damages; increased interest expenses when obtaining financial credit, within
15 the County of Alameda, State of California and elsewhere.

16     23.    That above-described publication was published by the defendants with malice, fraud
17 and oppression in that said defendants knew that the contents of their publication were false and
18 untrue and yet published the report with the intention and expectation of extorting money from the
19 plaintiff in order to avoid further ongoing damage to his credit rating and because the defendants
20 did not want to truthfully report profits and losses to their stockholders, investors and creditors and
21 therefore the plaintiff also seeks an award of punitive damage to punish the defendants and deter
22 them from engaging in such conduct and injury other people in the future.

23     24.    That the conduct of the defendants and each of them as described in the foregoing
24 paragraphs numbered eight (8) through twenty-three (23), which are incorporated herein by
25 reference, was intended to cause the plaintiff to suffer severe emotional distress within the County
26 of Alameda, State of California and that as a result of said conduct by the defendants the plaintiff
27 has suffered and continues to suffer severe emotional distress consisting of loss of sleep, loss of
28 appetite, irritability, loss of self-esteem, anxiety and depression all to his general damage.

25.     That as a result of the defendants' intentional infliction of severe emotional distress, the plaintiff has also incurred special damages to help alleviate his loss of sleep, loss of appetite, irritability, loss of self-esteem, anxiety and depression.

WHEREFORE, the plaintiff prays judgment against the defendants and each of them as follows:

1.     For general damages according to proof.

2.     For special damages according to proof.

3.     For punitive damages.

4.     For reasonable attorney fees.

5.     For costs of suit.

6.     For such other and further relief as this Court may deem just and proper.

Dated: August 25, 2004

*Stephen A. Cain*

Stephen A. Cain
Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

FILED BY FAX

ALAMEDA COUNTY

July 20, 2007

CLERK OF
THE SUPERIOR COURT
By Robbi McIntosh, Deputy

CASE NUMBER:
VG04172155

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite D-2
Modesto  CA  95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ROBERT MICHAEL SIEMONS,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST U.S.A. BANK, N.A.,<br>S & A SERVICES OF MARION, LTD,<br>TRIAD, WILLIAM D. KWIATEK, JASON<br>MAPLES, RANDALL NEIN, and DOES 1-100,<br>inclusive,<br><br>Defendants. | Case No.:  VG04172155<br><br>AMENDMENT TO COMPLAINT<br>CCP Section 474 (DOE 5) |

Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant and having designated said defendant in the complaint by a fictitious name, to wit: DOE 5, and having discovered the true name of said defendant to be SCHREIBER & ASSOCIATES, P.C., hereby amends his complaint by inserting such true name in the place and stead of such fictitious name wherever it appears in said complaint.

Dated: July 20, 2007

_____
Stephen A. Cain
Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

AMENDMENT TO COMPLAINT                    - 1 -

FILED BY FAX
ALAMEDA COUNTY

July 20, 2007

CLERK OF
THE SUPERIOR COURT
By Robbi McIntosh, Deputy

CASE NUMBER:
VG04172155

1  Stephen A. Cain, SB#111049
Attorney at Law
2  1101 Standiford Avenue, Suite D-2
Modesto  CA  95350
3  Telephone: (209) 567-1300

4

Attorney for Plaintiff
5  ROBERT MICHAEL SIEMONS

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10

11  ROBERT MICHAEL SIEMONS,              )  Case No.:  VG04172155
                                         )
12           Plaintiff,                   )
                                         )  AMENDMENT TO COMPLAINT
13      vs.                               )  CCP Section 474 (DOE 7)
                                         )
14  FIRST U.S.A. BANK, N.A.,              )
    S & A SERVICES OF MARION, LTD,        )
15  TRIAD, WILLIAM D. KWIATEK, JASON      )
    MAPLES, RANDALL NEIN, and DOES 1-100, )
16  inclusive,                            )
                                         )
17           Defendants.                  )
                                         )
18  _____)

19      Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant

20  and having designated said defendant in the complaint by a fictitious name, to wit: DOE 7, and

21  having discovered the true name of said defendant to be The SCHREIBER LAW FIRM, LLC,

22  hereby amends his complaint by inserting such true name in the place and stead of such fictitious

23  name wherever it appears in said complaint.

24  Dated: July 20, 2007

25                                    _____
                                          Stephen A. Cain
26                                        Attorney for Plaintiff
                                          ROBERT MICHAEL SIEMONS

27

28

AMENDMENT TO COMPLAINT              - 1 -

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite D-2
Modesto   CA   95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

FILED BY FAX
ALAMEDA COUNTY

July 20, 2007

CLERK OF
THE SUPERIOR COURT
By Robbi McIntosh, Deputy

CASE NUMBER:
VG04172155

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ROBERT MICHAEL SIEMONS,<br><br>          Plaintiff,<br><br>     vs.<br><br>FIRST U.S.A. BANK, N.A.,<br>S & A SERVICES OF MARION, LTD,<br>TRIAD, WILLIAM D. KWIATEK, JASON<br>MAPLES, RANDALL NEIN, and DOES 1-100,<br>inclusive,<br><br>          Defendants. | Case No.:  VG04172155<br><br>AMENDMENT TO COMPLAINT<br>CCP Section 474 (DOE 6) |

Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant and having designated said defendant in the complaint by a fictitious name, to wit: DOE 6, and having discovered the true name of said defendant to be HARRIS AND DIAL, P.C., hereby amends his complaint by inserting such true name in the place and stead of such fictitious name wherever it appears in said complaint.

Dated: July 20, 2007

_____
Stephen A. Cain
Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

AMENDMENT TO COMPLAINT                              - 1 -

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite A-7
Modesto  CA  95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

**FILED BY FAX**
ALAMEDA COUNTY

December 16, 2004

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
VG04172155

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ROBERT MICHAEL SIEMONS, | ) Case No.: **VG04172155** |
| Plaintiff, | ) |
| vs. | ) AMENDMENT TO COMPLAINT<br>) CCP Section 474 (DOE 1) |
| FIRST U.S.A. BANK, N.A.,<br>S & A SERVICES OF MARION, LTD,<br>TRIAD, WILLIAM D. KWIATEK, JASON<br>MAPLES, RANDALL NEIN, and DOES 1-100,<br>inclusive, | ) |
| Defendants. | ) |

Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant and having designated said defendant in the complaint by a fictitious name, to wit: DOE 1, and having discovered the true name of said defendant to be JEFFREY SCHREIBER, hereby amend his complaint by inserting such true name in the place and stead of such fictitious name wherever it appears in said complaint.

Dated: December 15, 2004

Stephen A. Cain
Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite A-7
Modesto  CA  95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

**FILED BY FAX**
ALAMEDA COUNTY

December 16, 2004

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
VG04172155

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ROBERT MICHAEL SIEMONS, | ) Case No.: VG04172155 |
| Plaintiff, | ) |
| | ) AMENDMENT TO COMPLAINT |
| vs. | ) CCP Section 474 (DOE 3) |
| | ) |
| FIRST U.S.A. BANK, N.A., | ) |
| S & A SERVICES OF MARION, LTD, | ) |
| TRIAD, WILLIAM D. KWIATEK, JASON | ) |
| MAPLES, RANDALL NEIN, and DOES 1-100, | ) |
| inclusive, | ) |
| | ) |
| Defendants. | ) |

Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant and having designated said defendant in the complaint by a fictitious name, to wit: DOE 3, and having discovered the true name of said defendant to be JEFFREY SCHREIBER, d.b.a. S & A SERVICES OF MARION, LTD, hereby amends his complaint by inserting such true name in the place and stead of such fictitious name wherever it appears in said complaint.

Dated: December 15, 2004

Stephen A. Cain
Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

AMENDMENT TO COMPLAINT - 1

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite A-7
Modesto  CA  95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

FILED BY FAX
ALAMEDA COUNTY

December 16, 2004

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
VG04172155

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

ROBERT MICHAEL SIEMONS,

        Plaintiff,

        vs.

FIRST U.S.A. BANK, N.A.,
S & A SERVICES OF MARION, LTD,
TRIAD, WILLIAM D. KWIATEK, JASON
MAPLES, RANDALL NEIN, and DOES 1-100,
inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  VG04172155

AMENDMENT TO COMPLAINT
CCP Section 474 (DOE 4)

Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant and having designated said defendant in the complaint by a fictitious name, to wit: DOE 4, and having discovered the true name of said defendant to be SUZANNE SCHREIBER, d.b.a. S & A SERVICES OF MARION, LTD, hereby amends his complaint by inserting such true name in the place and stead of such fictitious name wherever it appears in said complaint.

Dated: December 15, 2004

                    Stephen A. Cain
                    Attorney for Plaintiff
                    ROBERT MICHAEL SIEMONS

# EXHIBIT B

ENDORSED
FILED
ALAMEDA COUNTY

07 JUL -3 PM 3:15

CLERK OF THE SUPERIOR COURT
BY BARBARA C. YOUNG, DEPUTY

1  MICHAEL R. SIMMONDS (SBN 96238)
   TOMIO B. NARITA (SBN 156576)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   msimmonds@snllp.com
5  tnarita@snllp.com

6
   Attorneys for Defendants
7  JEFFREY SCHREIBER and SUZANNE SCHREIBER

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          COUNTY OF ALAMEDA, UNLIMITED CIVIL JURISDICTION

11  ROBERT MICHAEL SIEMONS,            )  CASE NO. VG04172155
                                       )
12            Plaintiff,               )  **DECLARATION OF JEFFREY**
                                       )  **SCHREIBER IN SUPPORT OF MOTION**
13       vs.                           )  **FOR SUMMARY JUDGMENT OR**
                                       )  **SUMMARY ADJUDICATION**
14  FIRST U.S.A. BANK, N.A.,           )
    S&A SERVICES OF MARION, LTD.,      )
15  TRIAD,                             )  Date: September 26, 2007
    WILLIAM D. KWIATEK,                )  Time: 9:00 a.m.
16  JASON MAPLES,                      )  Department: 31
    RANDALL NEIN,                      )  Res. No.: 729129
17  JEFFREY SCHREIBER,                 )
    SUZANNE SCHREIBER,                 )  Hon. Frank Roesch
18  and Does 5-100, inclusive,         )
                                       )  Complaint Filed: August 25, 2004
19            Defendants.              )  Trial Date: November 2, 2007
                                       )
20  ─────────────────────────────────  )

                                                        BY FAX
21     I, Jeffrey Schreiber, declare:

22     1.     I am one of the named defendants in this action.  I have personal knowledge as

23  to the matters stated herein and am competent to testify thereto.

24     2.     I reside in Indiana.  I was married to defendant Suzanne Schreiber for more

25  than nineteen years.  We were recently divorced.

26     3.     I am an attorney licensed to practice law in the states of Indiana,

27  Massachusetts, New York, New Hampshire and the District of Columbia.  At all times

28

1  relevant to the facts of this case, I was a shareholder of Schreiber & Associates, P.C., a

2  professional corporation organized under the laws of the State of Massachusetts.

3      4.    I own fifty percent of the shares of Consolidation U.S.A., Inc., a

4  Massachusetts corporation. My former wife, Suzanne Schreiber, owns the other fifty

5  percent.

6      5.    In 2001, S&A Services of Marion, Ltd., a corporation incorporated under the

7  laws of the State of Indiana ("S&A Marion"), was formed. Two-thirds of the shares of S&A

8  Marion were owned by Consolidation U.S.A., Inc. The remaining one-third of the shares of

9  S&A Marion were owned by a different corporation, Consolidation U.S.A. II, Inc., in which

10  I have no ownership interest, either direct or indirect.

11      6.    S&A Marion operated a "call center" in Marion, Indiana. It was not profitable.

12  It ceased doing business in 2003, and it was formally dissolved in 2005.

13      7.    I was never an officer or an employee of S&A Marion. I had no management

14  responsibilities with respect to S&A Marion.

15      8.    Prior to the filing of this lawsuit, I had never heard of the plaintiff, Robert

16  Michael Siemons, or any of the issues he has raised in this lawsuit relating to his account.

17      9.    S&A Marion furnished consumer information to certain consumer reporting

18  agencies utilizing the same procedure and personnel employed by Schreiber & Associates,

19  P.C. Up-to-date information was downloaded from S&A Marion's server each month to a

20  tape, and the information on the tape was then provided to the consumer reporting agencies.

21      10.   S&A Marion followed the same procedure as Schreiber & Associates for

22  investigating and reporting information concerning consumer disputes. Whenever a

23  complaint was received, either directly from the consumer or from a consumer reporting

24  agency, the procedure was to update the account so that it would be reported as "disputed"

25  on future reports to the consumer reporting agencies. In addition, S&A had a policy of

26  investigating each consumer dispute and, upon conclusion of the investigation, any

27  appropriate adjustments would be made to the account data in order to ensure that the

28

1  information furnished to the consumer reporting agencies was accurate.  It was my

2  understanding and my expectation that these procedures were being utilized for all accounts.

3       11.    I have never furnished information about Robert Michael Siemons, or any

4  other consumer, to any consumer reporting agency.

5       12.    Prior to the filing of this lawsuit, I was not aware that S&A Marion was

6  publishing information to consumer reporting agencies about Robert Michael Siemons, or

7  that he disputed the accuracy of information about him that had been furnished by S&A to

8  consumer reporting agencies.

