WALLACE C. DOOLITTLE (SBN 158116)
BRADLEY D. BAYAN (SBN 218751)
**LAW OFFICES OF WALLACE C. DOOLITTLE**
1260 B Street, Suite 220
Hayward, California 94541

TELEPHONE: (510) 888-0600
FACSIMILE: (510) 888-0606
EMAIL: doolittlew@doolittlelaw.com

Attorneys for Defendants JEFFREY SCHREIBER and SUZANNE E. SCHREIBER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMMONDS & NARITA LLP, a limited liability partnership,<br>Plaintiff,<br><br>v.<br><br>JEFFREY SCHREIBER; SUZANNE E. SCHREIBER; and DOES 1 through 50, inclusive<br><br>Defendants, | Case No. CV 08 2209 SI<br><br>REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE UNDER F.R.C.P. 12(b)(3); OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE (28 U.S.C. §1406 (a)) |

## I. INTRODUCTION

Plaintiff's opposition to this motion to dismiss, or in the alternative, to transfer for improper venue is based on the contention that 28 U.S.C. §1441 governs all questions venue once a case has been removed, or in the alternative, that the Fair Debt Collection Practices Act (FDCPA) is inapplicable to this present lawsuit. Plaintiff's contentions are both unfounded and inapplicable. The FDCPA is clearly applicable to the present circumstances that caused the filing of this lawsuit against the defendants, private individuals who have been sued by debt collector

attorneys to collect on a personal debt. Furthermore, the exclusive venue provisions of the FDCPA confirm that plaintiff filed this lawsuit in the wrong venue and therefore the case must be dismissed or transferred so as to enforce these exclusive venue provisions.

## II. LEGAL ARGUMENT

### A. The Removal Statute, 28 U.S.C. §1441, Does Not Govern Venue Determinations Under The FDCPA's Exclusive Venue Provisions

Plaintiff contention that *Polizzi v. Cowles Magazines*, 345 U.S. 663, holds that by removing a case to federal court a defendant has waived all rights to contest venue, under all circumstances, is incorrect. There are circumstances where a defendant may contest venue of a case that has been removed. The case on point with defendant's position that venue can be disputed is *PT United Can Company v. Crown Cork & Seal* (1998) 183 F.3d 65. *PT United* is a case that was removed from New York State Supreme Court to the United States District Court for the Southern District of New York on the basis of diversity. Once the case had been removed the defendants who caused the case to be removed then filed motions to dismiss due to lack of personal jurisdiction. Their motion was granted.

The holding in *PT United* was that with respect to post-removal venue challenges a party that removes an action from state court to federal court does not, in so doing, waive the defense of improper venue as to the underlying state court action. [*PT United* citing *Moss v. Atlantic Coast Line R.R. Co.* (1946) 157 F.2d 1005.] A defendant is not precluded from having its suit dismissed because its motion to remove is not in any sense a waver of a right. [*PT United* citing *Greenberg v. Giannini* (1944) 140 F.2d 550] Although federal jurisdiction in a removed action is original, not appellate, and should proceed as commenced in federal court, where a state court lacks jurisdiction of the subject matter, the federal district court acquires none on a removal of the case. This is true even where the federal court would have jurisdiction if the suit were brought there. [*PT United* citing *Freeman v. Bee Machine Co.* (1943) 319 U.S. 448]

In this present case the exclusive venue provisions of the FDCPA clearly dictate that filing this lawsuit in any other locations other than the Grant County Indiana or Essex County Massachusetts is improper.

15 U.S.C. §1692i, provides in pertinent part:

(a) Any debt collector who brings any legal action on a debt against any consumer shall
  (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which the real property is located; or
  **(2) in the case of an action not described in paragraph (1) bring such action only in the judicial district or similar legal entity**
    **(A) in which the consumer signed the contract sued upon; or**
    **(B) in which the consumer resides at the commencement of the action.**

15 U.S.C. §1692i(a) specifically limits the venue in which a debt collector can file a lawsuit in efforts to collect on a debt to the judicial district where the contract was signed or the judicial district where the consumer resides at the commencement of an action filed in efforts to collect said debt. [*Dale v. Johnson* 1997 U.S. Dist. LEXIS 20277; *Gurrero v. RJM Acquisitons LLC* (9th Cir. 2007) 499 F.3d 926] Therefore, as explained in the moving papers, this case should have been filed in Grant County Indiana or Essex County Massachusetts.

