IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMMONDS AND NARITA LLP, | No. C 08-2209 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS'** |
| v. | **MOTION TO DISMISS FOR IMPROPER VENUE** |
| JEFFREY SCHREIBER, et al., | |
| Defendants. | |

Defendants have filed a motion to dismiss for improper venue or in the alternative to transfer. The motion is scheduled for hearing on July 25, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, the Court hereby DENIES defendants' motion to dismiss for improper venue.

## BACKGROUND[1]

Plaintiff is a California law firm and limited liability partnership. Defendant Jeffrey Schreiber is a resident of the State of Indiana. Defendant Suzanne E. Schreiber is a resident of the State of Massachusetts. Defendants were served with a civil lawsuit ("underlying lawsuit") in the Superior Court of the State of California, County of Alameda, on or about August 25, 2004, *Robert M. Siemons v. First USA Bank et al.*, Case No. VG04172153. The plaintiff in the underlying lawsuit alleged that the Schriebers and business entities associated with the Schriebers provided credit reports to credit

---

[1] Unless otherwise stated, all of the following factual allegations are taken from defendants' Motion to Dismiss for Improper Venue.

bureaus which falsely stated that the plaintiff owed certain debts. Pl's Request for Judicial Notice, Ex. A (complaint in underlying lawsuit). Defendants owned and operated debt collection agencies and published information regarding debtors and their accounts to consumer reporting agencies. *Id.* Ex. B (Declaration of Jeffrey Schreiber filed in underlying action); Ex. C, (Declaration of Suzanne Schreiber filed in underlying action). Defendants hired Simmonds & Narita on May 1, 2007, to defend them in the underlying lawsuit. Defendant Jeffrey Schreiber executed the Engagement Agreement with plaintiff in Grant County, Indiana. Defendant Suzanne E. Schreiber executed the Engagement Agreement in Andover, Massachusetts. Both defendants mailed the agreement back to plaintiff. Plaintiff allegedly fully prepared the case for trial, conducted depositions, and engaged in extensive law and motion practice.

Plaintiff alleges that defendants failed to pay their legal bills, thus leading to the instant lawsuit. Plaintiff filed this action in the Superior Court of the State of California, County of San Francisco, on March 18, 2008. Plaintiff's complaint alleges two claims, "book account" and "account stated," and seeks $88,552.99 in unpaid legal bills, plus interest, and attorneys' fees and costs. Defendants removed the action to this Court under 29 U.S.C. § 1441(b) on the basis of diversity jurisdiction. Defendants now move to dismiss this action for improper venue.

**DISCUSSION**

Defendants move to dismiss this case for improper venue on the ground that plaintiff's complaint is governed by the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA provides that any legal action taken in effort to collect a debt must be brought in either the state where the defendant resides at the commencement of the action, or the state where the contract sued upon was signed. 15 U.S.C. § 1692i(a)(2) (2008); *see also generally Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996) (FDCPA venue provisions apply to debt collection actions filed in state and federal court). According to defendants, the unpaid legal bills that are the subject of this case are "debts" under the FDCPA, and thus this lawsuit should have been filed either in the State of Indiana or the State of Massachusetts.

Plaintiff asserts that defendants have waived any challenge to venue by removing this case to this Court. Alternatively, plaintiff contends that the FDCPA does not apply in this case because

2

defendants' obligation to pay for legal services is not a "consumer debt" incurred for "personal, household, or family purposes" arising under the FDCPA, but a business-related obligation that is not governed by the FDCPA. *Bloom v. I.C. Systems*, 972 F.2d 1067, 1068 (9th Cir. 1992). Plaintiff also contends that even if the FDCPA applied to defendants' business obligations, the venue provision of the FDCPA does not apply because the law firm that filed this case is not a "debt collector." Because the Court agrees with plaintiff that the FDCPA does not apply to this case, the Court need not reach plaintiff's waiver arguments.

The Congressional purpose of the FDCPA was to promote the informed use of credit among consumers. 15 U.S.C. § 1601(b) (2008). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *Id*. at § 1692a(5). The Ninth Circuit has held that the FDCPA applies only to consumer debts and not business loans. *See Bloom*, 972 F.2d at 1067. The FDCPA characterizes debts in terms of end uses, and thus the Ninth Circuit held that a loan from a friend to use as investment capital is considered a business loan. *Id*. at 1068. When classifying a loan, courts typically "examine the transaction as a whole," paying particular attention to "the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature." *Id.* (citing *Tower v. Moss*, 625 F.2d 1161, 1166 (5th Cir. 1980)).

Here, defendants obtained legal services from plaintiff law firm for the purpose of defending them in the underlying lawsuit. Defendants characterize the debt as "personal" because they hired plaintiff to defend them when they were sued in their individual capacity. However, defendants have not cited any authority holding that the FDCPA applies to a business owner's obligation to pay for professional legal services rendered in defending the business owner in litigation arising from his or her operation of a commercial enterprise.

The Court finds that the alleged debt here is not an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). The Court finds instructive *Dean v. Gillette*, No. 04-2100-JWL, 2005 WL 1631093,

3

at *3 (D. Kan. July 11, 2005). In *Dean*, the defendant lawyers provided legal services to the plaintiff in connection with the plaintiff's business. The defendant lawyers filed a state court action seeking payment of unpaid legal bills, and the plaintiff filed a federal lawsuit alleging a claim under the FDCPA against the defendant lawyers. Like defendants here, the *Dean* plaintiff argued that the debt was incurred for "personal purposes" because the underlying action was filed against the plaintiff personally. The *Dean* court rejected that argument and dismissed the FDCPA claim, holding that "the mere fact that [defendant] sought to recover debt from plaintiff personally has no bearing on the nature of the transaction underlying the debt." *Id*. at *3. Because the "legal services were provided for the purpose of assisting plaintiff with various commercial endeavors," the debt did not arise out of a transaction "primarily for personal, family or household purposes." *Id.*

Here, the court in the underlying action determined there was a triable issue of fact whether Jeffrey and Suzanne Schreiber could be held liable "for the actions they took as agent directors and officer of S&A Marion." Plaintiff's Request for Judicial Notice, Ex. E. Because defendants' alleged debt to plaintiff arose out of legal services provided to defendants for business purposes, the Court finds that the FDCPA and its venue provisions do not apply to the present case. Therefore, the Court DENIES defendants' motion to dismiss for improper venue.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendants' motion to dismiss for improper venue. (Docket No. 7).

**IT IS SO ORDERED.**

Dated: July 22, 2008

SUSAN ILLSTON
United States District Judge

4