WALLACE C. DOOLITTLE (SBN 158116)
BRADLEY D. BAYAN (SBN 218751)
**LAW OFFICES OF WALLACE C. DOOLITTLE**
1260 B Street, Suite 220
Hayward, California  94541

TELEPHONE: (510) 888-0600
FACSIMILE:  (510) 888-0606
EMAIL:         doolittlew@doolittlelaw.com

Attorneys for Defendants JEFFREY SCHREIBER and SUZANNE E. SCHREIBER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIMMONDS & NARITA LLP, a limited liability partnership,<br><br>            Plaintiff,<br><br>v.<br><br>JEFFREY SCHREIBER; SUZANNE E. SCHREIBER; and DOES 1 through 50, inclusive<br><br>            Defendants, | Case No. CV 08 2209 SI<br><br><br>ANSWER TO COMPLAINT FOR MONEY DUE FOR ATTORNEYS' FEES; COUNTER-CLAIM FOR PROFESSIONAL NEGLIGENCE AND BREACH OF FIDUCIARY DUTY |

GENERAL FACTUAL ALLEGATIONS

FIRST CAUSE OF ACTION

(Money Due For Legal Services to all defendants)

Defendants JEFFREY SCHREIBER and SUZANNE E. SCHRIEBER, for their answer allege as follows:

1.     In response to paragraph 1 of plaintiff's complaint, defendants admit that plaintiff SIMMONDS & NARITA LLP was, and now is, a California limited liability partnership, each

1

member of which is an active member of the State Bar of California duly licensed to practice law in the State of California.

2. In response to paragraph 2 of plaintiff's complaint, defendants admit that defendant JEFFREY SCHREIBER is an individual.

3. In response to paragraph 3 of plaintiff's complaint, defendants admit that defendant SUZANNE E. SCHREIBER is an individual.

4. In response to paragraph 4 of plaintiff's complaint, defendants are without sufficient knowledge or information or belief as to the truth of the allegation contained in said paragraph, and on that basis deny each and every allegation contained therein.

5. In response to paragraph 5 of plaintiff's complaint, defendants allege and hereby claim that plaintiff have not performed requisite professional legal services warranting payment to plaintiff of any money and therefore defendants deny being indebted to plaintiff in the amount of $88,552.99 for said professional legal services.

6. In response to paragraph 6 of plaintiff's complaint, defendants admit to signing a written agreement with plaintiff for the performance of legal services, however, defendants contend that the plaintiff has not performed legal services in accordance with the terms of said written agreement and therefore deny that plaintiff has furnished and supplied said legal services in pursuant to said written agreement.

7. In response to paragraph 7 of plaintiff's complaint, defendants admit that no part of the said sum of $88,552.99 has been paid, but deny that there is now due, owing and unpaid, the sum of $88,552.99 plus interest thereon at ten percent (10%) per annum from and after January 11, 2008.

8. In response to paragraph 8 of plaintiff's complaint, defendants admit that prior to the commencement of this action, plaintiff caused to be given to the defendants written notice of the right to arbitration as required under Section 6201 of the Business and Professions Code.

## SECOND CAUSE OF ACTION

(Book Account)

9. In response to paragraph 9 of plaintiff's complaint, defendants incorporate by reference paragraphs 1 through 8 of defendants' answer.

10. In response to paragraph 10 of plaintiff's complaint, defendants deny becoming indebted to plaintiff in the sum of $88,552.99, or any amount, on a book of account for professional services furnished and supplied because plaintiff has not performed requisite legal services warranting the payment by defendants of any amount of money.

11. In response to paragraph 11 of plaintiff's complaint, defendants deny that plaintiff should be awarded reasonable attorneys' fees in the sum of 1,000 dollars, or any other amount pursuant to California Civil Code §1717 because defendant denies being indebted to plaintiff in the sum of $88,259.99

## THIRD CAUSE OF ACTION

(Account Stated)

12. In response to paragraph 12 of plaintiff's complaint, defendants incorporate by reference paragraphs 1 through 8 of defendants' answer.

13. In response to paragraph 13 of plaintiff's complaint, defendants deny becoming indebted to plaintiff in the sum of $88,552.99, or any amount, for an account stated by and between defendants and plaintiff because plaintiff has not performed requisite legal services warranting the payment by defendants of any amount of money.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

14. Plaintiff's complaint, and each and every cause of action thereof, fails to state facts sufficient to constitute a cause of action against defendant JEFFREY SCHREIBER or defendant SUZANNE E. SCHREIBER.

### SECOND AFFIRMATIVE DEFENSE

15. Plaintiff's first cause of action fails to state facts sufficient to constitute a cause of

action in that the complaint is barred by the Statute of Limitations stated in Part 2, Title 2, Chapter 3 of the California Code of Civil Procedure, Section 337 subdivision 1, Statute of Limitations for a Written Contract.

### THIRD AFFIRMATIVE DEFENSE

16. Plaintiff's complaint, and each and every cause of action thereof, is barred by the applicable statute of limitations, including but not limited to, Code of Civil Procedure §335 through §339.4.

