**SMITH LILLIS PITHA LLP**
DAMIEN P. LILLIS (SBN 191258)
dlillis@slplawfirm.com
400 Montgomery Street, Suite 501
San Francisco, California 94104
Telephone:    (415) 814-0405
Facsimile:    (415) 217-7011

Attorneys for Plaintiff
Simmonds & Narita LLP

**LAW OFFICES OF WALLACE DOOLITTLE**
WALLACE DOOLITTLE (SBN 158116)
1260 B Street, Suite 220
Hayward, California 94541
TELEPHONE: (510) 888-0600
FACSIMILE: (510) 888-0606
EMAIL: doolittlew@doolittlelaw.com

Attorneys for Defendants JEFFREY SCHREIBER
and SUZANNE E. SCHREIBER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIMMONDS & NARITA LLP, a limited liability partnership,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY SCHREIBER; SUZANNE E. SCHREIBER; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 08 2209 SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　　August 15, 2008<br>Time:　　2:00 p.m.<br>Courtroom: 10, 19th Floor<br>Judge:　　Honorable Susan Illston |

Plaintiff Simmonds & Narita LLP ("Plaintiff") and Defendants Jeffrey Schreiber and Suzanne Schreiber ("Defendants") submit the following Joint Case Management Conference Statement.

## I.  JURISDICTION AND SERVICE

On March 13, 2008, Plaintiff Simmonds & Narita LLP, a San Francisco law firm, filed a Complaint for unpaid legal fees against Defendants Jeffrey Schreiber and Suzanne Schreiber in San Francisco Superior Court.

On April 29, 2008, Defendants removed the action to this Court on diversity grounds.

On August 1, 2008, Defendants filed two counterclaims for alleged professional negligence and breach of fiduciary duty. A response to the counterclaims is due by August 21, 2009.

All parties have been served and have appeared in the action.

## II.  STATEMENT OF FACTS

This suit involves Plaintiff's claims that Defendants failed to pay $88,552.99 for legal services rendered.

Defendants Jeffrey and Suzanne Schreiber hired Plaintiff Simmonds & Narita LLP to defend them in litigation filed in Alameda County Superior Court (the "Alameda Litigation"). *See Simmonds & Narita LLP v. Jeffrey Schreiber, et al.*, -- F. Supp. 2d --, 2008 WL 2842938 (July 22, 2008, N.D. Cal.). Plaintiff contends that it performed legal work under a written engagement agreement up to and including appearing for the first day of trial in the Alameda Litigation (which was continued for lack of an available courtroom). Plaintiff issued invoices to Defendants, pursuant to the engagement agreement, totaling $88,552. Defendants did not pay these invoices.

Defendants retained another law firm to represent them through the trial of the Alameda Litigation. Defendants obtained a jury verdict in their favor. An appeal has been filed. Defendants contend that they are not obligated to pay the sums claimed by Plaintiff, and have filed two counterclaims for alleged professional negligence and breach of fiduciary duty.

## III.  LEGAL ISSUES

According to Plaintiff, the core legal issues in this case include whether Defendants are obligated to pay for the legal services rendered and the amount they must pay. Also, Defendants cannot state claims for alleged professional negligence or breach of fiduciary duty because: (1) Plaintiff's work

complied, at all times and in all respects, with the applicable standard of care; and (2) under California law, the defense verdict in favor of Defendants in the Alameda Litigation precludes recovery under a theory of professional negligence or breach of fiduciary duty, as the favorable outcome establishes a lack of proximate causation and a lack of compensable harm.

According to Defendants, the core legal issues in this case include: (1) were the fees charged by plaintiff unreasonable?; (2) did Simmonds & Narita engage in excessive billing practices while representing defendants?; (3) did Plaintiff's representation meet the standard of care of other attorneys' in the community?  (4) did Plaintiff breach its fiduciary duty to Counter-claimants by overcharging, failing to provide adequate legal representation and/or failing to take action to protect its clients?

### IV.    MOTIONS

Plaintiff may file a motion for summary judgment or summary adjudication with respect to Defendants' counter claims.