9       I declare under penalty of perjury under the laws of the State of California that the

10 foregoing is true and correct.  Executed this 28 day of June, 2007, at  Marion,

11 Indiana.

13                                                    _____

14                                                            Jeffrey Schreiber

# EXHIBIT C

1 | MICHAEL R. SIMMONDS (SBN 96238)
2 | TOMIO B. NARITA (SBN 156576)
  | SIMMONDS & NARITA LLP
3 | 44 Montgomery Street, Suite 3010
  | San Francisco, CA 94104-4816
  | Telephone: (415) 283-1000
4 | Facsimile:  (415) 352-2625
  | msimmonds@snllp.com
5 | tnarita@snllp.com

6

7 | Attorneys for Defendants
  | JEFFREY SCHREIBER and SUZANNE SCHREIBER

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF ALAMEDA, UNLIMITED CIVIL JURISDICTION

11

ROBERT MICHAEL SIEMONS,    ) CASE NO. VG04172155
                            )
          Plaintiff,        ) **DECLARATION OF SUZANNE**
                            ) **SCHREIBER IN SUPPORT OF MOTION**
      vs.                    ) **FOR SUMMARY JUDGMENT OR**
                            ) **SUMMARY ADJUDICATION**
FIRST U.S.A. BANK, N.A.,     )
S&A SERVICES OF MARION, LTD., )
TRIAD,                       ) Date: September 26, 2007
WILLIAM D. KWIATEK,          ) Time: 9:00 a.m.
JASON MAPLES,                ) Department: 31
RANDALL NEIN,                ) Res. No.: 729129
JEFFREY SCHREIBER,           )
SUZANNE SCHREIBER,           ) Hon. Frank Roesch
and Does 5-100, inclusive,   )
                            ) Complaint Filed: August 25, 2004
          Defendants.       ) Trial Date: November 2, 2007
                            )

# BY FAX

I, Suzanne Schreiber, declare:

1.      I am one of the named defendants in this action.  I have personal knowledge as to the matters stated herein and am competent to testify thereto.

2.      I reside in Massachusetts and have been a resident of Massachusetts at all times relevant to this action.  I was married to defendant Jeffrey Schreiber for more than nineteen years.  We were recently divorced.

1    3.    I own fifty percent of the shares of Consolidation U.S.A., Inc., a Massachusetts

2  corporation.  My former husband, Jeffrey Schreiber, owns the other fifty percent.

3    4.    In 2001, I participated in the formation of S&A Services of Marion, Ltd., a

4  corporation incorporated under the laws of the State of Indiana ("S&A Marion").  Two-thirds

5  of the shares of S&A Marion were owned by Consolidation U.S.A., Inc.  The remaining one-

6  third of the shares were owned by a different corporation, Consolidation U.S.A. II, Inc., in

7  which I have no ownership interest, either direct or indirect.

8    5.    S&A Marion operated a "call center" in Marion, Indiana.  It employed up to

9  seventy persons while in business.  It was not profitable, however, and ceased doing business

10  in 2003.  S&A Marion was formally dissolved in 2005.  At all times, I served as the

11  President of S&A Marion.

12    6.    The day-to-day operations of S&A Marion were managed by a general

13  manager who was on-site in Marion, Indiana.  The general manager oversaw six to seven

14  supervisors, each of whom in turn supervised approximately ten to twelve telephone

15  representatives.  All of the foregoing – the general manager, the supervisors, and the

16  telephone representatives of S&A Marion – received training prior to telephoning debtors.

17  S&A Marion did not own the debts it was attempting to collect.  It was retained by other

18  entities that actually owned the debts, such as companies that purchased large portfolios of

19  delinquent accounts from brokers or credit card banks.  The training that these employees of

20  S&A Marion received included two weeks of classes and testing regarding the requirements

21  of the Fair Debt Collection Practices Act and related legal requirements.  In addition, each

22  telephone representative received supervised on-the-job training in which a designated

23  supervisor would monitor calls to ensure that the telephone calls to debtors were being

24  handled in accordance with S&A Marion's written policies and procedures.

25    7.    I did not manage day-to-day operations of S&A Marion.  As President, I

26  oversaw the "back office" operations – receipt and booking of sums received from debtors,

27  management of account payables, and funding of payroll – at my office in Massachusetts.

28  Most of this work was actually done by employees whom S&A shared with Schreiber &

1  Associates, P.C., a law firm in which my former husband, Jeffrey Schreiber, was a

2  shareholder.

3      8.    S&A Marion furnished information regarding the debtors' accounts to

4  consumer reporting agencies.  Current information regarding those accounts, which resided

5  on S&A Marion's server in Marion, Indiana, was downloaded each month to tape and then

6  provided to the consumer reporting agencies as directed.  I did not participate in any aspect

7  of this monthly reporting process.  The policies and procedures of S&A Marion were

8  designed and intended to communicate accurate information to the consumer reporting

9  agencies.  It was my understanding and expectation that these procedures were being utilized

10  for all accounts.

11      9.    As President of S&A Marion, I had no contact with debtors at any time.

12      10.    Prior to the filing of this lawsuit, I had never heard of the plaintiff, Robert

13  Michael Siemons, or any of the issues he has raised in this lawsuit relating to his account.

14      11.    I have never furnished information about Robert Michael Siemons, or any

15  other consumer, to any consumer reporting agency.

16      12.    Prior to the filing of this lawsuit, I was not aware that S&A Marion was

17  publishing information to consumer reporting agencies about Robert Michael Siemons, or

18  that he disputed the accuracy of information about him that had been furnished by S&A to

19  consumer reporting agencies.

20

21      I declare under penalty of perjury under the laws of the State of California that the

22  foregoing is true and correct.  Executed this  2  day of July, 2007, at

23  _Andover_____, Massachusetts.

24

25

26                                Suzanne Schreiber

27

28

# EXHIBIT D

FILED BY FAX
ALAMEDA COUNTY

September 12, 2007

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
VG04172155

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite D-2
Modesto  CA  95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ROBERT MICHAEL SIEMONS,<br><br>      Plaintiff,<br><br>vs.<br><br>FIRST U.S.A. BANK, N.A.,<br>S & A SERVICES OF MARION, LTD,<br>TRIAD, WILLIAM D. KWIATEK, JASON<br>MAPLES, RANDALL NEIN, and DOES 1-100,<br>inclusive,<br><br>      Defendants. | Case No.: VG04172155<br><br>MEMORANDUM IN OPPOSITION TO<br>MOTION  FOR SUMMARY JUDGMENT<br>CCP § 437 c<br><br>DATE: September 26, 2007<br>TIME: 9:00 a.m.<br>LOCATION: Dept. 31<br>Res. No. 739928<br><br>Ho. Frank Roesch<br><br>ACTION FILED: Aug. 25, 2004<br>TRIAL DATE: November 2, 2007 |

Comes now Plaintiff, ROBERT MICHAEL SIEMONS, opposing the Motion for Summary

Judgment pursuant to CCP § 437c, as follows:

### I.

### The Entire Premise for This Motion is Erroneous

The premise of this motion is that a defendant who is not personally familiar with the

injured plaintiff cannot be responsible for his injuries. This is not the law. The recent pleadings filed

both in this Court and in Federal Court evidence a pattern of misstating the law and then urging the

Court to adopt an erroneous principle in making its ruling.

Torts is a first year course in law school. In Torts class, the professors taught that liability is

Opposition to Motion for                    - 1 -

Summary Judgment CCP § 437c

1   premised upon the issue of duty as defined by the foreseeability of injury. The owners of a

2   collection company who do not properly train the collectors and who devise and implement

3   inadequate systems cannot escape liability because they do not personally know the alleged debtors

4   who are harassed and victimized by illegal collection tactics. The law is just the opposite. The

5   owners have a duty to properly train and supervise collectors so that the collectors do not break the

6   law, and to devise and implement systems that make sure that the law is followed. It is foreseeable

7   that the breach of these duties will result in the injury and damage to alleged debtors. This motion is

8   nothing but a re-packaging of the same arguments that are contained in the other pleading that the

9   defendants have filed in their frenetic attempts to avoid a jury trial.

10        This motion is also doomed to failure because the premise, that a defendant who is not

11   personally familiar with the injured plaintiff cannot be responsible for his injuries, is not the law in

12   the State of California. It is the exercise of control over the policies that permitted the misconduct

13   that gives rise to liability The civil case of *People v. Dollar Rent-A-Car Systems, Inc.* (1989) 211

14   CA 3d 119 is instructive. The Court held the majority shareholder personally liable for the

15   deceptive sales of Collision Damage Waiver Coverage as "insurance" even though he had never had

16   any contact with the defrauded purchasers. "If a corporate officer or director were not liable for his

17   or her own tortious conduct, he or she 'could inflict injuries upon others and then escape liability

18   behind the shield of his or her representative character, even though the corporation might be

19   insolvent or irresponsible.' ( *Frances T., supra,* 42 Cal.3d at p. 505,...) *PMC, In. v. Kadisha* (2000)

20   78 CA4th 1368, 1381. This, in a nutshell, was the defendant's game plan. Within weeks of being

21   served, the Schreibers voted to dissolve S & A Services of Marion, Ltd. See, **Exhibit # 7** to

22   declaration of Stephen A. Cain.

23        The evidentiary premise of the motion is also erroneous in that the defendants are arguing

24   that because plaintiff cannot disprove the claimed defense, the plaintiff should not be allowed to

25   have his day in court. It has been specifically held that a defendant cannot base its "showing" on

26   plaintiff's lack of evidence to disprove its claimed defense. *Consumer Cause, Inc. v. SmileCare*

27   (2001) 91 CA4th at 472; Weil & Brown, Cal. Practice Guide Civil Procedure Before Trial, (The

28   Rutter Group 2007) ¶10:247. Here the defendants are claiming that their lack of personal knowledge

Opposition to Motion for                    - 2 -
Summary Judgment CCP § 437c

1   is a defense and urging the Court to dismiss the case because plaintiff cannot prove personal

2   knowledge. The defendants are wrong on both counts.

3                              **II.**

4                    **MOVING PARTY'S BURDEN**

5        Thus, 'from commencement to conclusion, the party moving for summary judgment bears

6   the burden of *persuasion* that there is no triable issue of material fact and that it is *entitled to*

7   *judgment* as a matter of law.' *Aguilar v. Atlantic Richfield Co.,* (2001) 25 CA4th 826, 850. Further,

8   it is the moving party's burden to support every "Undisputed Fact" by evidence establishing the

9   moving party's right to the relief sought. *Regents of the Univ. of Calif. V. Sup. Ct. (Roettgen)* (1996)

10   41 CA4th 1040. The showing must be prima facie; "...one that is sufficient to support the position

11   of the party in question. 'No more is called for.'" *Aguilar v. Atlantic Richfield Co.,* supra at 850. The

12   burden is such that, "There is no obligation on the opposing party ... to establish anything by

13   affidavit unless and until the moving party has by affidavit stated facts establishing *every element* ...

14   necessary to sustain a judgment in his favor." *Consumer Cause, Inc. v. SmileCare* (2001) 91 CA4th

15   454, 468. The defendant must prove that it is entitled to judgment with respect to all theories of

16   liability asserted by the plaintiff. *Lopez v. Sup. Ct. (Friedman Bros. Inv. Co.* (1996) 45CA4th 705,

17   717.

18        Besides being legally erroneous, the evidence presented by the defendants is immaterial.

19   The pleadings determine what issues are material in a summary judgment motion. Therefore, the

20   moving party's evidence must be directed to the claims or defenses raised in the pleadings. *Keniston*

21   *v. American Nat'l Ins. Co.* (1973) 31 CA3d 803. The moving party must show that the undisputed

22   facts, when applied to the issues framed by the pleadings, entitle the moving party to judgment.

23   *Juge v. County of Sacramento* (1993) 12 CA4th 59, 66. Whether the plaintiff has evidence that the

24   Schreibers did or did not know of his existence or that he had been harassed the collectors lends

25   nothing to this motion. The fact that Mr. Siemons does not controvert the defendant's claimed

26   ignorance of his existence does not necessarily show the claim "cannot be established" where those

27   facts are not likely to have been known to plaintiff. *Villa v. McFerren* (1995) 35 CA4th 733, 749. In

28   the *Villa* case, the plaintiff admitted that he was personally unaware of any significant

1     communication between the named defendants. This did not "show" that plaintiff's cause of action

2     "cannot be established" because there was no reason to suppose that plaintiff would have been

3     present to observe such communications. Such evidence was not sufficient to shift the burden of

4     proof to plaintiff to prove a triable issue existed as to the conspiracy allegations. *Villa v. McFerren*,

5     supra, 35 CA4th at 749. The defendants want to utilize their alleged ignorance to shift the burden to

6     the plaintiff to produce evidence on the defendant's failure to implement the training, oversight, and

7     dispute resolution procedures necessary to prevent the collectors from breaking the law. Neither law

8     or logic connect the two sufficiently to give rise to a motion for summary judgment.

9                                             **III.**

10                             **<u>OPPOSING PARTY'S BURDEN</u>**

11         **CCP § 437c (c)**, provides summary judgment can be granted only if there is **<u>NO</u>** triable

12     issue of any material fact. The plaintiff needs prove nothing if the defendant fails in its

13     burden. If the defendant succeeds, the burden shifts to the opposing party to produce *admissible*

14     *evidence* showing a triable issue of fact exists. Plaintiff must produce specific facts showing a

15     triable, material controversy as to whatever element of the cause of action that the defendant claims

16     cannot be established. *FSR Brokerage, Inc. v. Sup. Ct. (Blanco)* (1995) 35 CA4th 69, 73-74.