Because the FDCPA controls the determination of venue in this present case plaintiff's contention that 28 U.S.C. §1441 governs all venue determinations, post-removal, is incorrect. The FDCPA is controlling and therefore the state court where this lawsuit was originally filed never had subject matter jurisdiction by virtue of the fact that this lawsuit was filed by debt collector Glassberg, Pollack & Associates to collect a personal debt against these individual defendants, said defendants being consumers. Following the holding in *PT United* defendants have the right to seek dismissal or transfer of this present lawsuit.

**B. The FDCPA Applies to This Litigation Which Is Based On A Consumer Debt**

Plaintiff's claim that this present lawsuit was not filed to collect a personal debt in accordance with the FDCPA is unfounded. In making this contention Plaintiff misunderstands

the basis of the *Bloom* case cited in the defendants' moving papers. Plaintiff correctly points out in its opposition papers that the basis for which the money at issue in the *Bloom* case was loaned was for the purposes of investing in a software company. As such, the plaintiff in *Bloom*, who was trying to assert that the money that he borrowed was a consumer debt, did not prevail. This present case presents facts that are totally distinguishable from *Bloom.* This present case involves money that the plaintiff claims that the defendants owe as a result of the plaintiff's providing of a defense of a lawsuit involving these individual defendants. This present lawsuit arises out of a contract between plaintiff and defendants for legal services that were to be provided to the defendants personally.

Plaintiff's contention that the scope of the litigation for which the plaintiff had been contracted to provide a defense plays a part in the determination of whether the alleged debt owed is a consumer debt is unfounded. The lawsuit for which the plaintiff was providing a defense has no bearing on this present plaintiff's relationship to these present defendants as a claimed creditor. The money that is at issue in this present lawsuit is money that is alleged to be owed by the defendants, in their individual capacities, to the plaintiff for plaintiff's performance of legal services that defendants contracted with the plaintiff to provide, said money constituting a personal debt. Plaintiff's attempt to tie in the underlying lawsuit for which a defense was provided to this present lawsuit is not accordance with the holding in *Bloom.* The lawsuit involving Michael Siemons for which the plaintiff was retained to provide a defense is one step removed and mutually exclusive from the contract that defendants entered into with this present plaintiff for the purpose of retaining the plaintiff to provide a defense in the Siemons lawsuit. In *Bloom* the borrowed money at issue derived from the same transaction for which the plaintiff was trying to allege was controlled by the FDCPA. This present lawsuit involves a separate event from the underlying lawsuit involving plaintiff Michael Siemons.

The money that is alleged to be owed as a result of the contract that the defendants entered into with this plaintiff constitutes a consumer debt. The alleged debt has been incurred

solely for the personal purpose of providing a defense to these individual defendants, both consumers, under 15 U.S.C. §1692a(5).

### C. Glassberg and Pollack Are Debt Collector Attorneys And Therefore All Provisions of the FDCPA Are Applicable

Plaintiff contends that the prior attorney of record is not a debt collector under the FDCPA. In making this contention plaintiffs do not provide any evidence to substantiate this fact other than to point out that defendants have not provided any admissible evidence to support the fact that Glassberg and Pollack are debt collectors.

Plaintiff's claim that the defendant's offer of proof on this point, being documentation coming directly from the website of Glassberg, Pollack & Associates amounts to inadmissible heresay is nothing more than a futile attempt to conceal the fact that Glassberg, Pollack & Associates are debt collectors. In rebuttal of the plaintiff's claim that the evidence submitted in defendants moving papers amount to inadmissible hearsay, defendants assert that the pages from the website of Glassberg, Pollack & Associates amount to an admission by party opponent under F.R.E 801(d)(2)(D) constituting an exemption to the general rule of hearsay, or in the alternative, the statement constitutes an exception to hearsay under F.R.E. 803(17), due to said statement being a commercial publication.