### FOURTH AFFIRMATIVE DEFENSE

17. Plaintiff's complaint, and each and every cause of action thereof, is barred by the equitable doctrine of latches and therefore plaintiff is estopped from asserting any claim against the defendants.

### FIFTH AFFIRMATIVE DEFENSE

18. Plaintiff has failed to take proper and reasonable steps to avoid or mitigate damages, if any there were, and to the extent of such failure to mitigate, or avoid damages, any recovery by plaintiff should be reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff's complaint, and each and every cause of action thereof, is barred by the doctrine of unclean hands and therefore plaintiff is estopped from asserting any claim against the defendants.

### SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff is estopped from asserting his claims herein by reason of plaintiff's conduct with respect to matters giving rise to this action.

### EIGHTH AFFIRMATIVE DEFENSE

21. Plaintiff has waived the right to present his claims in the complaint by reason of his conduct with respect to the matters giving rise to this action.

NINTH AFFIRMATIVE DEFENSE

22.     Plaintiff's complaint, and each and every cause of action thereof, is barred by the equitable doctrine of waiver and therefore plaintiff is estopped from asserting any claim against the defendants.

TENTH AFFIRMATIVE DEFENSE

23.     Defendants allege that plaintiff's causes of action and all claims are barred by plaintiff's prior material breach.

ELEVENTH AFFIRMATIVE DEFENSE

24.     Defendants allege that there was no contract between the answering defendants and plaintiff. Defendants affirmatively allege that if the court deems a contract to have existed between the parties then the contract must be rescinded due to failure of adequate performance by plaintiff.

TWELFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's action is precluded by accord and satisfaction, in that these answering defendants have already paid the amounts claimed to be due and now owing.

THIRTEENTH AFFIRMATIVE DEFENSE

26.     Answering defendants allege that they are owed amounts as set-off to any amounts allegedly due plaintiff.

As and for their Counter-claim against SIMMONDS & NARITA LLP, Counter-claimants SUZANNE SCHREIBER and JEFFREY SCHREIBER

FIRST CLAIM FOR RELIEF
(Professional Negligence)

27.     Counter-claimants SUZANNE SCHREIBER and JEFFREY SCHREIBER hereby incorporate by reference their admissions set forth in paragraphs 1-3 above.

28.     At all times material hereto, an attorney-client relationship existed between

Plaintiffs/Counter-defendants and Defendants/Counter-claimants. This relationship included representation in the *Siemons v. Schreiber* matter which was pending in the Superior Court for the County of Alameda. As such, Counter-defendants SIMMONDS & NARITA owed a duty to represent Counter-claimants and to provide services consistent with the standard of care of other attorneys in their community.

29. During 2007, SIMMONDS & NARITA breached that duty by representing SUZANNE and JEFFREY SCHREIBER in a manner that was below the standard of care. This failure included the failure to timely tender claims to relevant insurance carriers, the failure to obtain documents and proof that provided a complete or nearly-complete defense, the failure to name third-party cross-defendants and other breaches, errors and omissions.

30. Said breaches directly and proximately caused damages to Counter-claimants in an amount to be proven at trial. These damages included increased cost of defense to Counter-claimants. The damages are continuing, as the *Siemons v. Schreiber* matter is on appeal.

WHEREFORE, Counter-claimants due for relief as set forth hereinbelow.

<u>SECOND CLAIM FOR RELIEF</u>
(Breach of Fiduciary Duty)

31. Counter-defendants incorporate by reference paragraphs 27-30 above.

32. At all times, as Counter-defendants' attorney, SIMMONDS & NARITA LLP owed Counter-defendants a fiduciary duty.

33. By over-billing and inflating their bills, as well as by engaging in the above-referenced breaches, errors and omissions, SIMMONDS & NARITA LLP breached that fiduciary duty.

34. Said breaches directly and proximately caused damages to Counter-claimants in an amount to be proven at trial. These damages included increased cost of defense to Counter-

claimants. The damages are continuing, as the *Siemons v. Schreiber* matter is on appeal.

WHEREFORE, Counter-claimants due for relief as set forth in the prayer below.

**PRAYER**

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiff as follows:

A. As to SIMMONDS & NARITA's complaint:

1. That Plaintiff SIMMONDS & NARITA LLP take nothing by way of their complaint;

2. That Defendants be awarded the costs of suit as to SIMMOND's & NARITA's complaint;

3. Other such relief as the court deems proper.

B. As to Counter-claimant SUZANNE SCHREIBER's and JEFFREY SCHREIBER's Counter-claim:

1. Actual, incidental, general and compensatory damages, according to proof;

2. That Counter-claimants be awarded their costs of suit as to their Complaint against SIMMONDS & NARITA LLP; and

3. Such other and further relief as the court deems proper.

Dated: July 31, 2008              Respectfully submitted,

                                  THE LAW OFFICES OF WALLACE C. DOOLITTLE

                                  _____/s/_____
                                  _____
                                  Bradley D. Bayan, Esq.
                                  Attorney for Defendants and Counter-Claimants JEFFREY SCHREIBER and SUZANNE SCHREIBER