### V.    AMENDMENT OF PLEADINGS

No amendments are contemplated at this time, but further discovery may reveal reasons for doing so.

### VI.    EVIDENCE PRESERVATION

Plaintiff has preserved documents and evidence, including e-mails, relevant to the issues reasonably evident in the action by suspending the deletion of relevant e-mails and not destroying relevant documents.

Defendants have preserved documents and evidence, including e-mails, relevant to the issues reasonably evident in the action by suspending the deletion of relevant e-mails and not destroying relevant documents.

### VII.    DISCLOSURES

The parties are scheduled to make their Rule 26 Initial Disclosures on August 8, 2008.

### VIII.    DISCOVERY

Counsel for the parties have met and conferred regarding all topics covered by Rule 26(f).  The parties have agreed that no limitations on discovery are required beyond those in the Federal Rules of Civil Procedure.

To date, Plaintiff has served requests for admission and requests for the production of documents on Defendant Suzanne Schreiber.  Plaintiff intends to propound similar requests on Defendant Jeffrey Schreiber, along with interrogatories to each Defendant, in the near future.  Plaintiff intends to conduct depositions and third-party discovery as well.

Defendant has not yet propounded written discovery requests.

## IX.     CLASS ACTIONS

This is not a class action.

## X.     RELATED CASES

There are no related cases.

## XI.     RELIEF

Plaintiff seeks monetary damages in the amount of $88,552.99, plus interest on that amount at 10% per annum since January 11, 2008.

Defendants seek set-off and monetary damages in an amount to be determined.

## XII.     SETTLEMENT AND ADR

The parties have requested the appointment of a Magistrate Judge to conduct a settlement conference.

## XIII.     CONSENT TO MAGISTRATE JUDGE

The parties do not consent to a Magistrate Judge conducting all further proceedings.

## XIV.     OTHER REFERENCES

The parties do not believe that a reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation is warranted.

## XV.     NARROWING OF ISSUES

Plaintiff believes that a motion for summary judgment and/or adjudication may eliminate the counterclaims asserted by Defendants, as the jury verdict in favor of Defendants in the Alameda Litigation renders such counterclaims legally untenable and Plaintiff performed within the standard of care in every respect.

### XVI.   EXPEDITED SCHEDULE

Plaintiff believes this case is suitable for trial in January 2009, as the issues are not complex.

Defendants and Counter-claimants believe the matter should not proceed on an expedited schedule and that trial should be no earlier than August 25, 2009."

### XVII.   SCHEDULING

Plaintiff proposes the following cut-off and expert dates based on a February 23, 2009 trial date:

| Date | Event |
|---|---|
| February 23, 2009 | Trial |
| February 11, 2009 | Pretrial Conference |
| February 6, 2009 | Joint Pretrial Statement |
| January 16, 2009 | Last day for hearing dispositive motions |
| December 1, 2008 | Cut-off of expert discovery |
| November 17, 2008 | Exchange of expert witness information |
| November 3, 2008 | Cut-off for all discovery (other than expert discovery) |

Defendants propose the following cut-off and expert dates based on an August 25, 2009 trial date:

| Date | Event |
|---|---|
| August 25, 2009 | Trial |
| August 11, 2009 | Pretrial Conference |
| August 6, 2009 | Joint Pretrial Statement |
| July 16, 2009 | L/D for hearing dispositive motions |
| June 1, 2009 | Cut-off for expert discovery |
| May 1, 2009 | Exchange of expert witness information |
| May 1, 2009 | Cut-off for all discovery (other than expert discovery) |

### XVIII.   TRIAL

Plaintiff did not demand a jury on its Complaint.

Defendants and Counter-claimants demanded a jury trial when they removed the action on April 29, 2008.

### XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff previously filed a Certificate of Interested Parties.

**XX.   OTHER**

N/A.

Dated:  August 8, 2008              SMITH LILLIS PITHA LLP

                                    By: _____
                                        DAMIEN P. LILLIS
                                        Attorneys for Plaintiff

Dated:  August 8, 2008              LAW OFFICES OF WALLACE DOOLITTLE

                                    By: _____/s_____
                                        WALLACE DOOLITTLE
                                        Attorneys for Defendants