17         In meeting its burden the plaintiff has three legal advantages. The statute, **CCP § 437c (c)**,

18     directs the court to consider "…and all inferences reasonably deducible from the evidence, except

19     summary judgment may not be granted by the court based on inferences reasonably deducible from

20     the evidence, if contradicted by other inferences or evidence, which raise a triable issue as to any

21     material fact." Thus the court must (1) indulge all inferences deducible from the plaintiff's evidence

22     and (2) deny summary judgment if the inferences urged by the defendant are contradicted by

23     inferences raise by plaintiff's evidence. *Aguilar v. Atlantic Richfield Co.,* supra at 843. Thirdly, the

24     moving party's declarations and evidence will be strictly construed in determining whether they

25     negate (disprove) an essential element of plaintiff's claim "in order to avoid unjustly depriving the

26     plaintiff of a trial." *Brantley v. Pisaro* (1996) 42 CA4th1591,1601; *Molko v. Holy Spirit Ass'n*

27     (1988) 46 C3d 1092, 1107.

28         When considering the inferences from the evidence, the Court is certainly aware that

Opposition to Motion for              - 4 -

Summary Judgment CCP § 437c

nowhere do the defendants controvert the factual basis for the plaintiff's claim. They do not deny that plaintiff was called over 70 times (**Exhibit #3;** Decl. of Stephen A. Cain), that the collectors refused to change the information in the file, erroneous and damaging credit information was published to major credit collection organizations (**Exhibit #2;** Decl. of Stephen A. Cain), or that he and his family were humiliated and forced to change their life style. Uncontroverted, the Court must infer that everything the plaintiff alleges is true. The only issue is whether the Schreibers, as the owners, "top bosses", and creators of these companies are responsible. A strict construction of the evidence of the Schreiber's alleged ignorance, only allows the Court to infer that the Schreibers did not have an adequate system to allow them to stop illegal activities by the collectors. The validity of this inference is confirmed by the settlement with the Attorney General for Massachusetts. There were 7 agreed changes in the procedures, Jeffrey Schreiber agreed to be personally bound to make the changes, and a fine of $100,000 was paid (Settlement w/ Mass. A.G., **Exhibit #8** to Decl. of Stephen A. Cain). Had a proper system of training and oversight been in effect in 2003, it would have prevented the plaintiff and his family from the undisputed injuries that the suffered.

IV.

### Jeffrey Schreiber Devised, Implemented and Enforced the Inadequate System

Subsequent to this motion being filed, Jeffrey Schreiber's deposition was held. In the course of his deposition Mr. Schreiber admitted that of his own personal knowledge that IT people at Schreiber and Associates would load the information from tapes collected from the Marion server and the information was relayed to consumer credit reporting agencies. He was the one who gave the instruction that this procedure was to be followed (Depo. Jeffrey Schreiber, 105:6-108:11, **Exhibit #1** to Decl. of Stephen A. Cain). The procedures investigating and reporting information concerning consumer disputes used at Marion were the same as used by Schreiber and Associates because Jeffrey Schreiber instructed them on the procedure (Depo. Jeffrey Schreiber, 108:12-110:24, **Exhibit #1** to Decl. of Stephen A. Cain). As the sole owner of the law office of Schreiber and Associates, Jeffrey Schreiber made it clear that he wanted certain procedures followed and that his instructions were to be followed (Depo. Jeffrey Schreiber, 109:12-24, **Exhibit #1** to Decl. of Stephen A. Cain). Jeffrey Schreiber directed that whenever a complaint was received either directly

1   from a consumer or from a consumer reporting agency, the procedure was to update the account so

2   that it would be reported as "disputed" on future reports to consumer reporting agencies. Jeffrey

3   Schreiber personally gave these instructions to Schreiber and Associates employees and the

4   employees in Marion were instructed to follow the same procedures (Depo. Jeffrey Schreiber,

5   110:1-24, **Exhibit #1** to Decl. of Stephen A. Cain). S & A also had a policy of investigating each

6   consumer dispute and, upon conclusion of the investigation,  any appropriate adjustments would be

7   made to the account data in order to ensure that the information furnished to the consumer reporting

8   agencies was accurate, which was the direct result of Jeffrey Schreiber's instructions (Depo. Jeffrey

9   Schreiber, 110:24-111:24, **Exhibit #1** to Decl. of Stephen A. Cain). However, as he sat in his office

10   at S & A Services, Ltd. in Marion, the disputed Siemons debt was not investigated (Depo. Jayson

11   Maples, 139:14-17, **Exhibit #9** to Decl. of Stephen A. Cain).

V.

<u>**Schreibers Admitted That Procedures Were Inadequate**</u>

14       The goal of these instructions was to have S & A of Marion, Indiana, functioning exactly as

15   Schreiber and Associates, of Danvers, Massachusetts. However, as the investigation by the

16   Massachusetts Attorney General concluded, AND THE DEFENDANTS ADMITTED, the

17   procedures were inadequate to ensure compliance with Federal and State law. In 2004 Jeffrey

18   Schreiber took personal responsibility for attempted collection of a debt not owed by one consumer

19   and agreed to be personally bound by the agreement to implement improvements. He basically

20   admitted that the procedures were inadequate to prevent the abuse in the instant case, and he would

21   personally oversee the needed improvements. He agreed to (1) designate a debt collection

22   supervisor to ensure compliance with state and federal law, (2) provide enhanced training to the

23   debt collectors, (3) immediately notify consumers if Schreiber learns that a debt has been paid, is

24   not the consumer's obligation, or is otherwise illegitimate, (4) record all telephone conversations

25   with consumers, (5) maintain records of all debt collection activities, (6) designate a mediation

26   supervisor and implement procedures to mediate disputes, and (7) record and confirm in writing

27   oral payment authorizations from consumers (Settlement w/ Mass. A.G., **Exhibit #8** to Decl. of

28   Stephen A. Cain).  Jeffrey Schreiber admits to appointing two debt collection supervisors to ensure

1   compliance with state and federal law. One supervisor is William Harris, a 5% shareholder in Harris

2   and Dial, P.C., which is the successor to Schreiber and Associates. Jeffrey Schreiber owns 90% of

3   Harris and Dial, and Dial owns the remaining 5% (Depo. Jeffrey Schreiber, 31:8-16, **Exhibit #1** to

4   Decl. of Stephen A. Cain). Whether the other improvements to the collection procedures were

5   actually carried out could not be ascertained at Mr. Schreibers deposition due to counsel instructing

6   Jeffrey Schreiber not to answer (Depo. Jeffrey Schreiber, 116:15-124:14, **Exhibit #1** to Decl. of

7   Stephen A. Cain).

8                                                **VI.**

9                   **Suzanne Schreiber Exerted Detailed, Daily Supervision**

10          Contrary to her self portrayal as the wife who was just following her husbands lead, Suzanne

11   Schreiber was fully involved in the creation of the collection business. Not only was she the CEO of

12   every collection location (Depo. Suzanne Schreiber, 20:15-24, 22:4-14, 27:20-28:6, **Exhibit #6** to

13   Decl. of Stephen A. Cain), it was she who had a background in collections (Depo. Jeffrey Schreiber,

14   27:21-28:2, **Exhibit #1** to Decl. of Stephen A. Cain), conceived of the diversification into other

15   geographic areas (Depo. Jeffrey Schreiber, 16:8-23; 89:14-16, **Exhibit #1** to Decl. of Stephen A.

16   Cain), thought to use the common initials of "S & A" to be used (Depo. Jeffrey Schreiber, 111:25-

17   112:15, **Exhibit #1** to Decl. of Stephen A. Cain), signed the leases  (Depo. Jeffrey Schreiber, 37:4-

18   8, 88:7-9, **Exhibit #1** to Decl. of Stephen A. Cain), and from her office in Massachusetts made daily

19   and covered "…every operational issue or functionality required from IT issues to the amount of

20   collections, who the inventory, to – whatever issues any collection agency would face on a day-to-

21   day basis required the CEO to address, that is what she addressed" (Depo. Jeffrey Schreiber, 67:7-

22   19, **Exhibit #1** to Decl. of Stephen A. Cain).

23                                               **VII.**

24                                      **The "Top Bosses"**

25          In the deposition of Jayson Maples, the supervisor who was ultimately involved in the

26   collection activity directed at plaintiff for the debt that he did not owe, the question of authority in

27   the company was asked. Mr. Maples made it clear that in his mind Jeffrey Schreiber and Suzanne

28   Schreiber were the top bosses (Depo. Jayson Maples, 76:11-20, 155:13-19, 156:1-2, **Exhibit #9** to

1    Decl. of Stephen A. Cain). Jeffrey had his office located in the same facility as S & A of Marion.

2    Allegedly, because Jeffrey Schreiber was the General Counsel for all of the collection

3    entities, if his law practice did not pay the rent, S & A would pay for him (Depo. Jeffrey Schreiber,

4    38:18-39:6, **Exhibit #1** to Decl. of Stephen A. Cain). The landlord actually entered into the lease

5    with the Schreibers while they were operating under the name of 702 South Adams, LLC (Depo.

6    Jeffrey, 38:18-39:6, **Exhibit #1** to Decl. of Stephen A. Cain). So their direct supervision

7    covered every aspect of the operation from the ground up.

8                                              VIII.

9              **The Schreibers Were Doing Business As S & A Services of Marion, Ltd.**

10            The defense seems to ascribe some special meaning to the acronym, DBA. In California,

11    where S & A Services of Marion, Ltd. is still listed as an active corporation, the phrase "doing

12    business as" is not a term of art. It merely described a person who was doing business under some

13    other name. *Meller & Snyder v. R & T Properties, Inc.* (1998) 62 Cal.App.4th 1303, 1311;

14    *Pinkerton's, Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 348; *Billings v. Edwards* (1979) 91

15    Cal.App.3d 826, 830-831 & fn. 1. In 2003 the Schreibers were engaged in operating 3 debt

16    collection locations, one of which was S & A Services of Marion, Ltd. (Depo. Suzanne Schreiber,

17    20:15-24, 22:4-14, 27:20-28:6, **Exhibit #6** to Decl. of Stephen A. Cain). The center of the collection

18    operations was Schreiber and Associates, P.C. (S & A?), totally owned by Jeffrey Schreiber (Depo.

19    Suzanne Schreiber, 82:20-83:15, **Exhibit #6** to Decl. of Stephen A. Cain). However, non lawyer

20    Suzanne Schreiber was the CEO (Depo. Suzanne Schreiber, 20:15-24, **Exhibit #6** to Decl. of

21    Stephen A. Cain)! Jeffrey Schreiber personally devised and implemented the procedures that the

22    collectors were to follow (Depo. Jeffrey Schreiber, 105:6-110:24, **Exhibit #1** to Decl. of Stephen A.

23    Cain).. Because he was the owner he expected that the procedures would be followed. Suzanne

24    Schreiber, from the main office made daily decisions on all issues that a CEO would decide (Depo.

25    Jeffrey Schreiber, 67:7-19, **Exhibit #1** to Decl. of Stephen A. Cain). Jeffrey had set up a law office

26    in the same location as S & A Services of Marion, Ltd. They created another "paper" corporation to

27    be the leaseholder, so Jeffrey Schreiber was not required to pay the rent (Depo. Jeffrey Schreiber,

28    36:19-37:21, 38:18-39:6, **Exhibit #1** to Decl. of Stephen A. Cain). When this lawsuit was filed the

1    Schreibers closed up the operation, liquidated the assets and paid themselves (Depo. Jeffrey

2    Schreiber, 44:7-45:4, **Exhibit #1** to Decl. of Stephen A. Cain; Dissolution documents, **Exhibit #7** to

3    Decl. of Stephen A. Cain).

4         There is no doubt that the Schreibers were doing business as S & A Services of Marion,

5    Ltd., S & A Services of Watertown, Ltd., and Schreiber and Associates, P.C. Logic compels the

6    inference the creation of uncapitalized, "paper" entities, and using only the initials of the main profit

7    center and headquarters was an attempt to hide their identity and insulate them from potential

8    liability. Proof of the frivolous attitude of the Schreibers about their "paper" corporations is the fact

9    that S & A Services of Marion, Ltd. is still shown as a viable corporation in California. (See,

10   **Exhibit #5** to Decl. of Stephen A. Cain)**.** They were either the only shareholders or controlling

11   shareholders of each corporation that they formed, giving them the same absolute control as

12   partners or sole proprietors. A strong indication that the Schreibers were in their own minds

13   personally responsible for every aspect of the business was Jeffrey Schreiber's decision to be

14   personally bound by the agreement that they made with the Massachusetts Attorney General to

15   settle the investigation of their illegal practices (Settlement w/ Mass. A.G., **Exhibit #8** to Decl. of

16   Stephen A. Cain). Defense counsel's instruction to Mr. Schreiber not to questions regarding the

17   agreement Mr. Schreiber made with the Massachusetts Attorney General is the subject of a motion

18   to compel and request for monetary sanctions against defense attorney Tomio Narita, Esq. and the

19   defendant JEFFREY SCHREIBER.

20                                         **X.**

21                                    <u>**Conclusion**</u>

22         These are wealthy, sophisticated business people who fantasized that they were so well

23   insulated behind a veil of defunct corporations and valueless corporate shells that they could sit on

24   their hands, claim ignorance, and thumb their noses at this trivial lawsuit in California. When faced

25   with a case that was indefensible on the merits they just dissolved the shell corporation and shifted

26   the collection activity new corporate shells.  But, when the arbitrator properly applied California

27   Law and held them personally liable, they launched an all out "paper" attack to use every

28   imaginable device to avoid being scrutiny by a jury. The action filed in Federal Court was an

Opposition to Motion for                          - 9 -

Summary Judgment CCP § 437c

1    attempted "end run" around this Court which has had the case since 2004. Suzanne Schreiber

2    required the plaintiff to file several motions to compel simple discovery responses and paid $4,000

3    in monetary sanctions. The Schreiber defendants refused to cooperate in the scheduling of the

4    arbitration hearing, and therefore, it was scheduled by stipulation and court order without regard to

5    the defendants' schedule.