An admission by a party opponent under F.R.E 801(d)(2)(D) is a statement made by an agent of the party against whom the statement is being offered and concerning a matter within the scope of the agency or employment, made during the existence of the relationship. In this present case the website of Glassberg, Pollack & Associates constitutes a statement (a written assertion) made by Glassberg, Pollack & Associates that they engage primarily in the business of debt collection. Glassberg, Pollack & Associates was clearly acting as an agent for plaintiffs in their capacity as plaintiff's attorney of record. The information contained on the Glassberg, Pollack & Associates website, confirming that Glassberg, Pollack & Associates are "debt

collectors," clearly concerns a matter within the scope of Glassberg, Pollack & Associates' employment, specifically, attorneys engaged in the practice of debt collection for the benefit of the plaintiff. Because the website has been in existence during all times that Glassberg, Pollack & Associates was retained by the plaintiff, the statements contained on the website were, by default, made during the existence of the retention of Glassberg, Pollack & Associates by plaintiff. Accordingly, the statements contained in the Glassberg, Pollack & Associates website confirming that this law firm is in the business of debt collection is clearly an admission by the party-opponent plaintiff in this present action.

Alternatively, as plaintiff's opposition papers point out, the Glassberg, Pollack & Associates website contains an excerpt from Martindale-Hubble describing Glassberg, Pollack & Associates as debt collectors. (Opposition: Page 10 lines 17-18). That being said, the statement also falls under the exception to hearsay F.R.E. 803(17) Market reports, commercial publications. F.R.E. 803(17) states that Market quotations, tabulations, **lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations are an exception to hearsay.** Martindale-Hubble is falls directly within the category of a published compilation generally used and relied upon by the public and by attorneys. As such, the Martindale-Hubble excerpt that is contained on the Glassberg, Pollack & Associates website specifying Glassberg, Pollack & Associates as representing secured and unsecured creditors in a broad range of matters including contested litigation in state and federal court falls squarely within the commercial publication exception to hearsay under F.R.E 803(17)

Plaintiff has provided no evidence to rebut the fact that Glassberg, Pollack & Associates are not debt collectors and instead have attempted to rely on the evidence proviced by defendants as being inadmissible hearsay. Because the evidence provided by the defendants is admissible, the only evidence provided on this issue has been by the defendants and therefore the only conclusion that can be reached by the court is that Glassberg, Pollack & Associates are debt collectors.

**D. The Fact That Plaintiff Has Obtained New Counsel Does Not Cure Venue Defect Under FDCPA**

Plaintiff's claim that the venue provision of the FDCPA is no longer applicable because present attorney of record for the plaintiff is not a "debt collector" under the FDCPA is clearly incorrect. Venue is determined as of the time an action is commenced. [*Tenefrancia v. Robinson Export & Import Corp.* (1990) 921 F.2d 556]

It is of no consequence that Glassberg, Pollack & Associates is no longer attorney of record for plaintiff. The only issue of relevance is that Glassberg, Pollack & Associates was attorney of record at the time that they commenced this action on behalf of the plaintiff. Accordingly, the venue requirements of the FDCPA are applicable no matter who replaced Glassberg, Pollack & Associates after this lawsuit was filed.

**III. <u>CONCLUSION</u>**

Defendants in this present lawsuit are alleged to owe a consumer debt for the legal services that they contracted with the plaintiff to obtain. Glassberg, Pollack & Associates are debt collectors under the FDCPA. Therefore the exclusive venue provisions of the FDCPA are controlling and this present lawsuit must be dismissed or transferred in accordance with the FDCPA.

Dated July 8, 2008

Respectfully Submitted
THE LAW OFFICES OF WALACE C. DOOLITTLE

Bradley D. Bayan, Esq.
Attorney for Defendants Jeffrey Schreiber
and Suzanne E. Schreiber

**PROOF OF SERVICE**

I am employed in Alameda County, California, and am over the age of eighteen years and not a party to the within entitled action. My business address is 1260 B Street, Suite 220, Hayward, California 94541.

July 9, 2008 I served the following in regard to case number CV 08 2209 SI
United States District Court
Northern District of California

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR IMPROPR VENUE UNDER F.R.C.P. 12(b)(3); OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE (28 U.S.C. §1406(a))**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Damien P. Lillis, Esq.
SMITH LILLIS PITHA LLP
400 Montgomery Street, Suite 501
San Francisco, CA 94104

**BY OVERNIGHT DELIVERY**: I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier.

I declare under penalty of perjury under the laws of the State of California that the forgoing is a true and correct statement and that this Proof of Service was executed on July 9, 2008.

By: ______________________
Bradley D. Bayan