6         This motion is a subterfuge to argue that since they did not personally harass and damage

7    the plaintiff, they cannot be liable.  Lack of personal contact is not a defense in California,

8    especially when the facts are that Jeffrey Schreiber admitted that the training, supervision,

9    oversight, practices and procedures at Schreiber and Associates were provided by him, implement

10   by him and that her "personally" observed that his instructions were followed.

11        The moving parties have not satisfied the burden of proof required of them and this motion

12   should be denied.

13   Dated: September 11, 2007                        Respectfully submitted,

14

15                                                    _____
                                                        Stephen A. Cain
16                                                      Attorney for Plaintiff
                                                      ROBERT MICHAEL SIEMONS
17

18

19

20

21

22

23

24

25

26

27

28

Opposition to Motion for                    - 10 -

Summary Judgment CCP § 437c

# EXHIBIT E

Cain, Stephen A.
Attorney at Law
1101 Standiford Avenue, Suite D-2
Modesto, CA   95350-____

Wineberg, Simmonds & Narita
Attn:  Narita, Tomio B.
44 Montgomery St., Ste. 3880
San Francisco, CA   94104-4811

---

# Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Siemons<br><br>                                   Plaintiff/Petitioner(s)<br><br>          VS.<br><br><br>First USA Bank, N.A.<br>                             Defendant/Respondent(s)<br>       (Abbreviated Title) | No. <u>VG04172155</u><br><br>Order<br><br>Motion for Summary Judgment/Adjudication<br>Denied |

The Motion for Summary Judgment/Adjudication filed for Suzanne Schreiber and Jeffrey Schreiber was set for hearing on 09/26/2007 at 09:00 AM in Department 31 before the Honorable Frank Roesch.  The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The Motion of Defendants Jeffrey and Suzanne Schreiber for Summary Judgment is DENIED.  The Court has considered all the evidence presented.  The undisputed facts demonstrate that S&A Marion was a separately incorporated entity and that Defendants Jeffrey and Suzanne Schreiber were not a DBA for S&A Marion.   (UMF#5 and related evidence.)  There is no allegation in the complaint that Defendants Jeffrey and Suzanne Schreiber were alter egos of S&A Marion.  There are triable issues of fact whether Defendants Jeffrey and Suzanne Schreiber can be held liable for the actions they took as agent directors and officer of S&A Marion.  There is evidence that the Schreibers authorized, directed, or meaningfully participated in torts committed by the entity.  Reynolds v. Bement (2005) 36 Cal. 4th 1075, 1189-1190; PMC, Inc. v. Kadisha (2000) 78 Cal. App. 4th 1368, 1379-1381.  (UMF#2-4 and evidence in opposition thereto.)  All objections by moving party and opposing party are overruled as they are not in compliance with the requirements of California Rule of Court 3.1354.

Dated:  10/03/2007

                                            Judge Frank Roesch

| SHORT TITLE: Siemons VS First USA Bank, N.A. | CASE NUMBER: VG04172155 |
|---|---|

ADDITIONAL ADDRESSEES

Boag, Finley J.
4558 Second St.
Pleasanton, CA   94566-____

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: VG04172155
Order After Hearing Re: of 10/03/2007

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 10/04/2007.

Executive Officer / Clerk of the Superior Court

By  *Vicki Sarbell* digital

_____

Deputy Clerk

# EXHIBIT F

1  WALLACE C. DOOLITTLE (SBN 158116)
   BRADLEY D. BAYAN (SBN 218751)
2  LAW OFFICES OF WALLACE C. DOOLITTLE
   1260 B Street, Suite 220
3  Hayward, California 94541

4  TELEPHONE: (510) 888-0600
   FACSIMILE: (510) 888-0606
5  EMAIL:     doolittlew@doolittlelaw.com

6  Attorneys for Defendants JEFFREY SCHREIBER and SUZANNE E. SCHREIBER

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  SIMMONDS & NARITA LLP, a limited        Case No.
12  liability partnership,                  CV   08      2209
                              Plaintiff,
13                                          NOTICE OF REMOVAL OF ACTION
14  v.                                      UNDER 28 U.S.C. § 1441(b)
                                            (DIVERSITY)
15  JEFFREY SCHREIBER; SUZANNE E.
    SCHREIBER; and DOES 1 through 50,
16  inclusive

17                              Defendants,

18

19

20

21       TO THE CLERK OF THE ABOVE ENTITLED COURT:

22       PLEASE TAKE NOTICE that defendants JEFFREY SCHREIBER hereby removes to

23  this Court the state court action described below.

24

25                      **Jurisdictional Statement**

26       1.      The complaint for money damages filed in the State Court of California in and for

27  the County of San Francisco, that is the basis for this Notice of Removal, involves an amount in

28  controversy of $88,552.99. A copy of the complaint is attached as Exhibit "A".

                              1

1    2.    The plaintiff in this complaint for money damages, SIMMONDS & NARITA

2 LLP, was, and now is, a California limited liability partnership, formed for the purpose of

3 practicing law in the State of California. Michael Simmonds is one member of SIMMONDS &

4 NARITA LLP has been an active member of the State Bar of California since 1980 and therefore

5 defendants JEFFERY SCHREIBER and SUZANNE E. SCHREIBER are informed and believe

6 that Michael Simmonds is domiciled in the State of California and is therefore a citizen of the

7 State of California. Tomio Narita is the only other member of SIMMONDS & NARITA LLP has

8 been an active member of the State Bar of California since 1991 and therefore defendants

9 JEFFERY SCHREIBER and SUZANNE E. SCHREIBER are informed and believe that Tomio

10 Narita is domiciled in the State of California and is therefore a citizen of the State of California.

11 For purposes of diversity jurisdiction, because Michael Simmonds and Tomio Narita are citizens

12 of the State of California the plaintiff SIMMONDS & NARITA LLP is treated for purposes of

13 this lawsuit as a citizen of the State of California.

14    3.    Defendant JEFFREY SCHREIBER is an individual, being sued in his individual

15 capacity, whose is domiciled in the State of Indiana. Therefore JEFFREY SCHREIBER is a

16 citizen of the State of Indiana.

17    4.    Defendant SUZANNE E. SCHREIBER is an individual, being sued in her

18 individual capacity, is domiciled in the State of Maryland. Therefore, SUZANNE E.

19 SCHREIBER is a citizen of the State of Maryland.

20    5.    Under 28 U.S.C. §1332 Diversity Jurisdiction is satisfied due to the fact that the

21 amount in controversy is over $75,000 and the plaintiff SIMMONDS & NARITA LLP is the

22 citizen of a different state then defendant JEFFREY SCHREIBER defendant SUZANNE E.

23 SCHREIBER.

24    **Basis for Removal**

25    6.    On March 13, 2008, a complaint for money due for attorney's fees was

26 commenced in the Superior Court of the State of California in and for the County of San

27 Francisco, entitled SIMMONDS & NARITA LLP, Plaintiff, vs. JEFFREY SCHREIBER,

28

NOTICE OF REMOVAL

1   SUZANNE E. SCHREIBER and DOES 1 through 50, Defendants, as Case Number CGC-08-

2   473266. A copy of the complaint is attached hereto as Exhibit "A".

3       7.    The first date upon which defendant JEFFREY SCHREIBER received a copy of

4   said complaint was March 31, 2008, when JEFFREY SCHREIBER was served with a copy of

5   the said complaint and the summons from the said state court. A copy of the summons is

6   attached hereto as Exhibit "B".

7       The first day upon which defendant SUZANNE E. SCHREIBER received a copy of said

8   complaint was April 18, 2008, when SUZANNE E. SCHREIBER was served with a copy of the

9   said complaint and the summons from the said state court. A copy of the summons is attached

10  hereto as Exhibit "B".

11      8.    This action is a civil action of which this Court has original jurisdiction under 28

12  U.S.C. §1332, and is one which may be removed to this Court by defendant JEFFREY

13  SCHREIBER pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between

14  citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive

15  of interest and costs because, as stated in paragraphs 1 above, the amount in controversy is

16  $88,552.99.

17      9.    Defendants JEFFERY SCHREIBER and SUZANNE E. SCHREIBER are

18  informed and believe that plaintiff SIMMONDS & NARITA LLP was, and still is, a citizen of

19  the State of California, by virtue of the fact that Michael Simmonds and Tomio Narita are still

20  domiciled and therefore citizens of the State of California. Defendant JEFFREY SCHREIBER

21  was, at the time of filing this action, and still is, a citizen of the State of Indiana. Defendant

22  SUZANNE E. SCHREIBER was, at the time of filing this action, and still is, a citizen of the

23  State of Maryland.

24  Dated: April 28, 2008        Respectfully Submitted
                                 THE LAW OFFICES OF WALACE C. DOOLITTLE
25

26

27                              Bradley D. Bayan, Esq.
                                Attorney for Defendants Jeffrey Schreiber
28                              And Suzanne Schreiber

3

# EXHIBIT G

| Date | Action | Image (Java) | Image (TIFF) |
|------|--------|--------------|--------------|
| 08/25/04 | Complaint - Defamation Filed | 🖹 | 🖹 |
| 08/25/04 | Civil Case Cover Sheet Filed for Robert Michael Siemons | 🖹 | 🖹 |
| 08/25/04 | Summons on Complaint Issued | | |
| 10/25/04 | Initial Case Management Conference 12/30/2004 01:30 PM D- 707 | 🖹 | 🖹 |
| 12/07/04 | Hearing Reset to Initial Case Management Conference 01/20/2005 01:30 PM D- 707 | 🖹 | 🖹 |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | 🖹 | 🖹 |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | 🖹 | 🖹 |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | 🖹 | 🖹 |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | 🖹 | 🖹 |
| 12/17/04 | Summons w/o Proof of Service Filed | 🖹 | 🖹 |
| 12/17/04 | Proof of Service on Complaint As to First USA Bank, N.A. Filed | 🖹 | 🖹 |
| 12/17/04 | Request Re: Entry of Default as to Party First USA Bank, N.A. Filed | 🖹 | 🖹 |
| 12/20/04 | Request Re: Entry of Default as to Party As to First USA Bank, N.A. Entered | 🖹 | 🖹 |
| 01/05/05 | Case Management Statement of Robert Michael Siemons Filed | 🖹 | 🖹 |
| 01/20/05 | Case Management Conference Commenced and Continued | 🖹 | 🖹 |
| 01/20/05 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 04/21/2005 time: 10:00 AM | | |
| 02/14/05 | Rejection Letter Issued on Answer to Complaint | 🖹 | 🖹 |
| 02/15/05 | Hearing Reset to Case Management Conf Continuance 04/18/2005 10:00 AM D- 707 | 🖹 | 🖹 |
| 02/18/05 | Rejection Letter Issued on Answer to Complaint | 🖹 | 🖹 |
| 02/28/05 | Proof of Service on Complaint As to Suzanne Schreiber, Suzanne Schreiber Filed | 🖹 | 🖹 |
| 02/28/05 | Request Re: Entry of Default as to Party Suzanne Schreiber, Suzanne Schreiber Filed | 🖹 | 🖹 |
| 02/28/05 | Proof of Service on Complaint As to William D. Kwiatek Filed | 🖹 | 🖹 |
| 02/28/05 | Request Re: Entry of Default as to Party William D. Kwiatek Filed | 🖹 | 🖹 |
| 02/28/05 | Proof of Service on Complaint As to S & A Services of Marion, LTD Filed | 🖹 | 🖹 |
| 02/28/05 | Request Re: Entry of Default as to Party S & A Services of Marion, LTD Filed | 🖹 | 🖹 |
| 02/28/05 | Proof of Service on Complaint As to Jeffrey Schreiber, Jeffrey Schreiber Filed | 🖹 | 🖹 |
| 02/28/05 | Request Re: Entry of Default as to Party Jeffrey Schreiber, Jeffrey Schreiber Filed | 🖹 | 🖹 |
| 02/28/05 | Request Re: Entry of Default as to Party As to S & A Services of Marion, LTD Entered | 🖹 | 🖹 |
| 02/28/05 | Request Re: Entry of Default as to Party As to William D. Kwiatek Entered | 🖹 | 🖹 |
| 03/23/05 | Request Re: Entry of Default as to Party As to Suzanne Schreiber, Suzanne Schreiber Entered | 🖹 | 🖹 |
| 03/24/05 | Rejection Letter Issued on Answer to Complaint | 🖹 | 🖹 |

| Date | Description | | |
|------|-------------|---|---|
| 04/05/05 | Request Re: Entry of Default as to Party As to Jeffrey Schreiber, Jeffrey Schreiber Entered | 📄 | 📄 |
| 04/06/05 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 04/06/05 | Request Re: Dismissal w/o prejudice - partial as to: party Triad Filed | 📄 | 📄 |
| 04/06/05 | Dismissal As to Defendant: Triad Entered | | |
| 04/18/05 | Request Re: Default and Default Court Judgment As To Robert Michael Siemons, S & A Services of Mario | 📄 | 📄 |
| 04/18/05 | Civil Uncontested 06/28/2005 01:30 PM D- 707 | 📄 | 📄 |
| 04/18/05 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 04/18/05 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 10/24/2005 time: 10:00 AM | | |
| 05/27/05 | Motion to Vacate/Set Aside Default Reservation Set for dept: 31 date: 06/27/2005 time: 09:00 AM | | |
| 06/06/05 | Hearing Reset to Motion to Vacate/Set Aside Default 06/30/2005 09:00 AM D- 31 | | |
| 06/08/05 | Motion to Vacate/Set Aside Filed | 📄 | 📄 |
| 06/08/05 | Motion to Vacate/Set Aside Hearing Confirmed for 06/30/2005 09:00 AM D- 31 | | |
| 06/16/05 | Proposed Answer Filed | 📄 | 📄 |
| 06/20/05 | Memorandum of Points and Authorities in Opposition to Motion Filed | 📄 | 📄 |
| 06/20/05 | Proposed Order Received | 📄 | 📄 |
| 06/20/05 | Rejection Letter Issued on Answer to Complaint | 📄 | 📄 |
| 06/23/05 | Reply to oppostion Plaintiff's motion to set aside default & judgment Filed | 📄 | 📄 |
| 06/28/05 | Civil Uncontested Commenced and Completed | 📄 | 📄 |
| 06/30/05 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/30/05 | Motion to Vacate/Set Aside Granted | 📄 | 📄 |
| 06/30/05 | Answer to Complaint Filed for Jeffrey Schreiber, Suzanne Schreiber | 📄 | 📄 |
| 07/27/05 | Notice of Change of Address Filed | 📄 | 📄 |
| 08/26/05 | Notice of Change of Firm Name Filed | 📄 | 📄 |
| 10/12/05 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 10/14/05 | Case Management Statement of Jeffrey Schreiber, Suzanne Schreiber Filed | 📄 | 📄 |
| 10/24/05 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 10/24/05 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 01/30/2006 time: 10:00 AM | | |
| 01/23/06 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 01/23/06 | Request Re: Entry of Default as to Party Jason Maples Filed | 📄 | 📄 |
| 01/23/06 | Proof of Service on Complaint As to Jason Maples Filed | 📄 | 📄 |
| 01/30/06 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 01/30/06 | Order re Case Management Filed | 📄 | 📄 |
| 01/30/06 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 05/01/2006 time: 09:00 AM | | |
| 01/30/06 | Refer to Judicial Arbitration | | |

| Date | Description | | |
|---|---|---|---|
| 01/31/06 | Notice of Proposed Arbitrators Issued | 📄 | 📄 |
| 01/31/06 | Request Re: Entry of Default as to Party As to Jason Maples Entered | | |
| 02/15/06 | Notice of Assignment of Arbitrator Issued | 📄 | 📄 |
| 04/20/06 | Case Management Statement of Jeffrey Schreiber, Suzanne Schreiber Filed | 📄 | 📄 |
| 04/24/06 | Motion to Compel (Motion) Filed for Plaintiff | 📄 | 📄 |
| 04/24/06 | Motion to Compel (Motion) Hearing Confirmed for 06/01/2006 09:00 AM D-31 | | |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Filed for Plaintiff | 📄 | 📄 |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Hearing Confirmed for 06/01/2006 09:00 AM D-31 | | |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Filed for Plaintiff | 📄 | 📄 |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Hearing Confirmed for 06/01/2006 09:00 AM D-31 | | |
| 04/24/06 | Motion for Further Production of Documents Filed for Plaintiff | 📄 | 📄 |
| 04/24/06 | Motion for Further Production of Documents Hearing Confirmed for 06/01/2006 09:00 AM D-31 | | |
| 05/01/06 | Case Management Conference Commenced and Completed | 📄 | 📄 |
| 05/01/06 | Case Management Conference Order Issued | 📄 | 📄 |
| 05/01/06 | Case Management Conf Continuance 07/10/2006 09:00 AM D-707 | | |
| 05/01/06 | Miscellaneous Case Management Conference Order Filed | 📄 | 📄 |
| 05/26/06 | Opposition Filed | 📄 | 📄 |
| 05/26/06 | Opposition Filed | 📄 | 📄 |
| 05/26/06 | Opposition Filed | 📄 | 📄 |
| 05/26/06 | Opposition Filed | 📄 | 📄 |
| 05/30/06 | Reply Brief re Motion to Compel form interrog. responses Filed | 📄 | 📄 |
| 05/30/06 | Reply Brief re Motion to Compel responses to demand for Production Filed | 📄 | 📄 |
| 05/30/06 | Reply Brief re Motion to Compel Responses to Requests for Admissions Filed | 📄 | 📄 |
| 05/30/06 | Reply Brief re motion to compel special interrog. responses Filed | 📄 | 📄 |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/01/06 | Motion to Compel (Motion) Granted | 📄 | 📄 |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/01/06 | Motion to Compel Further Answers to Interrogatories Granted | 📄 | 📄 |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/01/06 | Motion to Compel Further Answers to Interrogatories Granted | 📄 | 📄 |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/01/06 | Motion for Further Production of Documents Granted | 📄 | 📄 |
| 06/13/06 | Case Management Statement of Suzanne Schreiber, Jeffrey Schreiber Filed | 📄 | 📄 |

| Date | Description | | |
|------|-------------|---|---|
| 07/06/06 | Case Management Statement of Robert Michael Siemons Filed | 🗎 | 🗎 |
| 07/10/06 | Case Management Conference Commenced and Completed | 🗎 | 🗎 |
| 07/10/06 | Case Management Conference Order Issued | 🗎 | 🗎 |
| 07/10/06 | Case Management Conf Continuance 10/23/2006 09:00 AM D- 707 | | |
| 07/10/06 | Miscellaneous Order re: Case Management Filed | 🗎 | 🗎 |
| 07/10/06 | Refer to Judicial Arbitration | | |
| 07/12/06 | Notice of Proposed Arbitrators Issued | 🗎 | 🗎 |
| 07/12/06 | Motion for Sanctions Filed for Plaintiff | 🗎 | 🗎 |
| 07/12/06 | Motion for Sanctions Hearing Confirmed for 08/10/2006 09:00 AM D- 31 | | |
| 07/14/06 | Rejection of Arbitrator Filed for Plaintiff | 🗎 | 🗎 |
| 07/26/06 | Notice of Assignment of Arbitrator Issued | 🗎 | 🗎 |
| 07/27/06 | Memorandum of Points and Authorities in Opposition Filed | 🗎 | 🗎 |
| 08/03/06 | Declaration in Support Reply Brief to Opposition...(re Form Interrogatories) Filed | 🗎 | 🗎 |
| 08/03/06 | Declaration in Support Reply Brief to Opposition...(re Special Interrogatories) Filed | 🗎 | 🗎 |
| 08/03/06 | Reply re Motion for Sanctions Filed | 🗎 | 🗎 |
| 08/07/06 | Recusal of Arbitrator Filed | 🗎 | 🗎 |
| 08/07/06 | Notice of Recusal of Arbitrator Issued | 🗎 | 🗎 |
| 08/07/06 | Notice of Assignment of Arbitrator Issued | 🗎 | 🗎 |
| 08/10/06 | Civil Law and Motion Hearing Commenced and Completed | 🗎 | 🗎 |
| 08/10/06 | Motion for Sanctions Granted in Part | 🗎 | 🗎 |
| 08/14/06 | Recusal of Arbitrator Filed | 🗎 | 🗎 |
| 08/14/06 | Notice of Recusal of Arbitrator Issued | 🗎 | 🗎 |
| 08/14/06 | Notice of Assignment of Arbitrator Issued | 🗎 | 🗎 |
| 08/21/06 | Recusal of Arbitrator Filed | 🗎 | 🗎 |
| 08/21/06 | Notice of Recusal of Arbitrator Issued | 🗎 | 🗎 |
| 08/21/06 | Notice of Assignment of Arbitrator Issued | 🗎 | 🗎 |
| 08/25/06 | Motion for Sanctions Filed for Plaintiff | 🗎 | 🗎 |
| 08/25/06 | Motion for Sanctions Hearing Confirmed for 09/27/2006 09:00 AM D- 31 | | |
| 09/18/06 | Memorandum of Points and Authorities in Opposition Filed | 🗎 | 🗎 |
| 09/21/06 | Reply Brief of plaintiff Re Motion for Terminating Sanctions Filed | 🗎 | 🗎 |
| 09/25/06 | Proof of Service by Mail Filed | 🗎 | 🗎 |
| 09/27/06 | Civil Law and Motion Hearing Commenced and Completed | 🗎 | 🗎 |
| 09/27/06 | Motion for Sanctions Taken Under Submission | 🗎 | 🗎 |
| 09/27/06 | Motion for Sanctions Granted in Part | 🗎 | 🗎 |
| 09/27/06 | Motion to Compel Further Answers to Interrogatories Filed for Plaintiff | 🗎 | 🗎 |
| 09/27/06 | Motion to Compel Further Answers to Interrogatories 10/19/2006 09:00 AM D- 31 | | |

| 10/19/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
|----------|------------------------------------------------------|-----|-----|
| 10/19/06 | Motion to Compel Further Answers to Interrogatories - Dropped | 📄 | 📄 |
| 10/20/06 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 10/23/06 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 10/23/06 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 12/11/2006 time: 09:00 AM | | |
| 12/07/06 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 12/11/06 | Case Management Conference Commenced and Completed | 📄 | 📄 |
| 12/11/06 | Case Management Conference Order Issued | 📄 | 📄 |
| 12/11/06 | Case Management Conf Continuance 03/05/2007 10:00 AM D- 707 | | |
| 12/11/06 | Order re Case Management Filed | 📄 | 📄 |
| 12/13/06 | Hearing Reset to Case Management Conf Continuance 03/05/2007 10:00 AM D- 707 | | |
| 03/02/07 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 03/05/07 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 03/05/07 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 03/05/07 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 04/30/2007 time: 09:00 AM | | |
| 03/05/07 | Case Management Conf Continuance 04/30/2007 09:00 AM D- 707 | | |
| 03/21/07 | Order Shortening Time Reservation Set for dept: 31 date: 03/23/2007 time: 01:30 PM | | |
| 03/22/07 | Award of Arbitrator Filed | 📄 | 📄 |
| 03/22/07 | Notice of Award of Arbitrator Issued | 📄 | 📄 |
| 03/23/07 | Application Re: Order Shortening Time Filed for Robert Michael Siemons | 📄 | 📄 |
| 03/23/07 | Application Re: Order Shortening Time Denied | 📄 | 📄 |
| 03/23/07 | Motion for Discovery Filed by Robert Michael Siemons | 📄 | 📄 |
| 03/23/07 | Motion for Discovery Hearing Confirmed for 04/18/2007 09:00 AM D- 31 | | |
| 04/04/07 | Rejection of Award/Trial De Novo Filed | 📄 | 📄 |
| 04/06/07 | Declaration in Opposition to Motion Filed by Suzanne Schreiber, Jeffrey Schreiber | 📄 | 📄 |
| 04/06/07 | Opposition to Motion Filed | 📄 | 📄 |
| 04/06/07 | Proposed Order Received | 📄 | 📄 |
| 04/09/07 | Letter dated 4/3/07 Re Minute Order for Case Management Conference on 3/5/07 Filed | 📄 | 📄 |
| 04/10/07 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 04/11/07 | Reply Brief in Response to Opposition re Motion to Conduct Financial Discovery Filed | 📄 | 📄 |
| 04/11/07 | Declaration in Support Motion for Order to Conduct Financial Discovery Filed | 📄 | 📄 |
| 04/11/07 | Declaration of Stephen A Cain in Support of Reply Brief Filed by Robert Michael Siemons | 📄 | 📄 |
| 04/11/07 | Proposed Order Received | 📄 | 📄 |
| 04/18/07 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |

| | | | |
|---|---|---|---|
| 04/18/07 | Motion for Discovery Denied | 🗎 | 🗎 |
| 04/19/07 | Motion to Conduct Financial Discovery Filed by Robert Michael Siemons | 🗎 | 🗎 |
| 04/19/07 | Motion to Conduct Financial Discovery Hearing Confirmed for 05/08/2007 09:00 AM D- 31 | | |
| 04/23/07 | Hearing Reset to Motion to Conduct Financial Discovery 05/21/2007 09:00 AM D- 31 | | |
| 04/25/07 | Amended Notice of Motion and Motion for Order to Conduct Financial Discovery Filed | 🗎 | 🗎 |
| 04/25/07 | Proof of Service on Motion | 🗎 | 🗎 |
| 04/30/07 | Case Management Conference Commenced and Completed | 🗎 | 🗎 |
| 05/01/07 | Case Management Conference Order Issued | 🗎 | 🗎 |
| 05/01/07 | Master Jury Trial 11/02/2007 09:00 AM D- 511 | | |
| 05/07/07 | Substitution of Attorney Filed for Jeffrey Schreiber | 🗎 | 🗎 |
| 05/07/07 | Substitution of Attorney Filed for Suzanne Schreiber | 🗎 | 🗎 |
| 05/08/07 | Memorandum of Points and Authorities in Opposition Filed | 🗎 | 🗎 |
| 05/14/07 | Reply Brief In Response to Opposition Filed | 🗎 | 🗎 |
| 05/14/07 | Proof of Service Filed | 🗎 | 🗎 |
| 05/21/07 | Civil Law and Motion Hearing Commenced and Completed | 🗎 | 🗎 |
| 05/21/07 | Motion to Conduct Financial Discovery Denied | 🗎 | 🗎 |
| 07/03/07 | Motion for Summary Judgment/Adjudication Filed by Jeffrey Schreiber, Suzanne Schreiber | 🗎 | 🗎 |
| 07/03/07 | Motion for Summary Judgment/Adjudication Hearing Confirmed for 09/26/2007 09:00 AM D- 31 | | |
| 07/17/07 | Rejection Letter Issued on Notice of Change of Firm Address | 🗎 | 🗎 |
| 07/20/07 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | 🗎 | 🗎 |
| 07/20/07 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | 🗎 | 🗎 |
| 07/20/07 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | 🗎 | 🗎 |
| 08/16/07 | Request Re: Dismissal with prejudice - partial as to: party William D. Kwiatek Filed | 🗎 | 🗎 |
| 08/27/07 | Dismissal As to Defendant: William D. Kwiatek Entered | 🗎 | 🗎 |
| 08/28/07 | Motion for Judgment on the Pleadings Filed for Defendant | 🗎 | 🗎 |
| 08/28/07 | Motion for Judgment on the Pleadings Hearing Confirmed for 09/26/2007 09:00 AM D- 31 | | |
| 08/29/07 | Motion for CCP 128.7 Sanctions Filed for Defendant | 🗎 | 🗎 |
| 08/29/07 | Motion for CCP 128.7 Sanctions Hearing Confirmed for 09/26/2007 09:00 AM D- 31 | | |
| 09/10/07 | Request Re: Dismissal with prejudice - partial as to: party Harris and Dial P.C. Filed | 🗎 | 🗎 |
| 09/11/07 | Dismissal As to Defendant: Harris and Dial P.C. Entered | 🗎 | 🗎 |
| 09/12/07 | Association of Attorneys Filed | 🗎 | 🗎 |
| 09/12/07 | Opposition to SJ Filed | 🗎 | 🗎 |
| 09/12/07 | Declaration of Stephen A Cain in Opposition to MSJ Filed by Robert Michael Siemons | 🗎 | 🗎 |

| | | | |
|---|---|---|---|
| 09/12/07 | Separate Statement Filed for Robert Michael Siemons | 📄 | 📄 |
| 09/12/07 | Objections to Evidence Filed for Robert Michael Siemons | 📄 | 📄 |
| 09/12/07 | Request for Judicial Notice Filed for Robert Michael Siemons | 📄 | 📄 |
| 09/12/07 | Proof of Service Filed for Robert Michael Siemons | 📄 | 📄 |
| 09/12/07 | Opposition to Motion for Judgment on Pleadings Filed | 📄 | 📄 |
| 09/12/07 | Declaration of Stephen A Cain in Opposition to Motion for Judgment on Pleadings Filed by Robert Mich | 📄 | 📄 |
| 09/12/07 | Proof of Service Filed for Robert Michael Siemons | 📄 | 📄 |
| 09/12/07 | Opposition to Motion for Sanctions Filed | 📄 | 📄 |
| 09/12/07 | Declaration in Opposition Filed by Robert Michael Siemons | 📄 | 📄 |
| 09/12/07 | Proof of Service Filed for Robert Michael Siemons | 📄 | 📄 |
| 09/12/07 | Motion for Pro Hac Vice Filed by Jeffrey Schreiber, Suzanne Schreiber | 📄 | 📄 |
| 09/12/07 | Motion for Pro Hac Vice Hearing Confirmed for 10/30/2007 09:00 AM D-31 | | |
| 09/12/07 | Notice of Association of William H. Harris Filed | 📄 | 📄 |
| 09/14/07 | Order Shortening Time Reservation Set for dept: 31 date: 09/18/2007 time: 01:30 PM | | |
| 09/17/07 | Hearing Reset to Civil Ex-Parte 09/19/2007 01:30 PM D- 31 | 📄 | 📄 |
| 09/19/07 | Application Re: Order Shortening Time Filed for Robert Michael Siemons | 📄 | 📄 |
| 09/19/07 | Memorandum of Points and Authorities in Reply Filed | 📄 | 📄 |
| 09/19/07 | Memorandum of Points and Authorities in Reply Filed | 📄 | 📄 |
| 09/19/07 | Application Re: Order Shortening Time Granted | 📄 | 📄 |
| 09/20/07 | Reply Re: Memorandum in Support of Motion Filed | 📄 | 📄 |
| 09/20/07 | Proof of Personal Service on Complaint - Defamation As to Filed | 📄 | 📄 |
| 09/20/07 | Objections of Jeffrey Schreiber, Suzanne Schreiber Filed | 📄 | 📄 |
| 09/20/07 | Declaration in Support Filed | 📄 | 📄 |
| 09/20/07 | Motion to Compel (Motion) Filed for Plaintiff | 📄 | 📄 |
| 09/20/07 | Motion to Compel (Motion) Hearing Confirmed for 10/12/2007 09:00 AM D- 31 | | |
| 09/20/07 | Motion for Discovery for Order to Conduct Financial Discovery Filed by Robert Michael Siemons | 📄 | 📄 |
| 09/20/07 | Motion for Discovery Hearing Confirmed for 10/12/2007 09:00 AM D- 31 | | |
| 09/25/07 | Proof of Service by Mail Amended Filed | 📄 | 📄 |
| 09/25/07 | Proof of Service by Mail Filed | 📄 | 📄 |
| 09/26/07 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 09/26/07 | Motion for CCP 128.7 Sanctions Taken Under Submission | 📄 | 📄 |
| 09/26/07 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 09/26/07 | Motion for Judgment on the Pleadings Taken Under Submission | 📄 | 📄 |
| 09/26/07 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 09/26/07 | Motion for Summary Judgment/Adjudication Taken Under Submission | 📄 | 📄 |

| 10/01/07 | Notice of Plaintiff's Notice of Posting Jury Fees Filed | 📄 | 📄 |
|---|---|---|---|
| 10/01/07 | Declaration in Opposition Filed by Jeffrey Schreiber, Suzanne Schreiber | 📄 | 📄 |
| 10/01/07 | Memorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 10/01/07 | Memorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 10/02/07 | Order Court will consider this Request for OSC on Oct. 3rd, 2007 @ 1:30pm. Filed | 📄 | 📄 |
| 10/02/07 | Hearing Reset to Civil Ex-Parte 10/03/2007 01:30 PM D- 31 | | |
| 10/02/07 | Application Re: Protective Orders Filed for Jeffrey Schreiber, Suzanne Schreiber | 📄 | 📄 |
| 10/02/07 | Rejection Letter Issued on Out of State Commission | 📄 | 📄 |
| 10/03/07 | Application Re: Protective Orders Filed for Robert Michael Siemons | | |
| 10/03/07 | Order Ex Parte Application has been Ordered by the Court to be Continued to 10/04/07. Filed | 📄 | 📄 |
| 10/03/07 | Re-Notice of Order of Ex Parte Application... Filed | 📄 | 📄 |
| 10/03/07 | Proof of Service by Mail Filed | 📄 | 📄 |
| 10/03/07 | Proof of Service by Mail Filed | 📄 | 📄 |
| 10/03/07 | Declaration in Support Ex Parte Application for Emergency TPO... Filed | 📄 | 📄 |
| 10/03/07 | Motion for CCP 128.7 Sanctions Denied | 📄 | 📄 |
| 10/03/07 | Motion for Summary Judgment/Adjudication Denied | 📄 | 📄 |
| 10/03/07 | Motion for Judgment on the Pleadings Denied | 📄 | 📄 |
| 10/04/07 | Proposed Order Received | 📄 | 📄 |
| 10/04/07 | Application Re: Protective Orders Denied | 📄 | 📄 |
| 10/05/07 | Declaration in Support of Stephen A. Cain In Support of Reply Brief Filed | 📄 | 📄 |
| 10/05/07 | Reply Brief to Opposition to Motion to Compel Filed | 📄 | 📄 |
| 10/09/07 | Reply Brief in Response to Opposition to Motion to Conduct Financial Discovery Filed | 📄 | 📄 |
| 10/09/07 | Motion to Quash Filed | 📄 | 📄 |

1

Page: 1    2

| Date | Action | Image (Java) | Image (TIFF) |
|------|--------|--------------|--------------|
| 10/09/07 | Motion to Quash Hearing Confirmed for 12/13/2007 09:00 AM D- 31 | | |
| 10/12/07 | Civil Law and Motion Hearing Commenced and Completed | 🖼 | 🖼 |
| 10/12/07 | Motion for Discovery Denied | 🖼 | 🖼 |
| 10/12/07 | Civil Law and Motion Hearing Commenced and Completed | 🖼 | 🖼 |
| 10/12/07 | Motion to Compel (Motion) - Granted in Part | 🖼 | 🖼 |
| 10/30/07 | Civil Law and Motion Hearing Commenced and Completed | 🖼 | 🖼 |
| 10/30/07 | Motion for Pro Hac Vice Denied | 🖼 | 🖼 |
| 11/01/07 | Proof of Service on Complaint As to Schreiber & Associates P.C. Filed | 🖼 | 🖼 |
| 11/01/07 | Request Re: Entry of Default as to Party Schreiber & Associates P.C. Filed | 🖼 | 🖼 |
| 11/02/07 | Master Jury Trial Called and Continued | 🖼 | 🖼 |
| 11/02/07 | Hearing Continued to Master Jury Trial dept: 511 date: 11/05/2007 time: 09:00 AM | | |
| 11/05/07 | Answer to Complaint Filed for Jeffrey Schreiber, Suzanne Schreiber, Schreiber & Associates P.C. | 🖼 | 🖼 |
| 11/05/07 | Master Jury Trial Called and Continued | 🖼 | 🖼 |
| 11/05/07 | Hearing Continued to Master Jury Trial dept: 511 date: 11/06/2007 time: 09:00 AM | | |
| 11/05/07 | Motion to Vacate/Set Aside Default Filed for Plaintiff | 🖼 | 🖼 |
| 11/05/07 | Motion to Vacate/Set Aside Default Hearing Confirmed for 01/14/2008 09:00 AM D- 31 | | |
| 11/06/07 | Master Jury Trial Called and Continued | 🖼 | 🖼 |
| 11/06/07 | Hearing Continued to Master Jury Trial dept: 511 date: 11/07/2007 time: 09:00 AM | | |
| 11/07/07 | Request Re: Entry of Default as to Party As to Schreiber & Associates P.C. Entered | 🖼 | 🖼 |
| 11/07/07 | Master Jury Trial Called and Continued | 🖼 | 🖼 |
| 11/07/07 | Hearing Continued to Master Jury Trial dept: 511 date: 11/08/2007 time: 09:00 AM | | |
| 11/08/07 | Master Jury Trial Called and Continued | 🖼 | 🖼 |
| 11/08/07 | Hearing Continued to Master Jury Trial dept: 1 date: 02/01/2008 time: 08:44 AM | | |
| 11/28/07 | Memorandum of Points and Authorities in Opposition Filed | 🖼 | 🖼 |
| 12/06/07 | Reply Filed | 🖼 | 🖼 |
| 12/06/07 | Declaration in Support of Reply Brief Filed | 🖼 | 🖼 |
| 12/07/07 | Amended Notice of Motion Filed | 🖼 | 🖼 |
| 12/07/07 | Memorandum of Points and Authorities in Support Filed | 🖼 | 🖼 |
| 12/13/07 | Civil Law and Motion Hearing Commenced and Completed | 🖼 | 🖼 |
| 12/13/07 | Motion to Quash - Dropped | 🖼 | 🖼 |
| 01/02/08 | Substitution of Attorney Filed for Schreiber & Associates P.C. | 🖼 | 🖼 |
| 01/02/08 | Substitution of Attorney Filed for Jeffrey Schreiber | 🖼 | 🖼 |

| Date | Description | | |
|------|-------------|---|---|
| 01/02/08 | Substitution of Attorney Filed for Suzanne Schreiber | 📄 | 📄 |
| 01/03/08 | Opposition to Motion to Set Aside Default Filed | 📄 | 📄 |
| 01/03/08 | Declaration in Support Opposition to Motion to Set Aside Default Filed | 📄 | 📄 |
| 01/04/08 | Other Exparte Reservation Set for dept: 31 date: 01/08/2008 time: 01:30 PM | | |
| 01/04/08 | Notice of to appear at trial Filed | 📄 | 📄 |
| 01/07/08 | Motion for Pro Hac Vice Reservation Set for dept: 31 date: 03/06/2008 time: 09:00 AM | | |
| 01/07/08 | Opposition Filed | 📄 | 📄 |
| 01/07/08 | Memorandum of Points and Authorities in Reply Filed | 📄 | 📄 |
| 01/07/08 | Permission to Appear Pro Hac Vice Reservation Set for dept: 31 date: 01/08/2008 time: 01:30 PM | | |
| 01/07/08 | Order Shortening Time Reservation Set for dept: 31 date: 01/09/2008 time: 01:30 PM | | |
| 01/08/08 | Application Re: Order Shortening Time Filed for Jeffrey Schreiber, Suzanne Schreiber | 📄 | 📄 |
| 01/08/08 | Application Re: Permission to Appear Pro Hac Vice Filed | 📄 | 📄 |
| 01/08/08 | Opposition to Ex-parte Application Filed by Robert Michael Siemons | 📄 | 📄 |
| 01/08/08 | Application Re: Order Shortening Time Granted | 📄 | 📄 |
| 01/08/08 | Application Re: Permission to Appear Pro Hac Vice Denied | 📄 | 📄 |
| 01/09/08 | Order Shortening Time Reservation Set for dept: 31 date: 01/10/2008 time: 01:30 PM | | |
| 01/09/08 | Motion to be Relieved from Default Filed by Harris and Dial P.C., Suzanne Schreiber, Jeffrey Schreib | 📄 | 📄 |
| 01/09/08 | Motion to be Relieved from Default Hearing Confirmed for 01/29/2008 09:00 AM D-31 | | |
| 01/10/08 | Application Re: Other Exparte Filed: | 📄 | 📄 |
| 01/10/08 | Proof of Personal Service on Application Re: Other Exparte As to Jeffrey Schreiber, Suzanne Schreibe | 📄 | 📄 |
| 01/10/08 | Notice of Association of W. H. Harris as Additional Counsel of Record for Defs... Filed | 📄 | 📄 |
| 01/10/08 | Notice of Hearing on Application for Admission of W. H. Harris... Filed | 📄 | 📄 |
| 01/10/08 | Application Re: Other Exparte Granted | 📄 | 📄 |
| 01/14/08 | Civil Law and Motion Hearing Commenced and Continued | 📄 | 📄 |
| 01/14/08 | Motion to Vacate/Set Aside Default - Motion Rescheduled | 📄 | 📄 |
| 01/14/08 | Hearing Continued to Civil Law and Motion dept: 31 date: 01/29/2008 time: 09:00 AM | | |
| 01/14/08 | Application Re: Permission to Appear Pro Hac Vice Filed | 📄 | 📄 |
| 01/14/08 | Notice of Hearing Filed | 📄 | 📄 |
| 01/14/08 | Proof of Service Filed | 📄 | 📄 |
| 01/14/08 | Proof of Service Filed | 📄 | 📄 |
| 01/14/08 | Proof of Service Filed | 📄 | 📄 |
| 01/14/08 | Proof of Service Filed | 📄 | 📄 |
| 01/24/08 | Reply Filed | | |

| | | | |
|---|---|---|---|
| 01/25/08 | Hearing Reset to Motion for Pro Hac Vice 01/29/2008 09:00 AM D- 31 | | |
| 01/25/08 | Substitution of Attorney Filed for Schreiber & Associates P.C. | 📄 | 📄 |
| 01/25/08 | Motion Application for Admission of W. H. Harrris...Pro Hac Vice Filed by Suzanne Schreiber, Jeffrey | 📄 | 📄 |
| 01/25/08 | Motion Hearing Confirmed for 01/29/2008 09:00 AM D- 31 | | |
| 01/29/08 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 01/29/08 | Motion Granted | 📄 | 📄 |
| 01/29/08 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 01/29/08 | Motion to be Relieved from Default Granted | 📄 | 📄 |
| 01/29/08 | Declaration Of Stephen A Cain In Response To Objections Filed By Defendant 1st USA Bk Filed | 📄 | 📄 |
| 01/29/08 | Civil Law and Motion Hearing Commenced and Continued | 📄 | 📄 |
| 01/29/08 | Motion to Vacate/Set Aside Default - Motion Rescheduled | 📄 | 📄 |
| 01/29/08 | Hearing Continued to Civil Law and Motion dept: 31 date: 02/28/2008 time: 09:00 AM | | |
| 02/01/08 | Application Re: Continuance of Trial Date Filed for Jeffrey Schreiber, Suzanne Schreiber | 📄 | 📄 |
| 02/01/08 | Master Jury Trial Called and Continued | 📄 | 📄 |
| 02/01/08 | Hearing Continued to Master Jury Trial dept: 1 date: 02/04/2008 time: 08:45 AM | | |
| 02/01/08 | Miscellaneous Sign In Sheet Filed | 📄 | 📄 |
| 02/01/08 | Declaration Re: Peremptory Challenge as to Judge Gordon S. Baranco Filed for Robert Michael Siemons | 📄 | 📄 |
| 02/01/08 | Declaration Re: Peremptory Challenge as to Judge Gordon S. Baranco Granted | 📄 | 📄 |
| 02/01/08 | Declaration Re: Peremptory Challenge as to Judge Cecilia P. Castellanos Filed for Jeffrey Schreiber | 📄 | 📄 |
| 02/01/08 | Declaration Re: Peremptory Challenge as to Judge Cecilia P. Castellanos Granted | 📄 | 📄 |
| 02/01/08 | Application Re: Permission to Appear Pro Hac Vice Dropped | | |
| 02/04/08 | Master Jury Trial Called and Continued | 📄 | 📄 |
| 02/04/08 | Hearing Continued to Master Jury Trial dept: 1 date: 02/05/2008 time: 08:44 AM | | |
| 02/05/08 | Master Jury Trial Called and Continued | 📄 | 📄 |
| 02/05/08 | Hearing Continued to Master Jury Trial dept: 1 date: 02/06/2008 time: 08:44 AM | | |
| 02/06/08 | Master Jury Trial Called and Continued | 📄 | 📄 |
| 02/06/08 | Hearing Continued to Master Jury Trial dept: 1 date: 02/07/2008 time: 08:44 AM | | |
| 02/07/08 | Master Jury Trial Called and Continued | 📄 | 📄 |
| 02/07/08 | Hearing Continued to Master Jury Trial dept: 1 date: 02/08/2008 time: 08:44 AM | | |
| 02/08/08 | Separate Document Sign In Sheet Filed | 📄 | 📄 |
| 02/08/08 | Master Jury Trial Called and Continued | 📄 | 📄 |

| | | | |
|---|---|---|---|
| 02/08/08 | Hearing Continued to Master Jury Trial dept: 1 date: 02/11/2008 time: 08:44 AM | | |
| 02/11/08 | Master Jury Trial Called and Continued | 🖹 | 🖹 |
| 02/11/08 | Hearing Continued to Master Jury Trial dept: 1 date: 02/13/2008 time: 08:44 AM | | |
| 02/13/08 | Master Jury Trial Called and Continued | 🖹 | 🖹 |
| 02/13/08 | Hearing Continued to Master Jury Trial dept: 1 date: 02/14/2008 time: 08:44 AM | | |
| 02/14/08 | Master Jury Trial Called and Continued | 🖹 | 🖹 |
| 02/14/08 | Hearing Continued to Master Jury Trial dept: 1 date: 03/28/2008 time: 08:44 AM | | |
| 02/21/08 | Reply Brief in Support of Motion Filed | 🖹 | 🖹 |
| 02/21/08 | Declaration in Support Filed | 🖹 | 🖹 |
| 02/22/08 | Declaration in Opposition to Motion to Set Aside Default Filed by Robert Michael Siemons | 🖹 | 🖹 |
| 02/22/08 | Declaration in Opposition to Motion to Set Aside Default Filed by Robert Michael Siemons | 🖹 | 🖹 |
| 02/22/08 | Motion to Strike Filed by First USA Bank, N.A. | 🖹 | 🖹 |
| 02/22/08 | Motion to Strike 02/28/2008 09:00 AM D- 31 | | |
| 02/28/08 | Civil Law and Motion Hearing Commenced and Completed | 🖹 | 🖹 |
| 02/28/08 | Motion to Vacate/Set Aside Default Denied | 🖹 | 🖹 |
| 02/28/08 | Civil Law and Motion Hearing Commenced and Completed | 🖹 | 🖹 |
| 02/28/08 | Motion to Strike Denied | 🖹 | 🖹 |
| 03/28/08 | Master Jury Trial Called and Completed | 🖹 | 🖹 |
| 03/28/08 | Hearing Assigned to Civil Jury Trial 03/28/2008 10:00 AM Dept: 23 | | |
| 03/28/08 | Civil Jury Trial Commenced and Continued | 🖹 | 🖹 |
| 03/28/08 | Trial Brief Plaintiff's Filed | 🖹 | 🖹 |
| 03/28/08 | Miscellaneous Plaintiff's Statement of the Case Filed | 🖹 | 🖹 |
| 03/28/08 | List of Witness Plaintiff's Filed | 🖹 | 🖹 |
| 03/28/08 | Plaintiff's Proposed Jury Instructions Filed | 🖹 | 🖹 |
| 03/28/08 | Exhibit Lists Plaintiff's Filed | 🖹 | 🖹 |
| 03/28/08 | Motion in Limine Plaintiff's (1,2, and 3 combined) Filed | 🖹 | 🖹 |
| 03/28/08 | Trial Brief Defendant, Schreiber & Associates Filed | 🖹 | 🖹 |
| 03/28/08 | Defendant's Proposed Jury Instructions (Schreiber & Associates) Filed | 🖹 | 🖹 |
| 03/28/08 | Miscellaneous Defendant Schreiber & Assoc. Proposed Voir Dire Filed | 🖹 | 🖹 |
| 03/28/08 | Motion in Limine (Schreiber & Associates) No. 1 exclude reference to Liability Insurance Filed | 🖹 | 🖹 |
| 03/28/08 | Motion in Limine (Schreiber & Associates) No. 2 to Exclude Non Party Witnesses Filed | 🖹 | 🖹 |
| 03/28/08 | Motion in Limine (Schrieiber & Associates) No. 3 to Require 24hr Notice on Witnesses and Documents F | 🖹 | 🖹 |
| 03/28/08 | Motion in Limine (Schreiber & Associates) No. 4 to Exclude Evidence of Claims for Damages beyond Sta | 🖹 | 🖹 |

| Date | Description | | |
|---|---|---|---|
| 03/28/08 | Miscellaneous (Schreiber & Associates) Objections to Plaintiff's Exhibits Filed | 📄 | 📄 |
| 03/28/08 | List of Witness (Defendants Jeffrey & Suzanne Schreiber) Filed | 📄 | 📄 |
| 03/28/08 | Exhibit Lists Jeffrey & Suzanne Schreiber's Amended List Filed | 📄 | 📄 |
| 03/28/08 | Defendant's Proposed Jury Instructions Jeffrey and Suzanne Schreiber's Filed | 📄 | 📄 |
| 03/28/08 | Miscellaneous Jeffrey & Suzanne Schreiber's Proposed Special Finds for Punitive Damages Filed | 📄 | 📄 |
| 03/28/08 | Miscellaneous Jeffrey & Suzanne Schreiber's Proposed Voir Dire Filed | 📄 | 📄 |
| 03/28/08 | Jury Verdict (Special) Jeffrey & Suzanne's Schreiber's (Defamation) Filed | 📄 | 📄 |
| 03/28/08 | Jury Verdict (Special) Jeffrey & Suzanne Schreiber's (Emotional Distress) Filed | 📄 | 📄 |
| 03/28/08 | Miscellaneous Jeffrey & Suzanne Schreiber's Designation of Deposition Testimony of Jayson Maples Fil | 📄 | 📄 |
| 03/28/08 | Motion in Limine Jeffrey & Suzanne Schriebier's Amended Motions Filed | 📄 | 📄 |
| 03/28/08 | Trial Brief Defendants Jeffrey and Suzanne Schreiber Filed | | |
| 03/28/08 | Hearing Continued to Civil Jury Trial dept: 23 date: 04/01/2008 time: 09:30 AM | | |
| 04/01/08 | Civil Jury Trial Commenced and Continued | 📄 | 📄 |
| 04/01/08 | Hearing Continued to Civil Jury Trial dept: 23 date: 04/02/2008 time: 09:30 AM | | |
| 04/01/08 | Miscellaneous Motion in Limine No. 5 (Defendant Schreiber & Associates) Filed | 📄 | 📄 |
| 04/01/08 | Miscellaneous Plaintiff's Opposition to Amended Motions in Limine Filed | 📄 | 📄 |
| 04/02/08 | Proof of Service by Mail Filed | 📄 | 📄 |
| 04/02/08 | Proof of Personal Service on Complaint - Defamation As to Schreiber & Associates P.C. Filed | 📄 | 📄 |
| 04/02/08 | Civil Jury Trial Commenced and Continued | 📄 | 📄 |
| 04/02/08 | Request for Hardship Disqualification Filed | 📄 | 📄 |
| 04/02/08 | Hearing Continued to Civil Jury Trial dept: 23 date: 04/03/2008 time: 09:30 AM | | |
| 04/03/08 | Civil Jury Trial Commenced and Continued | 📄 | 📄 |
| 04/03/08 | Hearing Continued to Civil Jury Trial dept: 23 date: 04/07/2008 time: 09:30 AM | | |
| 04/07/08 | Civil Jury Trial Commenced and Continued | 📄 | 📄 |
| 04/07/08 | Trial Brief Plaintiff's Supplemental Brief on Statute of Limitations and Amending Complaint Filed | 📄 | 📄 |
| 04/07/08 | Hearing Continued to Civil Jury Trial dept: 23 date: 04/08/2008 time: 09:30 AM | | |
| 04/07/08 | Order for Sanctions Filed | 📄 | 📄 |
| 04/08/08 | Civil Jury Trial Commenced and Continued | 📄 | 📄 |
| 04/08/08 | Hearing Continued to Civil Jury Trial dept: 23 date: 04/09/2008 time: 10:00 AM | | |
| 04/08/08 | Trial Brief Plaintiff's Supplemental on Authentication of Credit Reports Filed | 📄 | 📄 |
| 04/09/08 | Civil Jury Trial Commenced and Continued | 📄 | 📄 |

| 04/09/08 | Opposition To Pltf's Supplemental Trial Brief On Statue Of Limitations & Amending Complaint Filed | | |
| 04/09/08 | Miscellaneous Defendant Schreiber & Assoc, PC Motion For Nonsuit Filed | | |
| 04/09/08 | Miscellaneous Motion For Non-Suit Of Defs Jeffrey Schreiber & Suzanne Schreiber Filed | | |
| 04/09/08 | Miscellaneous Jndr Of Defs Jeffrey & Suzanne Schreiber In Schreiber & Assoc's Oppo To Defs' Further | | |
| 04/09/08 | Hearing Continued to Civil Jury Trial dept: 23 date: 04/14/2008 time: 09:30 AM | | |
| 04/10/08 | Hearing Reset to Civil Jury Trial 04/10/2008 09:30 AM D- 23 | | |
| 04/10/08 | Civil Jury Trial Commenced and Continued | | |
| 04/10/08 | Hearing Continued to Civil Jury Trial dept: 23 date: 04/14/2008 time: 09:30 AM | | |
| 04/14/08 | Civil Jury Trial Commenced and Continued | | |
| 04/14/08 | Order Re: Jury Instructions and Verdict Forms Filed | | |
| 04/14/08 | Hearing Continued to Civil Jury Trial dept: 23 date: 04/15/2008 time: 09:30 AM | | |
| 04/15/08 | Order from DCA Filed | | |
| 04/15/08 | Civil Jury Trial Commenced and Continued | | |
| 04/15/08 | Request by the Jury Filed | | |
| 04/15/08 | Request by the Jury Filed | | |
| 04/15/08 | Hearing Continued to Civil Jury Trial dept: 23 date: 04/16/2008 time: 09:30 AM | | |
| 04/16/08 | Civil Jury Trial Commenced and Completed | | |
| 04/16/08 | Request by the Jury Filed | | |
| 04/16/08 | Compliance Hearing 06/26/2008 09:00 AM D- 23 | | |
| 04/16/08 | Jury Seating Chart Filed | | |
| 04/16/08 | Exhibit Lists Filed | | |
| 04/16/08 | Final Jury Instructions Filed | | |
| 04/16/08 | Jury Verdict (Special) Filed | | |
| 04/16/08 | Log of Court Reporter Fees Filed | | |
| 04/16/08 | Miscellaneous Stipulation and Order for Removal and/or Destruction of Exhibits at the Close of Trial | | |
| 04/16/08 | List of Jurors and Fees Paid Filed | | |
| 04/16/08 | List of Witness Filed | | |
| 04/16/08 | Miscellaneous Log of Court Reporters Filed | | |
| 04/29/08 | Judgment Partial As to Schreiber & Associates P.C. Filed | | |
| 04/29/08 | Judgment Entered | | |
| 04/29/08 | Judgment Partial As to Jeffrey Schreiber, Suzanne Schreiber Filed | | |
| 04/29/08 | Judgment Entered | | |
| 05/02/08 | Notice of Entry of Judgment Filed | | |
| 05/05/08 | Notice of Entry of Judgment Filed | | |

| | | | |
|---|---|---|---|
| 05/14/08 | Memorandum of Costs (Summary) Filed for Jeffrey Schreiber, Suzanne Schreiber | 📄 | 📄 |
| 05/16/08 | Memorandum of Costs (Summary) Filed for Schreiber & Associates P.C. | 📄 | 📄 |
| 06/18/08 | Notice of Appeal Filed by Robert Michael Siemons | 📄 | 📄 |
| 06/19/08 | Notice to Attorney re Notice of Appeal Filed | 📄 | 📄 |
| 06/19/08 | Notice to Attorney re Notice of Appeal Filed | 📄 | 📄 |
| 06/19/08 | Notice to Attorney re Notice of Appeal Filed | 📄 | 📄 |
| 06/24/08 | Letter re payment for Court of Appeals and Reporter's Transcript on Appeal Received | 📄 | 📄 |
| 06/25/08 | Memo to Case Re Deposit for Reporter's Transcript on Appeal Received | 📄 | 📄 |
| 06/26/08 | Compliance Hearing Commenced and Completed | 📄 | 📄 |

2

Page: 1    2

# EXHIBIT H

# The Schreiber Law Firm, LLC
## BANKRUPTCY AND BUSINESS LAWYERS



**Home**

**About Our Firm**

**Firm Culture**

**Attorney Profile**

**Areas of Practice**

**Bankruptcy Questions**

**Exemptions**

**Experts Only**

**Resource Center**

**Contact Us**

Designed & Hosted By

LAW INFO℠

## "Solutions for Financially Distressed People & Companies"

Debt Restructuring • Chapter 11 Business Reorganization • Acquisition of Troubled Companies • Chapter 7 and Chapter 13 Consumer and Business Bankruptcy



Bankruptcy, Business and Chapter 11 lawyer *Jeff Schreiber*, based in both Marion, Indiana and New England has provided more than 25 years of compassionate and skilled legal experience to people and companies facing financial distress and business crises.

Services to troubled people and companies include:

- Chapter 7 and Chapter 11 Representation
- Advice on Strategies and Alternatives
- Chapter 11 Reorganizations
- Out-of-Court Debt Restructuring

The bankruptcy laws are complex and you have many rights about which you need to learn. Mr. Schreiber is one of a few attorneys who has limited his law practice to Chapter 11 business reorganization and consumer bankruptcy.

Don't allow your financial problems threaten your business, health, marriage, retirement savings or employment stability. Timing is often critical. Seek advice early before you have no options.

Mr. Schreiber combines his knowledge of the bankruptcy laws with the wisdom of his vast experience. Find a cost-effective solution to your problems.

***Arrange A Free, No Obligation In Office Consultation Immediately Contact Mr. Schreiber At 765-673-6300***

The Schreiber team recognizes that each case is different, each client is different, and each client has different needs. Therefore, we provide personal attention to all clients from the initial consultation through the conclusion of the engagement.

### Contact Information:

**THE SCHREIBER LAW FIRM, LLC**

**Midwest Office**
810 S. Baldwin Avenue
Marion, IN 46953

**Phone:**
765-673-6300
**Fax:**
765-664-5888

**Email:**
jschreiber@schreiblaw.com

**New England Office**
53 Stiles Road, Suite A102
Salem, NH 03079

**Phone:**
603-870-5333

**Email:**
jschreiber@schreiblaw.com

It is because of this personalized service, combined with years of experience, that clients are informed and knowledgeable about their case.

Since 1983, Mr. Schreiber has successfully handled the following types of cases, both from the debtor and creditor side, including, but not limited to:

- Chapter 7 bankruptcy
- Chapter 13 bankruptcy
- Chapter 11 business reorganizations
- Business liquidations
- Out of court workouts
- Assignments for the benefit of creditors
- Foreclosures
- Repossessions
- Judgments
- Bankruptcy litigation
- Trustee Representation

**We practice law in Indiana, Massachusetts, New Hampshire, New York and the District of Columbia.**

**For A Free, No Obligation Consultation**
**Contact The Schreiber Law Firm, LLC**
**at either our Indiana or New England office.**

**We are a debt relief agency. We help people and companies file for bankruptcy relief under the Bankruptcy Code. And, we have done so proudly since 1983**

All content on this website is for informational purposes only. Nothing on this website should be considered as a legal opinion. If the reader desires a legal opinion, he/she should contact The Schreiber Law Firm, LLC. In order for The Schreiber Law Firm, LLC to represent you, it requires a signed written agreement in which you agree to retain the firm as your attorneys and the firm agrees to represent you as a client.

Home | About Our Firm | Firm Culture | Attorney Profiles | Areas of Practice | Bankruptcy Questions | Exemptions | Experts Only | Resource Center | Contact Us | Site Map

# The Schreiber Law Firm, LLC
## BANKRUPTCY AND BUSINESS LAWYERS



**Home**

**About Our Firm**

**Firm Culture**

**Attorney Profile**

**Areas of Practice**

**Bankruptcy Questions**

**Exemptions**

**Experts Only**

**Resource Center**

**Contact Us**

## Attorney Profile

**JEFFREY A. SCHREIBER**
810 S. Baldwin Avenue
Marion, IN 46953
Telephone: 765-673-6300
FAX: 765-664-5888
Email: jschreiber@schreiblaw.com



### INDIANA BANKRUPTCY ATTORNEY JEFFREY A. SCHREIBER

Listed as an "AV" rated lawyer (the highest rating) attorney in the Martindale Hubbell National Legal Directory

Member of Private Panel of Chapter 7 Bankruptcy Trustees, Office of the U.S. Trustee for the First Circuit, U.S. Department of Justice (1988-2004)

### EDUCATION

- J.D. - Syracuse University College of Law May 1982 -
  - Honors: Adelphia Law Journal, Moot Court & Board Dean's List Student
- B.A. - Bowdoin College, Brunswick, Maine - 1979 Magna Cum Laude (Major: Government and Legal Studies)
  - Honors: Dean's List Student

### PROFESSIONAL EXPERIENCE

- **2003 - Present**
  Owner - The Schreiber Law Firm, LLC, Marion, Indiana - law firm concentrating in the representation of consumers and businesses in Chapters 7, 11, and 13 proceedings, out of court workouts, business reorganizations, and state and federal court insolvency, liquidation, cases and related business litigation.

- **09/86 - Present**
  Shareholder, Harris &Dial, LLC with offices in North Andover, Massachusetts and Lake Success, New York. The firm concentrates its practices in business and trial matters with departments concentrating in insolvency and bankruptcy law, business reorganization, creditors' rights, collection and commercial law, banking and finance, and related civil litigation in the state and federal courts throughout New England, New York, and the Midwest.

- **04/84 - 09/86**
  Associate, Burns &Levinson, Boston, Massachusetts.

### Contact Information:

**THE SCHREIBER LAW FIRM, LLC**

**Midwest Office**
810 S. Baldwin Avenue
Marion, IN 46953

**Phone:**
765-673-6300
**Fax:**
765-664-5888

**Email:**
jschreiber@schreiblaw.com

**New England Office**
53 Stiles Road, Suite A102
Salem, NH 03079

**Phone:**
603-870-5333

**Email:**
jschreiber@schreiblaw.com

Member of firm's business trial department concentrating in bankruptcy, federal and state court litigation.

- **09/83 - 04/84**
  Associate, Parker, Coulter, Daley &White, Boston, Massachusetts. Member of firm's business trial department.

- **09/82 - 09/83**
  Law Clerk, Hon. Leon J. Marketos (deceased), Chief Judge, United States Bankruptcy Court for the Northern District of New York.

## PROFESSIONAL MEMBERSHIPS

- Indiana Bar Association
- National Association of Consumer Bankruptcy Attorneys
- American Bar Association
- American Bankruptcy Institute
- Massachusetts Bar Association
- Massachusetts Academy of Trial Attorneys
- Commercial Law League of America
- Boston Bar Association (1983 - present, Business Reorganization and Commercial Law Committee)
- National Association of Retail Collection Attorneys

## ADMITTED TO PRACTICE LAW IN THE FOLLOWING JURISDICTIONS

- Indiana
- New York
- Massachusetts
- New Hampshire
- Washington, D.C.
- Federal Courts In These States

## ARTICLES / BOOKS

- "Allowing to Fail: Should the Bankruptcy Laws be Eliminated?" BOSTON BUSINESS JOURNAL 36 (Vol. 17, No. 40 November 14 - 20, 1997).

- "Non-Fraudulent Transfers Under Bankruptcy Act," 14 MASSACHUSETTS LAWYERS WEEKLY 913 (Vol. 14, No. 25 March 10, 1986).

- "Bankruptcy Amendments & Federal Judgeship Act," 13 MASSACHUSETTS LAWYERS WEEKLY 413 (Vol. 14, No. 13 December 17, 1984).

- "Consumer Debtor Alternatives: An Approach to Insolvency Counseling under the Bankruptcy Reform Act," 87 COMMERCIAL LAW JOURNAL 475, 573, 636 (October, November & December 1982), reprinted in 37 PERSONAL FINANCE LAW QUARTERLY 19 et seq. (Winter 1983).

- "Medical Implants and the Law," 1982 MEDICAL TRIAL TECHNIQUE QUARTERLY 445.

- "Dries v. Gregor: A Case Study of Informed Consent

Doctrine in New York," 53 NEW YORK STATE BAR JOURNAL 431 (October 1981).

---

**EDWARD C. DIAL, JR. , ESQ.**
**COUNSEL**
THE SCHREIBER LAW FIRM, LLC
53 Stiles Road, Suite 102A
Salem New Hampshire 03079
Telephone: (603) 870-5333
E-mail: edial@schreiblaw.com

**LEGAL EXPERIENCE**

- **HARRIS & DIAL, P.C.**
  65 Flagship Drive
  North Andover, MA 01845
  Shareholder in firm specializing in bankruptcy law and collections. Responsibilities include litigation in state courts and bankruptcy courts including trials, motion practice and discovery. Areas of practice include bankruptcy law, commercial litigation, foreclosures, collections, secured lending and defending Fair Credit Reporting Act and Fair Debt Collection Practices Act claims.

- **SCHREIBER & ASSOCIATES, P.A.**
  65 Flagship Drive
  North Andover, MA 01845
  Associate in firm specializing in bankruptcy law and collections. Responsibilities included all aspects of litigation in state courts and bankruptcy courts including appeals, trials, motion practice and discovery. Practice areas included bankruptcy law, foreclosures, secured lending and collections.

- **JOSEPH F. McDOWELL, III, P.A.**
  282 North River Road
  Manchester, NH 03104
  Associate in general practice firm specializing in civil litigation. Responsibilities included litigation in state court and bankruptcy court including appeals, trials, motion practice, discovery and settlement negotiations. Practice areas include real estate law, foreclosures, bankruptcy law, secured lending, personal injury and commercial litigation.

- **CULLITY, KELLEY & McDOWELL**
  282 North River Road
  Manchester, NH 03104
  Associate in general practice firm. Areas of practice included products liability, workers compensation, personal injury, real estate and commercial litigation.

- **CONDON & FORSYTH**
  1251 Avenue of the Americas
  New York, New York 10020
  Associate in firm specializing in international aviation law. Areas of practice included aviation law, products liability and employment law in state and federal courts.

**EDUCATION**



- FORDHAM UNIVERSITY SCHOOL OF LAW SCHOOL
  New York, New York
  J.D. awarded May, 1982
- COLUMBIA COLLEGE
  New York, New York
  B.A. awarded May, 1979

## BAR ADMISSIONS

Admitted to practice in state and federal courts in New Hampshire, Massachusetts and New York.

## REPORTED DECISIONS

In re Perry Hollow Management Co., 297 F.3d 34 (1st Cir. 2002); Federal National Mortgage Assoc. v. Town of Fremont, 141 N.H. 156 (1996); Holden Engineering & Surveying, Inc. v. Law Offices of D'Amante, 142 N.H. 213 (1997).

Home | About Our Firm | Firm Culture | Attorney Profiles | Areas of Practice | Bankruptcy Questions | Exemptions | Experts Only | Resource Center | Contact Us | Site Map